**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

IN RE: BROILER CHICKEN GROWER
ANTITRUST LITIGATION (NO. II)

Case No. 6:20-MD-02977-RJS-CMR

Chief Judge Robert J. Shelby
Magistrate Judge Cecilia M. Romero

**DEFENDANT PERDUE FOODS LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFFS'**
**CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Perdue Foods LLC and/or its predecessors, wholly-owned or controlled subsidiaries, or affiliates ("Perdue") submits its answer and affirmative defenses to the Consolidated Class Action Complaint ("Complaint") filed by Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles B. Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, and Mitchell Mason ("Plaintiffs") on February 19, 2021, as follows:

In response to Plaintiffs' opening, unnumbered Paragraph, Perdue admits that Plaintiffs purport to bring this action under the antitrust laws of the United States and Section 202 of the Packers and Stockyards Act, but denies that Plaintiffs can state a claim under those laws and/or that Plaintiffs are entitled to any of the requested relief. Perdue denies the remaining allegations in this Paragraph.

**NATURE OF THE ACTION[1]**

**Answer to Paragraph 1:**      Perdue denies the conspiracy alleged in the Complaint. Paragraph 1 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to

---

[1] The headings and titles in Plaintiffs' complaint are not factual allegations to which a response is required. To the extent a response is deemed required, Perdue denies any allegations in Plaintiffs' headings and titles.

which no response is required.  To the extent that the allegations in Paragraph 1 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 1 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 2:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 2 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 2 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 2 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 3:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 3 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 3 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 3 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 4:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 4 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 4 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any

characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 4 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 4 purport to relate to Perdue, Perdue denies these allegations.

## PARTIES AND THE BIG FIVE INTEGRATORS

**Answer to Paragraph 5:**    Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on this basis denies these allegations.

**Answer to Paragraph 6:**    Perdue admits that Plaintiff Nancy Butler began providing Broiler Grow-Out Services for Perdue in Kentucky in 1996. Perdue further admits that Ms. Butler borrowed funds to build her Broiler houses. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on this basis denies these allegations.

**Answer to Paragraph 7:**    Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on this basis denies these allegations.

**Answer to Paragraph 8:**    Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on this basis denies these allegations.

**Answer to Paragraph 9:**    Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on this basis denies these allegations.

**Answer to Paragraph 10:**    Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on this basis denies these allegations.

**Answer to Paragraph 11:**    Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on this basis denies these allegations.

**Answer to Paragraph 12:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on this basis denies these allegations.

**Answer to Paragraph 13:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on this basis denies these allegations.

**Answer to Paragraph 14:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on this basis denies these allegations.

**Answer to Paragraph 15:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on this basis denies these allegations.

**Answer to Paragraph 16:**   Paragraph 16 contains Plaintiffs' explanation of a defined term, to which no response is required.

**Answer to Paragraph 17:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on this basis denies these allegations.

**Answer to Paragraph 18:**   Perdue denies the conspiracy alleged in the Complaint. Perdue admits that Perdue Foods, LLC is a Maryland limited liability company headquartered in Salisbury, Maryland.  Perdue further admits that it has 11 Broiler Complexes in the United States and processes approximately 12 million Broilers weekly.  Paragraph 18 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent the allegations in this Paragraph characterize or describe documents or other sources, such

4

sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue denies the remaining allegations in Paragraph 18.

**Answer to Paragraph 19**:   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on this basis denies these allegations.

**Answer to Paragraph 20**:   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on this basis denies these allegations.

**Answer to Paragraph 21**:   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on this basis denies these allegations.

**Answer to Paragraph 22**:   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on this basis denies these allegations.

**Answer to Paragraph 23**:   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on this basis denies these allegations.

**Answer to Paragraph 24**:   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on this basis denies these allegations.

**Answer to Paragraph 25**:   Paragraph 25 contains Plaintiffs' explanation of a defined term, to which no response is required.

**<u>Answer to Paragraph 26</u>:**   Paragraph 26 contains Plaintiffs' explanation of a defined term, to which no response is required.

<b>AGENTS AND CO-CONSPIRATORS</b>

**<u>Answer to Paragraph 25[2]</u>:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on this basis denies these allegations.

**<u>Answer to Paragraph 26</u>:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on this basis denies these allegations.

**<u>Answer to Paragraph 27</u>:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on this basis denies these allegations.

**<u>Answer to Paragraph 28</u>:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on this basis denies these allegations.

**<u>Answer to Paragraph 29</u>:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on this basis denies these allegations.

**<u>Answer to Paragraph 30</u>:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on this basis denies these allegations.

---

[2]  Plaintiffs have labeled multiple paragraphs in their Consolidated Class Action Complaint with the same paragraph number (e.g., there two paragraphs labeled "25"). Perdue responds herein to the paragraph numbers as written in Plaintiffs' complaint.

**Answer to Paragraph 31:**    Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on this basis denies these allegations.

**Answer to Paragraph 32:**    Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on this basis denies these allegations.

**Answer to Paragraph 33:**    Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on this basis denies these allegations.

**Answer to Paragraph 34:**    Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on this basis denies these allegations.

**Answer to Paragraph 35:**    Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on this basis denies these allegations.

**Answer to Paragraph 36:**    Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on this basis denies these allegations.

**Answer to Paragraph 37:**    Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on this basis denies these allegations.

**Answer to Paragraph 38:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on this basis denies these allegations.

**Answer to Paragraph 39:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on this basis denies these allegations.

**Answer to Paragraph 40:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on this basis denies these allegations.

**Answer to Paragraph 41:**   Perdue denies the conspiracy alleged in the Complaint. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on this basis denies these allegations.

## JURISDICTION AND VENUE

**Answer to Paragraph 40:**   Perdue admits that Plaintiffs purport to bring this case under Section 1 of the Sherman Act, 15 U.S.C. § 1, Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, and the Packers and Stockyards Act, 7 U.S.C. § 192, but denies that Plaintiffs are entitled to any relief.  Perdue admits that the Court has subject matter jurisdiction over this matter only. Perdue denies the remaining allegations of Paragraph 40.

**Answer to Paragraph 41:**   Paragraph 41 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 41 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 41 purport

8

to relate to Perdue, Perdue admits that it is subject to the personal jurisdiction of this Court for purposes of this matter only.  Perdue denies any remaining allegations in Paragraph 41.

**Answer to Paragraph 42:**    Perdue admits that it transacts business in the forum state, including the domestic sale of Broilers.  To the extent that the allegations in Paragraph 42 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 42.

**Answer to Paragraph 43:**    Perdue admits that it produces, processes and distributes Broilers for sale in interstate commerce in the United States.  To the extent that the allegations in Paragraph 43 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 43.

**Answer to Paragraph 44:**    Paragraph 44 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 44 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 44 purport to relate to Perdue, Perdue admits that venue is proper in this District for purposes of this matter only.

## FACTUAL BACKGROUND
### The Broiler Grow-Out Services Industry

**Answer to Paragraph 45:**    Perdue admits that it is vertically integrated in Broiler production, but denies Plaintiffs' characterization of that model.  Perdue admits that Broilers are chickens bred for meat.  Perdue admits that it enters into contract farming arrangements with

Growers to care for its Broilers until the birds reach slaughtering age. Perdue further admits that Broiler production is localized. Paragraph 45 contains Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions. To the extent the allegations in Paragraph 45 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 45 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. Perdue lacks knowledge or information sufficient to form a belief as to the precise figure set forth in the second to last sentence of Paragraph 45 and on this basis denies those allegations. Perdue denies the remaining allegations in Paragraph 45.

**Answer to Paragraph 46:**   Perdue lacks knowledge or information sufficient to form a belief as to the precise figure set forth in Paragraph 46 and on this basis denies those allegations. To the extent that the allegations in Paragraph 46 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 46 purport to relate to Perdue, Perdue denies these allegations, except Perdue admits that it contracts for Broiler Grow-Out Services. Perdue denies any remaining allegations in Paragraph 46.

**Answer to Paragraph 47:**   Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on this basis denies these allegations.

**Answer to Paragraph 48:**   Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on this basis denies these allegations.

**Answer to Paragraph 49:**   Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on this basis denies these allegations.

**Answer to Paragraph 50:**   Paragraph 50 contains Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions except that Perdue admits that it is vertically integrated in Broiler production, but denies Plaintiffs' characterization of that model.  Perdue admits that it enters into contract farming arrangements with Growers to care for its Broilers.  Perdue further admits that it owns Complexes that can consist of one or more hatcheries and a processing plant.  Perdue lacks knowledge or information sufficient to form a belief as to the precise figure set forth in the third sentence of Paragraph 50 and on this basis denies those allegations.  To the extent that the allegations in Paragraph 50 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.

**Answer to Paragraph 51:**   Perdue denies the conspiracy alleged in the Complaint.  To the extent that the allegations in Paragraph 51 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 51 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 52:**   To the extent the allegations in Paragraph 52 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.

To the extent that the allegations in Paragraph 52 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 52 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 53:**    To the extent the allegations in Paragraph 53 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent Paragraph 53 contains any characterization or description of provisions of federal statutes or regulations, the provisions referenced in footnote 3 of Paragraph 53 speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 53 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 53 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 54:**    To the extent the allegations in Paragraph 54 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 54 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 54 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 55:**    To the extent the allegations in Paragraph 55 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for

themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 55 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 55 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 56**:   To the extent the allegations in Paragraph 56 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 56 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 56 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 57**:   Paragraph 57 contains Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on this basis denies these allegations.

**Answer to Paragraph 58**:   Perdue denies the conspiracy alleged in the Complaint.  To the extent the allegations in Paragraph 58 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 58 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies

these allegations.  To the extent that the remaining allegations in Paragraph 58 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 59:**    Paragraph 59 contains Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  To the extent the allegations in Paragraph 59 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on this basis denies those allegations.

**Answer to Paragraph 60:**    Paragraph 60 contains Plaintiffs' characterizations of their claims, allegations subject to proof by expert testimony, and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.   To the extent the allegations in Paragraph 60 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 60 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 61:**    Paragraph 61 contains Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.

**Answer to Paragraph 62:**    To the extent the allegations in Paragraph 62 relate to Perdue, Perdue denies these allegations.  To the extent the allegations in Paragraph 62 purport to

be statements made by an unidentified commentator, Perdue denies the veracity of such commentary.

**Answer to Paragraph 63:**   To the extent the allegations in Paragraph 63 relate to Perdue, Perdue denies the allegations.  To the extent the allegations in Paragraph 63 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

**Answer to Paragraph 64:**   Perdue denies the conspiracy alleged in the Complaint.  To the extent the allegations in Paragraph 64 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 64 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent that the remaining allegations in Paragraph 64 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 65:**   Perdue lacks knowledge or information sufficient to form a belief as to the precise figures set forth in the first sentence of Paragraph 65 and on this basis denies those allegations.  To the extent the allegations in Paragraph 65 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.

### Defendants' Anticompetitive Scheme:

### (1) Unlawful Information Exchange Cartel

**Answer to Paragraph 66:**   Perdue denies the conspiracy alleged in the Complaint.  To the extent that the allegations in Paragraph 66 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these

allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 66 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 67:**    Perdue denies the conspiracy alleged in the Complaint.  To the extent the allegations in Paragraph 67 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue admits that Agri Stats collects certain information from Perdue and one or more other Integrators, and Agri Stats reports anonymized information to Perdue for procompetitive benchmarking purposes.  Perdue denies any remaining allegations in Paragraph 67.

**Answer to Paragraph 68:**    Perdue denies the conspiracy alleged in the Complaint.  Paragraph 68 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 68.

**Answer to Paragraph 69:**    Perdue denies the conspiracy alleged in the Complaint.  To the extent that the allegations in Paragraph 69 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 69 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue admits only that Agri Stats collects certain information from Perdue and one or more other Integrators, and Agri Stats reports anonymized information to Perdue for procompetitive benchmarking purposes. Perdue denies any remaining allegations in Paragraph 69.

**Answer to Paragraph 70:**   Perdue denies the conspiracy alleged in the Complaint.  To the extent the allegations in Paragraph 70 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue admits only that Agri Stats collects certain information from Perdue and one or more other Integrators, and Agri Stats reports anonymized information to Perdue for procompetitive benchmarking purposes.  Perdue denies any remaining allegations in Paragraph 70.  To the extent that the allegations in Paragraph 70 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.

**Answer to Paragraph 71:**   To the extent the allegations in Paragraph 71 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.   Perdue denies any remaining allegations in Paragraph 71.   To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.

**Answer to Paragraph 72:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 72 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent the allegations in Paragraph 72 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue admits only that Agri Stats collects certain information from Perdue and one or more other Integrators, and Agri Stats reports anonymized information to Perdue for procompetitive benchmarking purposes.  To the extent that the allegations in Paragraph 72 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and

on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 72 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 73**:    Perdue denies the allegations in Paragraph 73.

**Answer to Paragraph 74**:    Perdue denies the conspiracy alleged in the Complaint. Paragraph 74 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 74 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 74 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 75**:    Perdue denies the conspiracy alleged in the Complaint.  To the extent the allegations in Paragraph 75 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 75 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 75 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 76**:    Perdue denies the conspiracy alleged in the Complaint. Paragraph 76 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 76 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the

18

extent that the remaining allegations in Paragraph 76 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 77:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 77 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 77 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 77 purport to relate to Perdue, Perdue denies these allegations, except Perdue admits that Jim Perdue attended Chicken Media Summits in April 2013 and 2015.  Perdue further admits that the 2015 Chicken Media Summit, organized by the National Chicken Council, afforded the media an opportunity to tour Perdue Farms' operations.

**Answer to Paragraph 78:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 78 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 78 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 78 purport to relate to Perdue, Perdue admits that Clint Rivers served as Vice President of Operations and Supply Chain Management from 2009 to 2012.

## (2) Defendants' "No Poach" Agreement

**Answer to Paragraph 79:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 79 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 79 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to

form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 79 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 80:**   Perdue denies the conspiracy alleged in the Complaint.  To the extent that the allegations in Paragraph 80 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 80 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and on this basis denies these allegations.

**Answer to Paragraph 81:**   Perdue denies the conspiracy alleged in the Complaint.  To the extent that the allegations in Paragraph 81 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 81 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and on this basis denies these allegations.

**Answer to Paragraph 82:**   Perdue denies the conspiracy alleged in the Complaint. To the extent that the allegations in Paragraph 82 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 82 relate to other Defendants

20

and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and on this basis denies these allegations.

**Answer to Paragraph 83:**    Perdue denies the conspiracy alleged in the Complaint. To the extent that the allegations in Paragraph 83 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 83 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and on this basis denies these allegations.

**Answer to Paragraph 84:**    Perdue denies the conspiracy alleged in the Complaint. To the extent that the allegations in Paragraph 84 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 84 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and on this basis denies these allegations.

**Answer to Paragraph 85:**    Perdue denies the conspiracy alleged in the Complaint. To the extent that the allegations in Paragraph 85 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is

inconsistent therewith.  Perdue lacks knowledge or information sufficient to form a belief as to the precise figures set forth in the second sentence of Paragraph 85 and on this basis denies those allegations.  To the extent that the allegations in Paragraph 85 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and on this basis denies these allegations.

**Answer to Paragraph 86:**    Perdue lacks knowledge or information sufficient to form a belief as to the precise figures set forth in the Paragraph 86 and on this basis denies those allegations.  To the extent that the allegations in Paragraph 86 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and on this basis denies these allegations.

**Answer to Paragraph 87:**    To the extent that the allegations in Paragraph 87 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and on this basis denies these allegations.

**Answer to Paragraph 88:**    Perdue denies the conspiracy alleged in the Complaint.  To the extent that the allegations in Paragraph 88 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and on this basis denies these allegations.

**Answer to Paragraph 89:**   To the extent that the allegations in Paragraph 89 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and on this basis denies these allegations.

### Factors Rendering the Broiler Industry Conducive to Effective Collusion

**Answer to Paragraph 90:**   Paragraph 90 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 90 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 90 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 91:**   Paragraph 91 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 91 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 91 purport to relate to Perdue, Perdue admits that it is vertically integrated in Broiler production but denies Plaintiffs' characterization of that model.

**Answer to Paragraph 92:**   Paragraph 92 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 92 relate to other Defendants and/or third parties to this action, Perdue lacks

knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 92 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 93:**    Perdue denies the conspiracy alleged in the Complaint. Paragraph 93 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 93 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 93 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 94:**    Perdue lacks knowledge or information sufficient to form a belief as to the precise figures set forth in Paragraph 94 and on this basis denies those allegations. To the extent that the allegations in Paragraph 94 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 94 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 94 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 95:**    Paragraph 95 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  Perdue lacks knowledge or information sufficient to form a belief as to the precise figures set forth in the second sentence in Paragraph 95 and on this basis denies those allegations.  To the extent that the allegations in

Paragraph 95 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 95 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 96:**    Paragraph 96 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  Perdue lacks knowledge or information sufficient to form a belief as to the precise figures set forth in Paragraph 96 and on this basis denies those allegations.  To the extent that the allegations in Paragraph 96 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 96 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 97:**    Paragraph 97 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 97 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 97 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 98:**    Paragraph 98 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that a response is required, Perdue denies the allegations in Paragraph 98.

**Answer to Paragraph 99:**    Paragraph 99 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that a response is

required, Perdue lacks knowledge or information sufficient to form a belief as to the precise figures set forth in Paragraph 99 and on this basis denies those allegations.  Perdue denies the remaining allegations in Paragraph 99.

**Answer to Paragraph 100:**   Paragraph 100 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that a response is required, Perdue denies the allegations in Paragraph 100.

**Answer to Paragraph 101:**   Paragraph 101 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent the allegations in Paragraph 101 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue denies the remaining allegations in Paragraph 101.

**Answer to Paragraph 102:**   Paragraph 102 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies the allegation in Paragraph 102.

**Answer to Paragraph 103:**   Perdue denies the conspiracy alleged in the Complaint. Paragraph 103 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 103 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 103 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 104:**   Perdue lacks knowledge or information sufficient to form a belief as to the precise figure set forth in the first sentence of Paragraph 104 and on this basis

26

denies those allegations.  To the extent that the allegations in Paragraph 104 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue only admits that at times its executives and employees have been members of certain legitimate trade associations, including the National Chicken Council.  Perdue denies the remaining allegations in Paragraph 104.

**Answer to Paragraph 105:**  Paragraph 105 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 105 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 105 purport to relate to Perdue, Perdue denies these allegations, except Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, and at times attended events sponsored by legitimate trade associations, such as the National Chicken Council.

**Answer to Paragraph 106:** To the extent that the allegations in Paragraph 106 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 106 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 106 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 107:** To the extent that the allegations in Paragraph 107 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue admits that

at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council.  Perdue further admits that Jim Perdue was elected in October 2010 to the NCC's Board of Directors for a three-year term.  To the extent that the allegations in Paragraph 107 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 107 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 108**:  To the extent that the allegations in Paragraph 108 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council.  Perdue further admits that Jim Perdue was elected in October 2011 to the NCC's Executive Committee for a one-year term.  To the extent that the allegations in Paragraph 108 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 108 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 109**:  To the extent that the allegations in Paragraph 109 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council.  Perdue further admits that Mike Roberts was elected in October 2011 to the NCC's Board of Directors for a three-year term.  To the extent that the

allegations in Paragraph 109 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 109 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 110:**  To the extent that the allegations in Paragraph 110 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 110 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 110 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 111:**  To the extent that the allegations in Paragraph 111 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 111 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 111 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 112:**  To the extent that the allegations in Paragraph 112 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 112 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations

and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 112 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 113:**  To the extent that the allegations in Paragraph 113 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 113 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 113 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 114:**  To the extent that the allegations in Paragraph 114 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 114 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 114 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 115:**  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council, and that such associations hold meetings from time to time.  To the extent that the allegations in Paragraph 115 purport to relate to Perdue, because Perdue does not maintain a centralized list of Perdue employees who attend legitimate industry events such as NCC conferences and meetings, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the allegations in Paragraph 115 relate

to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 115.

**Answer to Paragraph 116:**  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council, and that such associations hold meetings from time to time.  To the extent that the allegations in Paragraph 116 purport to relate to Perdue, because Perdue does not maintain a centralized list of Perdue employees who attend legitimate industry events such as NCC conferences and meetings, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the allegations in Paragraph 116 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 116.

**Answer to Paragraph 117:**  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council, and that such associations hold meetings from time to time.  To the extent that the allegations in Paragraph 117 purport to relate to Perdue, because Perdue does not maintain a centralized list of Perdue employees who attend legitimate industry events such as NCC conferences and meetings, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the allegations in Paragraph 117 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 117.

**Answer to Paragraph 118:**  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council, and that such associations hold meetings from time to time.  To the extent that the allegations in Paragraph 118 purport to relate to Perdue, because Perdue does not maintain a centralized list of Perdue employees who attend legitimate industry events such as NCC conferences and meetings, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the allegations in Paragraph 118 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 118.

**Answer to Paragraph 119:**  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council, and that such associations hold meetings from time to time.  To the extent that the allegations in Paragraph 119 purport to relate to Perdue, because Perdue does not maintain a centralized list of Perdue employees who attend legitimate industry events such as NCC conferences and meetings, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the allegations in Paragraph 119 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 119.

**Answer to Paragraph 120:**  Perdue admits that at times its executives and employees have been members of certain legitimate trade associations, such as the National Chicken Council, and that such associations hold meetings from time to time.  To the extent that the allegations in

Paragraph 120 purport to relate to Perdue, because Perdue does not maintain a centralized list of Perdue employees who attend legitimate industry events such as NCC conferences and meetings, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the allegations in Paragraph 120 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies any remaining allegations in Paragraph 120.

**Answer to Paragraph 121:**  To the extent that the allegations in Paragraph 121 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 121 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 121 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 122:**  Perdue denies the conspiracy alleged in the Complaint. Perdue admits that at times its executives and employees have been members of certain legitimate trade associations and at times attended events sponsored by legitimate trade associations, including the U.S. Poultry & Egg Export Council, and such associations have meetings from time to time.  To the extent that the allegations in Paragraph 122 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 122 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 123:** Perdue denies the conspiracy alleged in the Complaint. Paragraph 123 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations in Paragraph 123 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 123 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 124:** Paragraph 124 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations in Paragraph 124 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the remaining allegations in Paragraph 124 purport to relate to Perdue, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.

**Answer to Paragraph 125:** Perdue denies the conspiracy alleged in the Complaint. Paragraph 125 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations in Paragraph 125 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the remaining allegations in Paragraph 125 purport to relate to Perdue, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.

**Answer to Paragraph 126:**  Paragraph 126 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue admits only that the USDA held a Poultry Workshop in Normal, Alabama on May 21, 2010, but Perdue denies Plaintiffs' characterization of that workshop.  Perdue denies any remaining allegations in Paragraph 126.

**Answer to Paragraph 127:**  Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and on this basis denies these allegations.

**Answer to Paragraph 128:**  To the extent that the allegations in Paragraph 128 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue denies any remaining allegations in Paragraph 128.

**Relevant Market and Monopsony Power**

**Answer to Paragraph 129:**  Paragraph 129 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 129.

**Answer to Paragraph 130:**  Perdue denies the conspiracy alleged in the Complaint. Paragraph 130 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 130.

**Answer to Paragraph 131:**  Paragraph 131 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is

required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 131.

**Answer to Paragraph 132**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 132 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 132 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 132 purport to relate to Perdue, Perdue denies these characterizations, allegations, and/or conclusions.

**Answer to Paragraph 133**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 133 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 133.

**Answer to Paragraph 134**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 134 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 134 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 134 purport to relate to Perdue, Perdue denies these characterizations, allegations, and/or conclusions.

**Answer to Paragraph 135**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 135 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to

36

which no response is required.  To the extent that the allegations in Paragraph 135 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 135 purport to relate to Perdue, Perdue denies these characterizations, allegations, and/or conclusions.

**Answer to Paragraph 136**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 136 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 136.

### Anticompetitive Effects and Injury Suffered by Class Members

**Answer to Paragraph 137**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 137 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 137.

**Answer to Paragraph 138**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 138 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 138.

**Answer to Paragraph 139**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 139 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies such

characterizations, allegations, and/or conclusions.  Perdue denies any remaining allegations in Paragraph 139.

**Answer to Paragraph 140:**  To the extent that the allegations in Paragraph 140 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue denies any remaining allegations in Paragraph 140.

**Answer to Paragraph 141:**  Perdue denies the conspiracy alleged in the Complaint. Paragraph 141 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 141 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 141 purport to relate to Perdue, Perdue denies such characterizations, allegations, and/or conclusions.

**Answer to Paragraph 142:**  Perdue denies the conspiracy alleged in the Complaint.  To the extent that the allegations in Paragraph 142 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 142 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 142 purport to relate to Perdue, Perdue denies such characterizations, allegations, and/or conclusions.

**Answer to Paragraph 143:**  Perdue denies the conspiracy alleged in the Complaint. Paragraph 143 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to

which no response is required.  To the extent that the allegations in Paragraph 143 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 143 purport to relate to Perdue, Perdue denies such characterizations, allegations, and/or conclusions.

**Answer to Paragraph 144:**  Perdue denies the conspiracy alleged in the Complaint. Paragraph 144 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies the allegations in Paragraph 144.

**Answer to Paragraph 145:**  Perdue denies the conspiracy alleged in the Complaint. Paragraph 145 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent a response is required, Perdue denies the allegations in Paragraph 145.

**Answer to Paragraph 146:**  Perdue denies the conspiracy alleged in the Complaint. Paragraph 146 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 146 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent the allegations in Paragraph 146 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.  Perdue denies the remaining allegations in Paragraph 146, including that Perdue pays all Growers using the "Tournament System."

**Answer to Paragraph 147**:   Perdue admits that Plaintiffs purport to describe the so-called Tournament System, but denies Plaintiffs' characterization of that system.   To the extent the allegations in Paragraph 147 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.   To the extent that the allegations in Paragraph 147 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.   Perdue denies the remaining allegations in Paragraph 147, including that all of its complexes use the so-called Tournament System.

**Answer to Paragraph 148**:   Perdue denies the conspiracy alleged in the Complaint. Perdue admits that Plaintiffs purport to describe the so-called Tournament System, but denies Plaintiffs' characterization of that system.   To the extent the allegations in Paragraph 148 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith.   To the extent that the allegations in Paragraph 148 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.   Perdue denies the remaining allegations in Paragraph 148, including that all of its complexes use the so-called Tournament System.

**Answer to Paragraph 149**:   Perdue admits that Plaintiffs purport to describe the so-called Tournament System, but denies Plaintiffs' characterization of that system.   To the extent the allegations in Paragraph 149 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or

description that is inconsistent therewith.  To the extent that the allegations in Paragraph 149 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  Perdue denies the remaining allegations in Paragraph 149, including that all of its complexes use the so-called Tournament System.

**Answer to Paragraph 150**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 150 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent the allegations in Paragraph 150 characterize or describe Perdue's contract farming arrangements with Growers, those contracts speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 150 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 150 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 151**:  Paragraph 151 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations in Paragraph 151 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 151 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations.  To the extent that the remaining allegations in Paragraph 151 purport to relate to Perdue, Perdue denies these allegations.

**Answer to Paragraph 152:** To the extent that the allegations in Paragraph 152 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. Perdue denies the remaining allegations in this Paragraph 152.

**Answer to Paragraph 153:** Paragraph 153 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations in Paragraph 153 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. Perdue denies the remaining allegations in this Paragraph 153.

**Answer to Paragraph 154:** To the extent that the allegations in Paragraph 154 characterize or describe documents or other sources, such sources speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 154 relate to other Defendants and/or third parties to this action, Perdue lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies these allegations. To the extent that the remaining allegations in Paragraph 154 purport to relate to Perdue, Perdue denies these allegations.

## CLASS ACTION ALLEGATIONS

**Answer to Paragraph 155:** Paragraph 155 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions. To the extent Paragraph 155 contains any characterization or description of provisions of the Federal Rules of Civil Procedure, the provisions referenced in or underlying this Paragraph speak for themselves, and Perdue denies any characterization or description that is inconsistent therewith. Perdue denies

42

that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise. Perdue denies any remaining allegations in Paragraph 155.

**Answer to Paragraph 156:** Paragraph 156 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions. Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise. Perdue denies any remaining allegations in Paragraph 156.

**Answer to Paragraph 157:** Paragraph 157 does not contain any factual allegations to which a response is required. To the extent Paragraph 157 contains factual allegations, Perdue denies those allegations.

**Answer to Paragraph 158:** Paragraph 158 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions. Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise. Perdue denies any remaining allegations in Paragraph 158.

**Answer to Paragraph 159:** Paragraph 159 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions. Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise. Perdue denies any remaining allegations in Paragraph 159.

**Answer to Paragraph 160:** Perdue denies the conspiracy alleged in the Complaint. Paragraph 160 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such

characterizations, allegations, and/or conclusions.  Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise.  Perdue denies any remaining allegations in Paragraph 160.

**Answer to Paragraph 161**:  Paragraph 161 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise.  Perdue denies any remaining allegations in Paragraph 161.

**Answer to Paragraph 162**:  Paragraph 162 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise.  Perdue denies any remaining allegations in Paragraph 162.

**Answer to Paragraph 163**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 163 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions.  Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise.  Perdue denies any remaining allegations in Paragraph 163.

**Answer to Paragraph 164**:  Perdue lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and on this basis denies these allegations.

**Answer to Paragraph 165**:  Perdue denies the conspiracy alleged in the Complaint. Paragraph 165 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to

which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions. Perdue denies that this action can be properly maintained as a class action, whether on behalf of the purported class or otherwise. Perdue denies any remaining allegations in Paragraph 165.

## COUNT ONE
### Agreement in Restraint of Trade in Violation of Section 1 of the Sherman Antitrust Act

**Answer to Paragraph 166:**  Paragraph 166 does not contain any factual allegations to which a response is required. To the extent Paragraph 166 contains factual allegations, Perdue denies those allegations. Perdue incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to Paragraph 166.

**Answer to Paragraph 167:**  Perdue denies the allegations in Paragraph 167.

**Answer to Paragraph 168:**  Perdue denies the allegations in Paragraph 168.

**Answer to Paragraph 169:**  Perdue denies the allegations in Paragraph 169.

**Answer to Paragraph 170:**  Perdue denies the allegations in Paragraph 170.

## COUNT TWO
### Unfair Practices in Violation of Section 202 of the Packers and Stockyards Act

**Answer to Paragraph 171:**  Paragraph 171 does not contain any factual allegations to which a response is required. To the extent Paragraph 171 contains factual allegations, Perdue denies those allegations. Perdue incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to Paragraph 171.

**Answer to Paragraph 172:**  Paragraph 172 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent a response is required, Perdue denies such characterizations, allegations, and/or conclusions. Perdue denies any remaining allegations in Paragraph 172.

**Answer to Paragraph 173**:  Perdue denies that Plaintiffs are entitled to any of the relief requested in Paragraph 173.  Perdue denies any remaining allegations in Paragraph 173.

**Answer to Paragraph 174**:  Perdue denies that Plaintiffs are entitled to any of the relief requested in Paragraph 174.  Perdue denies any remaining allegations in Paragraph 174.

**Answer to Paragraph 175**:  Perdue denies that Plaintiffs are entitled to any of the relief requested in Paragraph 175.  Perdue denies any remaining allegations in Paragraph 175.

**Answer to Paragraph 176**:  Perdue denies the allegations in Paragraph 176.

**Answer to Paragraph 177**:  Perdue denies the allegations in Paragraph 177.

**Answer to Paragraph 178**:  Perdue denies the allegations in Paragraph 178.

**Answer to Paragraph 179**:  Perdue denies the allegations in Paragraph 179.

## PETITION FOR RELIEF

**Answer to Plaintiffs' Petition for Relief**: Plaintiffs' Petition for Relief contains no factual assertions to which a response is required.  Plaintiffs' Petition for Relief further states legal conclusions and Plaintiffs' characterizations of this action, with which Perdue disagrees and to which no response is required.  To the extent that Plaintiffs' Petition for Relief is deemed to require a response, Perdue denies the remaining allegations in the Petition for Relief.

## REQUEST FOR TRIAL BY JURY

**Answer to Plaintiffs' Jury Demand**: Plaintiffs' Jury Demand contains no factual assertions to which a response is required. To the extent that Plaintiffs' Jury Demand is deemed to require a response, Perdue admits that Plaintiffs purport to demand a jury trial, but denies that Plaintiffs have stated claims that are triable. Perdue denies the remaining allegations in Plaintiffs' Jury Demand.

## ADDITIONAL ALLEGATIONS AND GENERAL DENIAL

Perdue denies all allegations in the Complaint unless Perdue has expressly admitted those allegations herein. Where an allegation in the Complaint is directed at another Defendant or a party that is not affiliated with Perdue, then except as otherwise expressly stated, Perdue denies the allegations set forth in the Complaint on the basis that it lacks the knowledge or information sufficient to form a belief concerning the truth of such allegations. Further, unless otherwise expressly admitted, Perdue denies any allegations in the headings, footnotes or in other places in the Complaint, to the extent that any such allegations require a response. Any headings, subheadings or similar text that Perdue has included in this Answer are for the convenience of the Court and the parties, and are not intended to be nor shall they be construed as an admission of any fact by Perdue.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it otherwise would not bear, and reserving the right to assert additional defenses as those defenses become known during discovery, Perdue asserts the following separate and additional defenses. Perdue also reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses at law or equity that may exist now or in the future.

## FIRST DEFENSE

1.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.      The statute of limitations for Plaintiffs' claims is four years. 15 U.S.C. §15(b); *Jackson v. Swift Eckrich, Inc.*, 53 F.3d 1452, 1460 (8th Cir. 1995) (applying the Sherman Act's four-year statute of limitations to claims under the Packers and Stockyards Act).  Plaintiffs initially

filed the following complaints, which have since been consolidated into the above-captioned action, as follows:  on January 27, 2017 in the action captioned *Haff Poultry Inc. v. Tyson Foods, Inc.* (E.D. Okla. Case No. 6:17-CV-00033); on February 21, 2018 in the action captioned *Haff Poultry, Inc. v. Koch Foods, Inc.* (E.D.N.C. Case No. 7:18-cv-00031); on September 11, 2020 in the action captioned *McEntire v. Tyson Foods, Inc.* (D. Colo. Case No. 1:20-cv-02764); on September 18, 2020 in the action captioned *Colvin v. Tyson Foods, Inc.* (D. Kan. Case No. 2:20-cv-02464); and on October 8, 2020 in the matter captioned *Mason v. Tyson Foods, Inc.* (N.D. Cal. Case No. 5:20-cd-07049) (collectively, the "Underlying Complaints").  The information Plaintiffs allege in support of their claims had been public for more than four years before each of these complaints was filed.

3.      To support their argument about the alleged existence of a no-poach agreement, Plaintiffs allege facts that have been public since at least 2010, if not earlier. Plaintiffs purport to quote testimony from a 2010 Department of Justice workshop titled "Exploring Competition in Agriculture," at which several Growers purportedly alleged the existence of a no-poach agreement among Integrators.  (Compl. ¶ 82-84.)  Based on Plaintiffs' allegations, these comments were public for approximately seven years before Plaintiffs filed any of their Underlying Complaints.

4.      Information pled by Plaintiffs regarding the Broiler industry as alleged dates from more than four years before the Underlying Complaints were filed.  (*See, e.g.*, Compl. ¶¶ 49 ("By the 1960s, some ninety percent of Broilers came from vertically integrated operations . . . ."), 91 (describing vertical integration), 92 (describing entry barriers for Integrators), 93 (describing exit barriers for Growers, including debt and mandated facility and equipment investments), 94 (in 1999, before the alleged conduct at issue, "the average Grower surveyed had been in the Broiler business for 16 years, one-third still had more than $200,000 in total farm debt."), 95 ("[I]n 2004,

48

49% of Growers were mandated to make improvements costing an average of $49,037."), and 152 ("An Oklahoma State University budget for Growers published in 2006 shows a loss of $4,260 annually on a $255,000 investment, while the Alabama Farm Business Analysis Association showed negative annual returns in 10 of the 15 years between 1999 and 2009, with average aggregate losses over that time period of $182,000.").)

5.     Perdue's participation in trade associations and meetings was public more than four years before the Underlying Complaints were filed.  (*See, e.g.*, Compl. ¶¶ 107-109 (identifying Perdue's involvement in the NCC during the 2010-11 and 2011-12 cycles).)

6.     Plaintiffs allege that, since 2008, they have been subject to a "no poach" agreement that prevents Growers from switching between Co-Defendants.  (*See, e.g.*, Compl. ¶¶ 3, 79-89, 141-42).  In light of that allegation, it is clear that Plaintiffs knew or should have known that they were subject to an alleged "no poach" agreement for approximately nine years before Plaintiffs filed the Underlying Complaints.

7.     Plaintiffs do not allege fraudulent concealment, nor could any fraudulent concealment be alleged.

8.     Plaintiffs' Complaint is time-barred.

## SECOND DEFENSE

9.     Plaintiffs' claims are barred by the equitable doctrine of laches.

10.     The doctrine of laches "bars a party's dilatory claim," and stems from "the principle that equity aids the vigilant and not those who slumber on their rights." *Biodiversity Conservation Alliance v. Jiron*, 762 F.3d 1036, 1090-91 (10th Cir. 2014) (internal quotation marks omitted). Specifically, "[l]aches bars a claim when there is: (1) lack of diligence by the party against whom

the defense is asserted, and (2) prejudice to the party asserting the defense." *Id.* at 1091 (*quoting*

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121-22 (2002)).

11.     Perdue hereby incorporates Paragraphs 2-8, *supra*, in support of this defense.

Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.  Additionally,

Plaintiffs' unreasonable delay in bringing their claims has resulted in economic prejudice to

Perdue.  Perdue continued to invest in its relationships with Growers while Plaintiffs delayed their

claims alleging misconduct in Perdue's Grower-related activities.  Perdue also continued to pay to

participate in Agri Stats.

12.     Accordingly, the equitable principles embodied by the doctrine of laches bars

Plaintiffs from seeking relief at this delayed juncture.

### THIRD DEFENSE

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise

reasonable care to mitigate, prevent or avoid any alleged damages.

14.     According to facts alleged in Plaintiffs' Complaint, allegations of the existence of

a no-poach agreement have been public since at least 2010, and in some cases even earlier.  For

example, Plaintiffs allege Growers asserted the existence of a no-poach agreement among

Integrators in a 2010 Department of Justice Workshop.  (Compl. ¶ 82-84.)

15.     If Plaintiffs believed that Defendants were unfairly and anticompetitively

suppressing Grower compensation through the use of Agri Stats and by entering into no-poach

agreements for seven years or more before filing their Underlying Complaints, Plaintiffs had an

obligation to switch to: (i) integrators that are not part of the alleged conspiracy, including but not

limited to integrators that process specialty chicken such as organic, free range, kosher, pasture-

raised and/or halal chickens, (ii) raising different poultry, such as turkey, (*see, e.g.*, Compl. ¶ 9

("The poultry houses on [Plaintiff Weavers'] farm were originally built to raise turkeys. They raised turkeys on this farm for Pilgrims [sic] for the first three years.")), and/or (iii) different agricultural products that can be grown in Broiler grow-out houses.

16.     Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs are alleged to have suffered.

### FOURTH DEFENSE

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver as a result of Plaintiffs' own acts and omissions.

18.     According to facts alleged in Plaintiffs' Complaint, allegations of the existence of a no-poach agreement have been public since at least 2010, and in some cases even earlier.  For example, the Plaintiffs allege Growers asserted the existence of a no-poach agreement among Integrators in a 2010 Department of Justice Workshop.

19.     Plaintiffs' conduct in continuing to provide Broiler Grow-Out Services under a system of allegedly artificially suppressed compensation, despite the allegations in the Underlying Complaints, is evidence of Plaintiffs' waiver of any right to bring this suit.  Plaintiffs' conduct was, and continues to be, inconsistent with any intention other than to waive their right to bring suit.

20.     Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Perdue and relinquished their right to bring suit.

### FIFTH DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

22.     According to facts alleged in Plaintiffs' Complaint, allegations of the existence of a no-poach agreement have been public since at least 2010, and in some cases even earlier.  For

51

example, the Plaintiffs allege Growers asserted the existence of a no-poach agreement among Integrators in a 2010 Department of Justice Workshop.

23.     Perdue relied in good faith, and to its detriment, on Plaintiffs' actions in continuing to provide Broiler Grow-Out Services without complaining about the alleged existence of a no-poach agreement.

24.     Perdue had no knowledge of Plaintiffs' alleged complaints or means to discover these complaints.

25.     Plaintiffs' claims are therefore estopped.

## SIXTH DEFENSE

26.     Plaintiffs' claims are barred, in whole or in part, due to the ratification of, and consent to, the alleged conduct of Perdue.

27.     Perdue hereby incorporates the above Paragraphs 2-7 in support of this defense.

28.     According to facts alleged in Plaintiffs' Complaint, allegations of the existence of a no-poach agreement have been public since at least 2010, and in some cases even earlier.  For example, the Plaintiffs allege Growers asserted the existence of a no-poach agreement among Integrators in a 2010 Department of Justice Workshop.

29.     Perdue's participation in various trade association meetings and industry events was public for years before Plaintiffs' Underlying Complaints were filed.  *See supra* Paragraph 5. Additionally, Plaintiffs benefit from Perdue's participation in these trade association meetings and other industry events, in part because Perdue helps organize meetings and sessions for Growers focused on Grower-specific issues.  These meetings and events promote, among other things, lobbying efforts, regulations, industry safety, animal health, training and education.

30.     Accordingly, because Plaintiffs have been aware for years of the same conduct they now challenge—much of which has provided Plaintiffs direct benefits—Plaintiffs' claims are barred by the doctrine of ratification.

## SEVENTH DEFENSE

31.     Plaintiffs' claims include allegations that one or more Defendants exercised "extreme political pressure" to "water[] down" "new rules aimed at encouraging competition in the meat industry[.]" (Compl. ¶ 126.)

32.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Perdue based on the exercise of any person or entity's right to petition federal, state and local legislative bodies, including through public statements, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

## EIGHTH DEFENSE

33.     Plaintiffs' claims are barred, in whole or in part, by Perdue's right to set off any amount paid to Plaintiffs by damages attributable to Plaintiffs' conduct, including to the extent Plaintiffs unlawfully coordinated with other Broiler Growers regarding the provision of and compensation for Broiler Grow-Out Services.

## NINTH DEFENSE

34.     Without admitting any violation of the Sherman Act or the Packers & Stockyards Act, Plaintiffs' claims and/or entitlement to damages for their claims are barred, in whole or in part, by non-settling Defendants' right to offset any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims in this action.

## TENTH DEFENSE

35.     Plaintiffs' claims are barred in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

## ELEVENTH DEFENSE

36.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact and/or any injury cognizable under the antitrust laws.

37.     Plaintiffs cannot establish actual injury.  Moreover, standing to recover damages under Section 4 of the Clayton Act requires "antitrust injury," which requires that a plaintiff prove, "that it suffered an injury (1) that is 'of the type the antitrust laws were intended to prevent' and (2) 'flows from that which makes defendants' acts unlawful.'"  *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 349 (1990) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)); *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1124 (10th Cir. 2005) (same).  The harm alleged lies in Plaintiffs' speculation that twenty companies conspired for more than a decade to suppress the compensation paid to Growers in various localities across the United States.  But any alleged decreases in Grower pay are a result of a general decline in Grower compensation. (*See* Compl. ¶ 151.) There was no conspiracy, and Plaintiffs do not and cannot disassociate declines based on market trends from declines based on the alleged anticompetitive conduct.

38.     To the extent that Plaintiffs maintain they were injured by low Grower compensation, such an injury is not cognizable under the antitrust laws.

## TWELFTH DEFENSE

39.     Plaintiffs' claims are barred, in whole or in part, because the alleged damages are speculative and too difficult to ascertain.

40.     Claims for damages under Clayton Act § 4 must fail when the alleged damages are unduly speculative or difficult to ascertain.  *See, e.g.*, *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 545 (1983) (concluding that the "tenuous and speculative character of the relationship between the alleged antitrust violation" and the alleged injury, along with other factors "weigh heavily against judicial enforcement" of the antitrust claim); *Home Placement Serv., Inc. v. Providence Journal Co.*, 819 F.2d 1199, 1205 (1st Cir. 1987) ("If the plaintiff's proffered evidence permits no more than 'pure speculation and guesswork,' then the damage evidence is insufficient as a matter of law." (citations omitted)); *Sharp v. United Airlines, Inc.*, 967 F.2d 404, 409 (10th Cir. 1992) (rejecting antitrust standing on the basis of speculative damages).

41.     Plaintiffs allege that "as a result of the illegal information exchange, as bolstered by the 'no poach' agreement, the Tournament System ensures that the anticompetitive effects caused by Defendants translate into reduced compensation for all Class members, including: (a) Growers receiving base pay times a bonus factor, (b) Growers receiving base pay, and (c) Growers receiving base pay times a diminution factor."  (Compl. ¶ 150.)

42.     Grower compensation varies considerably based on (i) the Integrator with which they contract, as compensation varies across Integrators, (ii) the specific Integrator complex to which they provide Broiler Grow-Out Services, as compensation varies by complex (e.g., due to target bird size, density, flocks per year, incentive payments, subsidies for utility costs, payment for out time, among other elements), (iii) the quality and specifications of housing and equipment

used on the Grower's farm, (iv) their relative performance in the so-called "tournament system" or alternative payment systems (which is affected by, among other things, bird mortality, feed conversion efficiency, quality of care provided, and the specifications and quality of housing and equipment used), and (v) unpredictable and uncontrollable events such a diseases (e.g., avian flu, orthoreovirus).

43. The large number of factors that affect Grower compensation means it is not possible to establish a hypothetical counterfactual regarding the Plaintiffs' compensation absent the conduct alleged in the Complaint upon which to base damages. *See Sharp*, 967 F.2d at 409 (damages too speculative because of individualized factors).

44. Plaintiffs' claims of damages are therefore too speculative or difficult to ascertain.

## THIRTEENTH DEFENSE

45. Plaintiffs' claims are barred, in whole or in part, by the doctrine of issue preclusion.

46. "According to the doctrine of issue preclusion, when an issue of ultimate fact has been once determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1093 (10th Cir. 2003) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002)).

## FOURTEENTH DEFENSE

47. Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Defendants and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs themselves or third parties including, without limitations, the prior, intervening or superseding conduct of such Plaintiffs or third parties.

## FIFTEENTH DEFENSE

48.     Plaintiff Nancy Butler's claims and the claims of many other members of the putative class are barred, in whole or in part, because Plaintiff Nancy Butler and those putative class members entered into valid and enforceable agreements with Perdue to arbitrate the claims they now seeks to pursue via class action litigation.

## SIXTEENTH DEFENSE

49.     Plaintiffs' claims against Perdue are barred, in whole or in part, because Plaintiff Nancy Butler and many other members of the putative class entered into valid and enforceable agreements with Purdue pursuant to which they agreed not to "lead join or serve as a member of a class or group of persons" bringing a claim or cause of action against Perdue, including the antitrust conspiracy and Packers and Stockyard Act claims in this action.

50.     Without a named Perdue grower who may act as a class representative, claims by other Plaintiffs against Perdue are barred, in whole or in part, based on what is at best a tenuous connection between Perdue and the other named Plaintiffs.

## SEVENTEENTH DEFENSE

51.     Plaintiff Nancy Butler's claims as well as the claims of many other members of the putative class against Perdue are barred, in whole or in part, because Plaintiff Nancy Butler and those putative class members entered into valid and enforceable agreements with Purdue pursuant to which they waive their right to a trial by jury on any claims against Perdue, including the antitrust conspiracy and Packers and Stockyard Act claims in this action.

## EIGHTEENTH DEFENSE

52.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which Plaintiffs provided broiler grow-out services contain valid and enforceable clauses waiving claims against Perdue under any previous contract farming arrangement.

## NINETEENTH DEFENSE

53.     Plaintiffs' claims under PSA § 192 are precluded because Plaintiffs have not alleged and cannot show that Perdue's conduct injures or interferes with competition. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272 (6th Cir. 2010), *cert. denied*, 131 S.Ct. 1044 (2011); *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355 (5th Cir. 2009) (en banc); *Been v. O.K. Indus., Inc.*, 495 F.3d 1217 (10th Cir. 2007); *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272 (11th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006); *London v. Fieldale Farms Corp.*, 410 F.3d 1295 (11th Cir.), *cert. denied*, 546 U.S. 1034 (2005); *IBP, Inc. v.* Glickman, 187 F.3d 974 (8th Cir. 1999); *Jackson v. Swift Eckrich, Inc.*, 53 F.3d 1452 (8th Cir. 1995); *DeJong Packing Co. v. U.S. Dep't of Agric.*, 618 F.2d 1329 (9th Cir. 1980); *Philson v. Goldsboro Milling Co.*, Nos. 96-254, 96-2631, 1998 U.S. App. LEXIS 24630 (4th Cir. Oct. 5, 1998); *Griffin v. Smithfield Foods, Inc.*, 183 F. Supp. 2d 824 (E.D. Va. 2002).

## TWENTIETH DEFENSE

54.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing under the Sherman Act and Packers and Stockyards Act.

## TWENTY-FIRST DEFENSE

55.     Perdue adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Perdue.

**TWENTY-SECOND DEFENSE**

56.     Perdue reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Perdue respectfully requests that judgment be entered in favor of Perdue and the other Defendants and against Plaintiffs, dismissing the Complaint in its entirety with prejudice. Perdue further requests that this Court (i) award Perdue its costs and disbursements, and (ii) award such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to the Federal Rules of Civil Procedure 38, Perdue demands a trial by jury on all claims and defenses upon which it is entitled to a jury.

Dated: March 31, 2021                               Respectfully submitted,

/s/ Mark K. Stonecipher
Mark K. Stonecipher, OBA No. 10483
FELLERS, SNIDER, BLANKENSHIP,
BAILEY & TIPPENS, P.C.
100 North Broadway Avenue, Suite
1700 Oklahoma City, OK 73102-8820
(405) 232-0621
(405) 232-9659
mstonecipher@fellerssnider.com

J. Douglas Baldridge (admitted pro hac vice)
Lisa Jose Fales (admitted pro hac vice)
Kristin M. Koger (admitted pro hac vice)
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20004
(202) 344-4000
jdbaldridge@venable.com

ljfales@venable.com
kmkoger@venable.com

Leonard L. Gordon (admitted pro hac vice)
VENABLE LLP
1270 Avenue of the America
Twenty-Fourth Floor
New York, NY 10020
(212) 370-6252
llgordon@venable.com

***Attorneys for Defendant Perdue Foods, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Mark K. Stonecipher
Mark K. Stonecipher