UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO. II)<br><br>This Document Relates To: *All actions* | Case No. 6:20-MD-02977-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Cecilia M. Romero |

**JOINT SUBMISSION CONCERNING REMOTE DEPOSITION PROTOCOL**

Plaintiffs[1] and Non-Settling Defendants[2] have met and conferred and submit this joint submission on the proposed remote deposition protocol (the "Protocol") following discussions held at the Status Conference on August 13, 2021 (Dkt. No. 128). Plaintiffs and Non-Settling Defendants have reached agreement on all but one provision to the Remote Deposition Protocol, Section 3(h). Attached as Exhibit A are the agreed upon provisions to the Remote Deposition Protocol. Attached as Exhibit B are the parties' competing proposals on Section 3(h). Below are the parties' supplemental statements on the dispute over Section 3(h), filed pursuant to the Court's comments at the August 13, 2021 Status Conference (Dkt. No. 136 at p.17 (transcript forthcoming)). Plaintiffs and Non-Settling Defendants do not believe a separate hearing on this dispute is necessary, but will be prepared to address any questions from Judge Romero at the August 23, 2021 hearing.

**PLAINTIFFS' STATEMENT**

At its core, the dispute is about fairness. Non-Settling Defendants ask that the Protocol allow defending counsel to attend depositions in person, lodge objections in person, and confer

---

[1] Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, Mitchell Mason, and Anna Mason.

[2] Pilgrim's Pride Corporation; Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division); and Koch Foods, Inc. and Koch Meat Co., Inc. (doing business as Koch Poultry Co.).

with the witness in person, while excluding deposing counsel from being physically present. Plaintiffs agree that if a witness has concerns about the Covid-19 pandemic, then they have the *absolute right* to demand a remote deposition, but believe that such choice means that *no* counsel or other party representatives *may be physically present with the witness* during the remote deposition, including during breaks. If the witness insists on their counsel being present, then one lawyer for each side may (but need not) attend in person as well, leveling the playing field, and capping the number of physical attendees at no more than three individuals (in the event of a party deposition) or four individuals (in the event of a non-party deposition). *See* Ex. B.

Non-Settling Defendants' claim that there is no prejudice as the "proposal applies equally whether the witness is one of the plaintiffs, . . . a defendant, or a third party," ECF No. 113 at 26, ignores that *Plaintiffs* bear the burden of proof, and will be the disadvantaged deposing party in the overwhelming majority of depositions in this action—depositions that will span twenty-one distinct co-conspirators, their executives and employees, and dozens of third parties. Judge Nielsen, Jr.'s recent decision from the District of Utah is precisely on point:

> **Here it appears Defendants want to have their cake and eat it too.** Defendants want their own counsel present for any deposition, but they do not want opposing counsel present, citing to health concerns. According to Plaintiff, Defendants refused the offer of either doing the depositions entirely remotely-with everyone appearing remotely-or allowing an individual Defendant to appear in-person with both their own counsel and opposing counsel present and socially distanced. As noted by Defendants, courts have been creative during the current health crisis and have permitted remote depositions. **Such creativity, however, has not included creating advantages for one party over another in holding remote depositions.** And, the court is not willing to indulge in creating such a situation here. If Defendants are concerned about their health risks due to the COVID-19 pandemic, then they may certainly choose to do a remote deposition. But, that choice includes everyone using remote technology. **If Defendants desire their counsel to be present and in-person for the deposition, then the court finds it is appropriate to have opposing counsel present too**, with everyone exercising proper social distancing and any other needed precautions.

*Sunstate Equip. Co., LLC v. EquipmentShare*, No. 2:19-cv-784, 2020 WL 7401630, at *1 (D. Utah Dec. 17, 2020) (collecting cases) (emphases added).

*In re Broiler Chicken Antitrust Litigation*—a procedurally inapposite decision ruling *against* the Non-Settling Defendants (*see* ECF No. 133 at 20-21), but on which Non-Settling Defendants rely upon heavily—undercuts their position here. No. 16-cv-8637, 2020 WL 3469166 (N.D. Ill. June 25, 2020). In that decision, from the pandemic's nascent stages, Judge Gilbert not

2

once, but *twice* recognized the protocol excluding deposing counsel from physical attendance was necessary only "until there is a cure or a vaccine for COVID-19." *Id.* at *4, *5.[3] Today, three highly effective inoculations for Covid-19 are widely available and the Country is opening back up, even if to a potentially "new normal."

And though Non-Settling Defendants suggestion that a witness may be uncomfortable without knowing Plaintiffs' counsel's "vaccination status," ECF No. 113 at 25, Plaintiffs have built into their proposal that any Plaintiffs' attorney who attends a deposition will be vaccinated against Covid-19 and provide proof of vaccination upon request.[4] *See* Ex. B.

For the foregoing reasons and those raised in the Joint Status Report, ECF No. 113 at 17-22, Plaintiffs respectfully request this Court enter Plaintiffs' proposed Section 3.h. to the Protocol and ensure a level playing field during deposition practice in this important case. *Sunstate Equip.*, 2020 WL 7401630, at *1.

### DEFENDANTS' STATEMENT

After multiple discussions, Plaintiffs and Non-Settling Defendants have narrowed their disputes on the proposed Remote Deposition Protocol to one provision – Section 3(h) regarding physical attendance. In the Joint Status Report (Dkt. No. 113), Non-Settling Defendants explained why their position – that the witness should not be forced to choose either to forego having his counsel physically present in the room or to defy common sense (and CDC guidance) in the midst of a pandemic and sit mask-less in a deposition room for over seven hours with a number of other people – is rooted in both the witness' right to counsel and practical considerations given the ongoing pandemic. *See* Dkt. No. 113 at 22-23.[5]

---

[3] *See also, e.g.*, *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020) ("The Court's holding in this case is not tantamount to a finding that concerns raised regarding COVID-19 will *always* suffice to support the entry of an order requiring a remote videoconference deposition.") (emphasis in original); *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 212 (D. Nev. 2020) (ordering remote depositions because the court was "unable to predict the creation and distribution of an effective vaccine").

[4] Plaintiffs appreciate that not all witnesses, or all counsel for the Non-Settling Defendants or third parties will be able to, or want to, provide proof of vaccination, and Plaintiffs do not seek such relief as a prerequisite to physical attendance at a deposition. Plaintiffs' counsel make this commitment on their own behalf to assuage any concerns about their vaccination status.

[5] As explained, Non-Settling Defendants' proposal enjoys support from several other cases, including more than 100 successful depositions in the *In re Broiler Chicken* litigation. *See id.* at

Plaintiffs' revised version of Section 3(h) implicitly acknowledges the risks of physically gathering numerous people in a room. Indeed, less than a month ago, Plaintiffs' included a certification to the court that traveling to meet and confer in person during an "ongoing pandemic" was "infeasible and unsafe." Dkt. No. 97 at 1 n.3. Yet, now Plaintiffs argue that gatherings of 3-4 people in a room for seven hours or more is perfectly safe. At Plaintiffs' request, Defendants agreed that witnesses would not wear masks while testifying. *See* Exhibit A, Section 4(e). If three other people will be in the same room, the "no mask" requirement cannot be reconciled with clear CDC guidance applicable to most of the country, including in the locations where the first three depositions will occur. Under this guidance, even fully vaccinated individuals are advised "to wear a mask in public indoor settings" in areas of "substantial or high transmission."[6] Moreover, public health rules regarding mask wearing and social distancing vary across many jurisdictions and even different office buildings where depositions will occur. What is certain, however, is that accommodating even three people in an enclosed conference room requires social distancing and, in many cases, even more than six feet apart.[7] Depositions that have occurred in other cases under similar protocols have required conference rooms of significant size to allow even the witness' counsel to sit far enough away. Adding more people to the room not only demands increasingly larger rooms, but also increases the risk for everyone, most of all the un-masked witness.

In light of their acknowledgment of the risks of physical gatherings, Plaintiffs attempt to thread the needle to garner a perceived advantage to Defending Counsel for themselves, but not for counsel of all parties. Specifically, if a Defendant witness elects to have his Defending Counsel

---

23, 25. Further, Plaintiffs misconstrue the *In re Broiler Chicken* order to suggest that the court adopted defendants' proposal because plaintiffs in that matter moved to compel depositions over defendants' objection. Yet, the procedural posture of that case has no impact on the court's reasoning that attendance by defending counsel "doesn't mean that that automatically gives plaintiffs' counsel the right to be there as well." Dkt. No. 113 at 24.

[6] CDC, *Interim Public Health Recommendations for Fully Vaccinated People*, Aug. 19, 2021, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html; *see also* CDC, *COVID Data Tracker, Integrated County View*, https://covid.cdc.gov/covid-data-tracker/#county-view (last visited Aug. 20, 2021) (reporting that 87.36% of counties are in high transmission and 7.55% of counties are in substantial transmission – including the entire southeastern United States where most witnesses in this case are located).

[7] CDC, *How to Protect Yourself and Others*, Aug. 13, 2021, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (advising to "stay at least 6 feet" apart and "avoid indoor spaces").

in the room, only counsel for the Plaintiffs also may be present and counsel for all other Defendants are excluded. For non-party witnesses, Plaintiffs propose that only one Defendant can have its counsel present, and counsel for all other Defendants are excluded. Thus, Plaintiffs' concede that physical attendance must be limited – but draw the line to include only themselves while excluding counsel for all other parties.

Plaintiffs assert that Defending counsel will obtain some advantage by being physically present – that somehow physical presence "enhances defending counsel's ability to identify and interpose appropriate objections" (Dkt. No. 113 at 18). If that is the case, then their proposal that at least two Non-Settling Defendants be excluded from the room is inequitable.[8] Plaintiffs further contend that there is an advantage to them being physically present in the deposition room as it would enable them to better develop rapport and observe the witness. *See id.* at 17-18. Yet, they explicitly seek to reserve that "advantage" for themselves, and exclude counsel for other parties. Indeed, for non-party witnesses, Plaintiffs implicitly acknowledge the inequity of excluding counsel for all Non-Settling Defendants, but their purported solution of allowing only one of three Non-Settling Defendant to be present (and delegating to Non-Settling Defendants the debate about which wins this lottery) is untenable.

Plaintiffs' proposal creates for other parties the very disadvantages to which they point in demanding to be physically present if the witness wants to have his own counsel in the room. It further suggests that all Non-Settling Defendants are the same and can effectively share a counsel. To Plaintiffs, the presence of counsel for one Defendant is sufficient to protect the interests of them all. This is inappropriate, particularly given that this is a conspiracy case. Plaintiffs will seek to use testimony from current and former employees of Settling Defendants, Non-Settling Defendants, and non-party witnesses against each Defendant. To suggest that the interests of Non-Settling Defendants are so aligned that only one should get the perceived advantages that Plaintiffs themselves assert is simply not fair.

---

[8] Plaintiffs' prior submission insisted that they did not question the integrity of Non-Settling Defendants' counsel who may attend in person. Dkt. No. 113 at 22. Yet, Plaintiffs' new proposal now purports to prohibit counsel from meeting with the witness in person during a break. *See* Plaintiffs' Proposal Section 3(h)(i). The only basis for such a provision is unfounded speculation that Non-Settling Defendants will ignore ethical obligations during breaks if allowed to meet in person with a witness.

Non-Settling Defendants acknowledge that Remote Depositions are not ideal. They are not perfect. And they are not how any counsel wants to proceed. But we all face circumstances beyond our control and have worked within our "new normal" for over 18 months already. If Plaintiffs' proposal is accepted, witnesses (a number of whom are older, retired employees) will be faced with a stark choice: (1) be forced to sit mask-less in an enclosed room for more than seven hours with up to four other attorneys who have recently traveled, or (2) give up the right to have his attorney present with him during deposition.

Non-Settling Defendants respectfully request that the Court adopt their proposed Section 3(h), which respects the right of an individual witness to be accompanied by his attorney without heightening the risks in an already stressful situation by crowding in counsel for some – but not all – parties. Conversely, if the Court finds that the physical presence of Plaintiffs' counsel is required for a defendant witness to have his Defending Counsel physically present, then the Non-Settling Defendants respectfully request that the presence of counsel for all parties be allowed.

Dated: August 20, 2021

*s/ Gary I. Smith, Jr.*
Gary I. Smith, Jr.*
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270
Facsimile: (215) 985-3271
Email: gsmith@hausfeld.com

Michael D. Hausfeld*
James J. Pizzirusso*
Melinda R. Coolidge*
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: mhausfeld@hausfeld.com
Email: jpizzirusso@hausfeld.com
Email: mcoolidge@hausfeld.com

Kimberly A. Fetsick*
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100
Facsimile: (212) 202-4322
Email: kfetsick@hausfeld.com

Samantha S. Derksen*
**HAUSFELD & CO. LLP**
12 Gough Square
London, EC4A 3DW
Telephone: +44 (0)20 7665-5000
Email: sderksen@hausfeld.com

Eric L. Cramer*
Patrick F. Madden*
David Langer*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

Respectfully submitted,

*/s/ Carrie C. Mahan*
Carrie C. Mahan*, DC Bar #459802
Christopher J. Abbott*, DC Bar #1014487
Robert A. Dahnke*, DC Bar #230583
**WEIL GOTSHAL & MANGES, LLP (DC)**
2001 M Street, NW, Ste 600
Washington, DC 20036
Tel: 202-682-7000
Fax: 202-857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com
robert.dahnke@weil.com

Larry D. Ottaway, OK Bar #6816
Amy Sherry Fischer, OK Bar #16651
**FOLIART HUFF OTTAWAY & BOTTOM**
201 Robert S. Kerr. Ave., 12th Floor
Oklahoma City, OK 73102
Tel: 405-232-4633
Fax: 405-232-3462
larryottaway@oklahomacounsel.com
amyfischer@oklahomacounsel.com

***Counsel for Pilgrim's Pride Corporation***

*/s/ Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
Illinois Bar No. 6257119
Christa C. Cottrell, P.C.
Illinois Bar No. 6284749
Kate Guilfoyle
Illinois Bar No. 6309150
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
Fax: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
kate.guilfoyle@kirkland.com

Email: ecramer@bm.net
Email: pmadden@bm.net
Email: dlanger@bm.net

Daniel J. Walker*
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
Email: dwalker@bm.net

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

M. David Riggs
Donald M. Bingham
Kristopher Koepsel
**RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS**
502 West Sixth Street
Tulsa, OK 74119
Telephone: (918) 699-8914
Facsimile: (918) 587-9708
Email: driggs@riggsabney.com
Email: don_bingham@riggsabney.com
Email: Email: kkoepsel@riggsabney.com

William A. Edmondson (OBA No. 2628)
**RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS**
528 N.W. 12th Street
Oklahoma City, OK 73103
Telephone: (405) 843-9909
Facsimile: (405) 842-2913
Email: dedmondson@riggsabney.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

Larry D. Lahman (OBA No. 5166)
Roger L. Ediger (OBA 19449)
**MITCHELL DECLERK, PLLC**
202 West Broadway Avenue
Enid, OK 73701
Telephone: (580) 234-5144
Facsimile: (580) 234-8890

 /s/ *James Wesley S. Pebsworth*
James Wesley S. Pebsworth, OBA No. 30900
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street, Suite 1100
Tulsa, OK 74103-4217
(918) 595-4800
(918) 595-4990 (fax)
wpebsworth@gablelaw.com

***Counsel for Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division)***

 /s/ *Scott W. Pedigo*
Scott W. Pedigo* (Admitted in Colorado) (MS Bar No. 10735)
Amy L. Champagne* (MS Bar No. 102447)
Samuel D. Gregory* (MS Bar No. 104563)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
100 Vision Drive, Suite 400
Jackson, MS 39211
T: (601) 351-2400
F: (601) 351-2424
spedigo@bakerdonelson.com
achampagne@bakerdonelson.com
sdgregory@bakerdonelson.com

John G. Calender** (DC Bar No. 939124)
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
901 K Street NW, Ste 900
Washington, DC 20001
T: (202) 508-3474
F: (202) 220-2274
jcalender@bakerdonelson.com

Russell W. Gray* (TN Bar No. 16120)
Clinton P. Sanko* (TN Bar No.023354)
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
633 Chestnut Street, Suite 1900

Email: ldl@mdpllc.com
Email: rle@mdpllc.com

Vincent J. Esades*
**HEINS MILLS & OLSON, PLC**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: vesades@heinsmills.com

Warren T. Burns*
**BURNS CHAREST, LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
Email: wburns@burnscharest.com

Gregory L. Davis*
**DAVIS & TALIAFERRO, LLC**
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: (334) 832-9080
Facsimile: (334) 409-7001
Email: gldavis@knology.net

Charles D. Gabriel*
**CHALMERS & ADAMS LLC**
North Fulton Satellite Office
5755 North Point Parkway, Suite 251
Alpharetta, GA 30022
Telephone: (678) 735-5903
Facsimile: (678) 735-5905
Email: cdgabriel@cpblawgroup.com

Larry S. McDevitt*
David M. Wilkerson*
**VAN WINKLE LAW FIRM**
11 North Market Street Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 257-2767
Email: lmcdevitt@vwlawfirm.com
Email: dwilkerson@vwlawfirm.com

Harlan Hentges (OBA No. 17911)

Chattanooga, TN 37450
T: (423)756-2010
F: (423)756-3447
rgray@bakerdonelson.com
csanko@bakerdonelson.com

JOHN R. WOODARD, III, OBA # 9853
**COFFEY, SENGER & MCDANIEL PLLC**
4725 East 91st Street, Suite 100
Tulsa, Oklahoma 74137
T:(918)292-8787
F: (918)292-8788
John@csmlawgroup.com

*Attorneys for Defendants Koch Foods, Inc. and Koch Meat Co., Inc. d/b/a Koch Poultry Co.*

\* admitted *pro hac vice*

9

**HENTGES & ASSOCIATES, PLLC**
102 East Thatcher Street
Edmond, OK 73034
Telephone: (405) 340-6554
Facsimile: (405) 340-6562
Email: harlan@organiclawyers.com

John C. Whitfield*
Caroline R. Taylor*
**WHITFIELD COLEMAN BULLOCK, PPLC**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Facsimile: (270) 825-1163
Email: jwhitfield@wcbfirm.com
Email: caroline@wbmllp.com

J. Dudley Butler*
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Drive
Benton, MS 39039
Telephone: (662) 673-0091
Facsimile: (662) 673-0091
Email: jdb@farmandranchlaw.com

Daniel M. Cohen*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave., NW
Suite 200
Washington, DC 20016
Telephone: (202)789-3960
Facsimile: (202)789-1813
Danielc@cuneolaw.com

David S. Muraskin*
**PUBLIC JUSTICE, PC**
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5245
Facsimile: (202) 232-7203
Email: dmuraskin@publicjustice.net

Kellie Lerner*
Meegan F. Hollywood
Matthew J. Geyer*

**ROBINS KAPLAN, LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
Email: KLerner@RobinsKaplan.com
Email: MHollywood@RobinsKaplan.com
Email: MGeyer@RobinsKaplan.com

Aaron Sheanin*
**ROBINS KAPLAN, LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
Email: ASheanin@RobinsKaplan.com

M. Stephen Dampier*
**DAMPIER LAW FIRM**
55 North Section Street
P.O. Box 161
Fairhope, AL 36532
Telephone: (251) 929-0900
Facsimile: (251) 929-0800
Email: stevedampier@dampierlaw.com

Michael L. Silverman*
**ROACH LANGSTON BRUNO LLP**
205 North Michigan Avenue, Suite 810
Chicago, IL 60601
Telephone: (773) 969-6160
Email: msilverman@rlbfirm.com

Grant L. Davis*
Thomas C. Jones*
Timothy Gaarder*
Thomas E. Ruzicka, Jr.*
**DAVIS BETHUNE & JONES, LLC**
1100 Main St, Ste 2930
Kansas City, MO 64105
Telephone: (816) 421-1600
Email: gdavis@dbjlaw.net
Email: tgaarder@dbjlaw.net
Email: tjones@dbjlaw.net
Email: truzicka@dbjlaw.net

Robert Bonsignore, Esq.*
**BONSIGNORE, PLLC**
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone: (781) 350-0000
Email: rbonsignore@classactions.us

*Additional Class Counsel for Plaintiffs and the Proposed Class*

* admitted *pro hac vice*