CERTAIN EXHIBITS FILED UNDER SEAL – CONTAINS CONFIDENTIAL AND
HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO. II)** | MDL No. 6:20-2977-RJS-CMR

Honorable Chief Judge Robert J. Shelby

Honorable Cecilia M. Romero |

**DECLARATION OF GARY I. SMITH, JR. IN SUPPORT OF PLAINTIFFS' OPPOSITION
TO PENN'S AND LOVETTE'S MOTIONS TO STAY THEIR DEPOSITIONS**

**CERTAIN EXHIBITS FILED UNDER SEAL – CONTAINS CONFIDENTIAL AND
HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

I, Gary I. Smith, Jr., declare as follows:

I am a Partner of the law firm Hausfeld LLP. The Court has appointed my firm as one of two interim co-lead class counsel ("Class Counsel") for Plaintiffs in the above-captioned action. I submit this declaration in support of Plaintiffs' Omnibus Opposition to Non-Parties Penn's and Lovette's Motions to Stay Their Depositions, which is being filed concurrently herewith. I have personal knowledge of the information set forth in this declaration.

1. Jayson Penn ("Penn") and William Lovette ("Lovette") were both agreed-upon document custodians in connection with Pilgrim's Pride Corporation ("Pilgrim's") search for documents responsive to Plaintiffs' document requests in this action.

2. Pilgrim's has produced over 48,000 unique documents where Lovette is populated in the primary "Custodian" metadata field.

3. Pilgrim's has produced over 40,000 unique documents where Penn is populated in the primary "Custodian" metadata field.

4. Pilgrim's has produced over 92,600 unique documents where either Penn, Lovette, or both are populated in the "Custodian – All" metadata field.

5. In total, Pilgrim's has produced over 400,000 unique documents in this action.

6. I spoke with the Department of Justice Antitrust Division ("DOJ") on September 8, 2011 to discuss Plaintiffs' intention to depose Penn and Lovette's in this action. I was informed during that call that the DOJ did not presently intend to intervene and seek a stay of either of their depositions in this action.

7. I spoke with counsel for Penn on July 2, 2021 to meet and confer concerning the proposed deposition of Penn in this action.

8. I spoke with counsel for Lovette on July 9, 2021 to meet and confer concerning the proposed deposition of Lovette in this action.

9. As of September 24, 2021, Plaintiffs have requested, noticed, or scheduled thirty-three separate 30(b)(1) depositions and seventeen 30(b)(6) depositions of Defendants and their co-conspirators, including, *inter alia*:

    a. Six 30(b)(1) depositions of Defendant Koch witnesses;

    b. Three 30(b)(1) depositions of Defendant Perdue witnesses;

1

**CERTAIN EXHIBITS FILED UNDER SEAL – CONTAINS CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

    c.   Seven 30(b)(1) depositions of Defendant Pilgrim's witnesses;

    d.   Six 30(b)(1) depositions of Defendant Sanderson Farms witnesses;

    e.   Four 30(b)(1) depositions of co-conspirator Mountaire witnesses.

    f.   Two 30(b)(1) depositions of co-conspirator Peco Foods witnesses.

    g.   Two 30(b)(1) depositions of co-conspirator Wayne Farms witnesses.

    h.   One 30(b)(1) deposition of a co-conspirator Claxton Poultry witness.

    i.   One 30(b)(1) deposition of a co-conspirator Case Foods witness.

    j.   One 30(b)(1) deposition of a co-conspirator House of Raeford witness.

10.    Attached hereto as Exhibit 1 is a true and correct copy of PPC-GROWERS-001976682, which is a September 18, 2017 email thread that was produced by Pilgrim's in this action and has been designated by Pilgrim's as Confidential – Subject to Protective Order.

11.    Attached hereto as Exhibit 2 is a true and correct copy of PPC-GROWERS-000647183, which is an October 2, 2011 email and its attachment, PPC-GROWERS-000647185, that were produced by Pilgrim's in this action and have been designated by Pilgrim's as Confidential – Subject to Protective Order and Highly Confidential – Subject to Protective Order, respectively.

12.    Attached as Exhibit 3 is a true and correct copy of PPC-GROWERS-000647168, which is an October 2, 2011 email that was produced by Pilgrim's in this action and has been designated by Pilgrim's as Confidential – Subject to Protective Order. Its omitted attachment is identical to PPC-GROWERS-000647185.

13.    Attached as Exhibit 4 is a true and correct copy of PPC-GROWERS-000498902, which is an email dated March 28, 2013 and its attachment, PPC-GROWERS-000498903, that were produced by Pilgrim's in this action and have been designated by Pilgrim's as Confidential – Subject to Protective Order and Highly Confidential – Subject to Protective Order, respectively.

14.    Attached as Exhibit 5 is a true and correct copy of PPC-GROWERS-001233103, which is an email thread dated March 29, 2013 that was produced by Pilgrim's in this action and has been designated by Pilgrim's as Confidential – Subject to Protective Order.

15.    Attached hereto as Exhibit 6 is a true and correct copy of PPC-GROWERS-

**CERTAIN EXHIBITS FILED UNDER SEAL – CONTAINS CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

001265843, which is a January 22, 2016 email and its attachment, PPC-GROWERS-001265844, that were produced by Pilgrim's in this action and have been designated by Pilgrim's as Confidential – Subject to Protective Order and Highly Confidential – Subject to Protective Order, respectively.

16.     Attached as Exhibit 7 is a true and correct copy of PPC-GROWERS-1265860, which is a January 22, 2016 email thread that was produced by Pilgrim's in this action and has been designated by Pilgrim's as Confidential – Subject to Protective Order. Its omitted attachment is identical to PPC-GROWERS-001265844

17.     Attached as Exhibit 8 is a true and correct copy of PPC-GROWERS-001434443, which is a November 2, 2015 email thread that was produced by Pilgrim's in this action and has been designated by Pilgrim's as Confidential – Subject to Protective Order.

18.     Attached as Exhibit 9 is a true and correct copy of PPC-GROWERS-00510585, which is a November 3, 2015 email thread that was produced by Pilgrim's in this action and has been designated by Pilgrim's as Highly Confidential – Subject to Protective Order.

19.     Attached as Exhibit 10 is a true and correct copy of PPC-GROWERS-001264146, which is a March 24, 2016 email and its attachment, PPC-GROWERS-001264147, that were produced by Pilgrim's in this action and have been designated by Pilgrim's as Confidential – Subject to Protective Order and Highly Confidential – Subject to Protective Order, respectfully.

20.     Attached as Exhibit 11 is a true and correct copy of PPC-GROWERS-000679385, which is a June 12, 2017 email and its attachment, PPC-GROWERS-000679386, that were produced by Pilgrim's in this action and have both been designated by Pilgrim's as Highly Confidential – Subject to Protective Order.

21.     Attached as Exhibit 12 is a true and correct copy of PPC-GROWERS-001977526, which is a May 20, 2017 email, and its attachment, PPC-GROWERS-001977527, that were produced by Pilgrim's in this action and have been designated by Pilgrim's as Confidential – Subject to Protective Order and Highly Confidential – Subject to Protective Order, respectfully.

22.     Attached as Exhibit 13 is a true and correct copy of the Memorandum of Law in

3

**CERTAIN EXHIBITS FILED UNDER SEAL - CONTAINS CONFIDENTIAL AND
HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

Support of Non-Party Jayson Penn's Motion for Leave to Intervene and for Entry of a Protective Order filed as ECF No. 4575-1 in *In re Broiler Chicken Antitrust Litig.*, No. 16-8637 (N.D. Ill.). I have reviewed the docket in that action and as of the morning of September 24, 2021, there has been no order granting Penn's motion for a stay.

23. Attached as Exhibit 14 is a true and correct copy of Scheduling Order No. 16, docketed as ECF No. 4748 in *In re Broiler Chicken Antitrust Litig.*, No. 16-8637 (N.D. Ill.).

24. Attached as Exhibit 15 is a true and correct copy of an email thread dated June 24, 2021 between counsel for Plaintiffs and counsel for Lovette.

25. Attached as Exhibit 16 is a true and correct copy of an email thread dated June 24, 2021 between counsel for Plaintiffs and counsel for Penn.

26. Attached as Exhibit 17 is a true and correct copy of an email thread dated June 30, 2021 between counsel for Plaintiffs and counsel for Lovette.

27. Attached as Exhibit 18 is a true and correct copy of an email thread dated June 30, 2021 between counsel for Plaintiffs and counsel for Penn.

28. Attached as Exhibit 19 is a true and correct copy of an email thread dated July 7, 2021 between counsel for Plaintiffs and counsel for Lovette.

29. Attached as Exhibit 20 is a true and correct copy of an email thread dated June 30, 2021 between counsel for Plaintiffs and counsel for Lovette.

30. Attached as Exhibit 21 is a true and correct copy of an email thread dated August 10, 2021 between counsel for Plaintiffs and counsel for Penn.

31. Attached as Exhibit 22 is a true and correct copy of an email thread dated August 19, 2021 between counsel for Plaintiffs and counsel for Lovette.

32. Attached as Exhibit 23 is a true and correct copy of an email thread dated September 8, 2021 between counsel for Plaintiffs and counsel for Penn and Lovette.

33. Attached as Exhibit 24 is a true and correct copy of an email thread dated June 10, 2020 between counsel for Plaintiffs and counsel for Pilgrim's.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 24th day of September 2021, in Philadelphia, Pennsylvania.

4

**CERTAIN EXHIBITS FILED UNDER SEAL – CONTAINS CONFIDENTIAL AND
HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

Dated: September 24, 2021                    Respectfully submitted,

                                             Gary I. Smith, Jr.

# EXHIBIT 1

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 2

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 3

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 4

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 5

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 6

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 7

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 8

# DOCUMENT FILED UNDER SEAL

# EXHIBIT 9

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 10

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 11

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 12

# DOCUMENT
# FILED UNDER SEAL

# EXHIBIT 13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** | Case No. 16-cv-8637 |
|  | Honorable Thomas M. Durkin |
|  | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To All Actions |  |

## MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY JAYSON PENN'S MOTION FOR LEAVE TO INTERVENE AND FOR ENTRY OF A PROTECTIVE ORDER

Jayson Penn respectfully seeks leave to intervene in the above-captioned action for the limited purpose of moving for entry of a protective order temporarily staying his deposition pending the resolution of a related criminal case. Mr. Penn— the former chief executive officer of poultry supplier Pilgrim's Pride Corporation ("Pilgrim's")—is not a party to this action. However, he is a defendant in a criminal antitrust case pending in the District of Colorado, as well as a defendant in a related securities class action pending in that same District, and in a related shareholder derivative action pending in Colorado state court. *See infra* pp. 3-4.

Plaintiffs' counsel in this action notified counsel for Mr. Penn on April 22, 2021 that this Court had entered a sealed order allowing Mr. Penn's deposition to proceed now on certain topics, but not on others, and inquired about Mr. Penn's availability to be deposed. While plaintiffs have not yet served a deposition subpoena on Mr. Penn, the issue of whether Mr. Penn should have to sit for a deposition now is clearly ripe given the Court's recent order and plaintiffs' request to schedule his deposition.

Allowing Mr. Penn's deposition to go forward now would present him with a Hobson's Choice. Mr. Penn would be forced to choose between invoking his Fifth Amendment privilege (thereby exposing him to a potential adverse inference in the two civil cases in which he is a defendant) or waiving his privilege and testifying substantively (thereby prejudicing his defense in the criminal action). Mr. Penn is the only proposed deponent who would be forced to make this choice, as he is apparently the only defendant in the criminal action who is to be deposed under the Court's recent order.

Plaintiffs' counsel has indicated that the Court's order allows the deposition of Mr. Penn to cover "all topics other than bid-rigging," but that limitation does Mr. Penn little good. Mr. Penn's Fifth Amendment rights extend beyond "bid-rigging," *see Hoffman v. United States*, 341 U.S. 479, 486 (1951) (Fifth Amendment privilege extends to any testimony that would "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime"), and he has "reasonable cause" to believe the government would use any testimony he gives in the civil action against him in the criminal case, *see id.* The government has repeatedly made clear that its continuing criminal investigation is active and not limited to "bid-rigging." *See infra* p.3. On the other hand, plaintiffs have many alternative avenues to discover facts about "topics other than bid-rigging" besides deposing Mr. Penn. For example, if plaintiffs seek information about the Georgia Dock price index, they can take the depositions of Georgia Department of Agriculture employees who worked on the Georgia Dock, and Rule 30(b)(6) depositions of the corporate defendants in this action such as Pilgrim's, Mr. Penn's former employer.

The Court should grant leave for Mr. Penn to intervene in this action and issue a protective order staying his deposition pending the resolution of the criminal case against him.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Penn is the former chief executive officer of Pilgrim's. Declaration of
Michael F. Tubach in Support of Non-Party Jayson Penn's Motion to Intervene and
For a Protective Order ("Tubach Decl."), ¶ 2. In June 2020, a grand jury returned an
indictment against Mr. Penn and three other individuals for alleged bid-rigging and
price-fixing in connection with the sale of broiler chicken products during the time
period from 2012 through 2017. *United States v. Penn et al.*, No. 1:20-cr-00152-PAB
(D. Colo. June 2, 2020), ECF No. 1. In October 2020, the government obtained a
superseding indictment, which names six additional defendants and identifies
additional conduct purportedly violating Section 1 of the Sherman Act. Tubach Decl.
Ex. 1 ("Supersed. Ind."). As the government has indicated, its investigation and the
indictments overlap substantially with the allegations in this action. *See* The
United States' Motion to Intervene and Stay Discovery, *In re Broiler Chicken
Antitrust Litig.*, No. 16-cv-8637, (N.D. Ill. June 21, 2019), ECF No. 2268, at 7
("Here, there is very substantial overlap between the civil and criminal matters.").
The government has also repeatedly stated that its criminal investigation is
ongoing and active, and is not limited to bid-rigging. *See* Tubach Decl. Ex. 2 (Press
Release, U.S. Dep't of Justice, One of the Nation's Largest Chicken Producers
Pleads Guilty to Price Fixing and Is Sentenced to a $107 Million Criminal Fine
(Feb. 23, 2021), ("This case is the result of an ongoing federal antitrust investigation
into *price fixing, bid rigging, and other anticompetitive conduct* in the broiler
chicken industry . . . .") (emphasis added)).[1] Earlier this month, the government
reiterated in a filing in this case that its criminal investigation is ongoing. Brief in

---

[1] *See also* Tubach Decl. Ex. 3 (Press Release, U.S. Dep't of Justice, Six Additional
Individuals Indicted On Antitrust Charges In Ongoing Broiler Chicken
Investigation (Oct. 7, 2020) (same)); *Id.*, Ex. 4 (Press Release, U.S. Dep't of Justice,
Senior Executives at Major Chicken Producers Indicted on Antitrust Charges (June
3, 2020) (same)).

Support of United States' Motion for Limited Deposition Stay, *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637, (N.D. Ill. Apr. 5, 2021), ECF No. 4520, at 1, 2, 8.

After the initial indictment was returned against Mr. Penn in June 2020, certain purported Pilgrim's shareholders filed a civil class action complaint in Colorado federal court under the Securities Exchange Act of 1934, in which they named Mr. Penn and others as defendants.[2] The gravamen of the claim in the Securities Action is that executives at Pilgrim's, including Mr. Penn, participated in an unlawful antitrust conspiracy; that Pilgrim's failed to disclose material facts about that conspiracy; and that the class suffered damages as a result of that omission. Tubach Decl. Ex. 5 ¶ 6 ("Securities Compl."). The antitrust conspiracy alleged in the criminal indictment is a critical predicate of that claim. *See, e.g.*, *id.*, Ex. 5, ¶¶ 41-48.

A week after the superseding indictment was returned on October 7, 2020, a separate group of purported Pilgrim's shareholders filed a shareholder derivative action in Colorado state court naming Mr. Penn and others as defendants.[3] The plaintiffs in the Derivative Action allege, *inter alia*, that Mr. Penn and others at Pilgrim's conspired to rig bids, fix prices, restrict supply, and manipulate the Georgia Dock price index. *E.g.*, Tubach Decl., Ex. 6, ¶¶ 5, 6, 19-20, 26, 94-98 ("Derivative Compl."). Their complaint incorporates the allegations at issue in the actions pending in this Court as well as those set forth in the original and superseding indictments. *See, e.g.*, *id.,* Ex. 6, ¶¶ 160-271, 377-78, 424-43.

In a telephone call with prosecutors on March 29, 2021, undersigned counsel learned that certain plaintiffs in this action sought to depose Mr. Penn and that the

---

[2] *U.F.C.W. Int'l Union Local 464A v. Pilgrim's Pride Corp.*, No. 1:20-cv-01966-RM-MEH (D. Colo. July 6, 2020) (the "Securities Action").

[3] *In re Pilgrim's Pride Corp. Derivative Litig.*, Case No. 2017CV30207 (Weld Cty., Colo. Dist. Ct.) (the "Derivative Action").

government intended to oppose their request. *Id.* ¶ 6. Undersigned counsel represented to the government that Mr. Penn agreed with the government's position. *Id.* ¶ 6. On April 22, 2021, counsel for all plaintiffs in this action emailed undersigned counsel and counsel for Pilgrim's. *Id.,* Ex. 7. Plaintiffs' counsel stated that this Court had entered a sealed order on April 19, 2021 in which it permitted plaintiffs to depose Mr. Penn "on all topics other than bid-rigging, which remains stayed." *Id.* Plaintiffs asked that Mr. Penn agree to sit "for a 14-hour deposition given his importance to the case." *Id.* Undersigned counsel contacted plaintiffs' counsel on April 26, 2021, to inform them that Mr. Penn intended to file a motion to intervene for the purpose of moving for a protective order to stay the deposition of Mr. Penn until the conclusion of the criminal case. Plaintiffs' counsel responded on April 27, 2021 that they had no objection to the motion to intervene, but that they objected to the motion for a protective order. *Id.* ¶ 7.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24 governs motions to intervene. Rule 24(a) directs courts to "permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). "The rule is straightforward: the court must permit intervention if (1) the motion is timely; (2) the moving party has an interest relating to the property or transaction at issue in the litigation; and (3) that interest may, as a practical matter, be impaired or impeded by disposition of the case. A proposed intervenor who satisfies these three elements is *entitled* to intervene *unless* existing parties adequately represent his interests." *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 746 (7th Cir. 2020).

Courts may permit a party who does not qualify for intervention of right under Rule 24(a) to intervene under Rule 24(b), provided the party timely moves and "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). "Two requirements must be met before a court may exercise its discretionary power to grant intervention under 24(b)(2). The proposed intervenor must demonstrate that there is (1) a common question of law or fact, and (2) independent jurisdiction." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). In making the discretionary determination whether to allow permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

Federal Rule of Civil Procedure 26 governs motions for a protective order. For good cause, a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden." FED. R. CIV. P. 26(c)(1). Rule 26(c)(1)(D) authorizes courts to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1)(D). That authority extends to staying parallel civil litigation during the pendency of a criminal case "if the interests of justice require it." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). In making that determination, courts "balance[e] the interests of the plaintiff, the defendants, and the public" and consider a non-exhaustive list of factors including:

> [W]hether the civil and criminal matters involve the same subject; whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; the posture of the criminal proceeding; the effect of granting or denying a stay on the public interest; the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied.

*Id.*

# ARGUMENT

## I. The Court should allow Mr. Penn to intervene in this case for the limited purpose of seeking a stay of his deposition.

### A. Mr. Penn is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a).

Mr. Penn is entitled to intervene in this action. He has a significant, protectable interest in this litigation; his interests will be impaired if the Court denies his motion to intervene; the existing parties do not adequately represent his interests; his motion is timely; and Plaintiffs do not oppose his intervention. Because he satisfies all of Rule 24(a)'s prerequisites, this Court should grant Mr. Penn's motion to intervene.

*First*, Mr. Penn has a "direct, significant" and "legally protectable" interest in a stay of his deposition in this action that would be impaired should the Court permit the plaintiffs to depose him. *See Zurich Cap. Mkts. Inc. v. Coglianese*, 236 F.R.D. 379, 385 (N.D. Ill. 2006) ("The requisite interest is something more than a mere betting interest . . . but less than a property right.") (quotations omitted). As Judge Kennelly explained in *Chagolla v. City of Chicago*, civil defendants who face prosecution or investigation in parallel criminal actions face an impossible choice: "Any defendant who chooses to invoke the privilege runs the risk that this will be used as the basis for an adverse inference against him or her in th[e civil] case, . . . a practice the Fifth Amendment does not prohibit." 529 F. Supp. 2d at 945. "Conversely, any defendant who chooses to testify or otherwise respond to discovery in th[e civil] case runs the risk that his or her responses will be used by prosecuting authorities to pursue the current criminal charges or other potential charges not yet filed." *Id.*

Mr. Penn faces that same Hobson's Choice here. If he exercises his Fifth Amendment privilege at a deposition in this case, the plaintiffs in the Securities

Action and Derivative Action pending in Colorado will undoubtedly seek an adverse inference on the basis of that invocation. *See Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 834-35 (7th Cir. 2016) (affirming an adverse inference jury instruction based on representations in a defendant's immunity letter from a parallel criminal proceeding); *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 705 (7th Cir. 2014) (affirming imposition of adverse inference based on defendants' Fifth Amendment invocation in separate civil proceedings pending in a California district court). Conversely, if Mr. Penn testifies at a deposition in this case, he risks that the government will use his responses against him in the pending criminal case. *See Chagolla*, 529 F. Supp. 2d at 945.

Denying Mr. Penn's motion to intervene would "impair or impede" his ability to protect these direct, significant, and legally protectable interests. *See* FED. R. CIV. P. 24(a)(2). Either outcome in that scenario—Mr. Penn's invocation of the Fifth Amendment or his testimony on matters that overlap with a pending criminal case and ongoing criminal investigation—threatens to foreclose his rights in a subsequent proceeding. *See Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982) ("The existence of 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding.").

*Second*, the parties to this action do not adequately represent Mr. Penn's interests. The plaintiffs' interests are in opposition to Mr. Penn's—including, without limitation, because they seek to force him to sit for a deposition. The defendants in this action are not in the same position as Mr. Penn because they do not have Fifth Amendment rights and do not face the choice that Mr. Penn does. *See Curcio v. United States*, 354 U.S. 118, 122 (1957) ("It is settled that a corporation is not protected by the constitutional privilege against self-incrimination."). Mr. Penn therefore meets the "minimal" burden of showing that the current parties'

"representation [of his interest] 'may be' inadequate" in this case. *See Driftless Area Land Conservancy*, 969 F.3d at 747 (internal citations and quotation marks omitted).

*Third*, Mr. Penn's motion for intervention is timely. To assess timeliness, the Seventh Circuit "consider[s] four factors: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003) (quotations omitted). Mr. Penn makes this motion seven days after the plaintiffs informed him of this Court's order and their intent to take his deposition, and one month after the government informed Mr. Penn's counsel of the possibility that some plaintiffs in this case would seek to take his deposition. It is difficult to identify any prejudice to the parties attendant to that brief delay between Mr. Penn's recognition of his interest in this case and the filing of this motion. And for reasons and circumstances already discussed, denying Mr. Penn's motion to intervene would prejudice him in the civil and criminal actions to which he is a party.

**B.    In the alternative, the Court should exercise its discretion under Federal Rule of Civil Procedure 24(b) to permit Mr. Penn to intervene.**

Should the Court determine that Mr. Penn cannot intervene as of right, it should exercise its discretion under Rule 24(b) and permit him to intervene. As noted earlier, Mr. Penn's motion is timely. He "has a claim or defense that shares with the main action a question of law or fact" in common, namely, that he seeks a protective order to stay his deposition, and plaintiffs in this action want to take that deposition. *See* Fed. F. Civ P. 24(b). Further, no "undu[e] delay or prejudice for adjudication of the original parties' rights" will result if Mr. Penn is permitted to

intervene. *See* Fed. R. Civ. P. 24(b). While there will be some small inconvenience and delay attendant to Mr. Penn's request to intervene, that burden is minimal in light of the significant Fifth Amendment issues that Mr. Penn's motion raises. Finally, the Court can exercise jurisdiction over this request. *See Griffith v. University Hosp., L.L.C.*, 249 F.3d 658 (7th Cir. 2001) (recognizing that third parties may permissively intervene for the purpose of contesting protective orders); *cf. Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) (noting that "every court of appeals to have considered the matter" has held that "Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders").[4] For that reason, and because it would be inconsistent and unjust if Mr. Penn could not intervene under Rule 24(b) for the purpose of filing a motion that Rule 26(c) explicitly authorizes him to make, the Court should permit Mr. Penn to intervene here. *See* FED. R. CIV. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .").

## II.   The Court should enter a protective order staying Mr. Penn's deposition pending the resolution of his criminal case.

Many of the same considerations that militate in favor of granting Mr. Penn leave to intervene also support the issuance of a protective order staying his deposition, as multiple courts in this jurisdiction have concluded in similar situations. *See Chagolla*, 529 F. Supp. 2d at 948; *United States v. All Meat &*

---

[4] In fact, courts in similar situations have not even required "intervenors [who] do not seek to litigate a claim on the merits" to establish an independent basis for jurisdiction. *See, e.g., Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("Intervenors do not ask the district to rule on additional claims or seek to become parties to the action. They ask the court only to exercise that power which it already has, *i.e.*, the power to modify the protective order. For that reason, no independent jurisdictional basis is needed."); *Flynt v. Lombardi*, 782 F.3d 963, 966-67 (8th Cir. 2015) (same).

*Poultry Prods.*, 2003 WL 22284318, at *4 (N.D. Ill. Oct. 3, 2003); *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005); *Cruz v. Cty. of DuPage*, 1997 WL 370194, at *4 (N.D. Ill. June 27, 1997). A court may stay parallel civil litigation "if the interests of justice require it," *Chagolla*, 529 F. Supp. 2d at 945, and here the relevant factors counsel in favor of a stay of Mr. Penn's deposition.

*First*, there is a close relationship between the allegations at issue in this case and those that form the basis of the government's superseding indictment, the Securities Action, and the Derivative Action. The superseding indictment alleges that Mr. Penn "participated in a continuing network of [s]uppliers and co-conspirators, an understood purpose of which was to suppress and eliminate competition through rigging bids and fixing prices and price-related terms for broiler chicken products sold in the United States" from 2012 through at least 2019. Supersed. Ind., ¶¶ 1, 47-48. The Securities Complaint's allegations adhere closely to the allegations in the superseding indictment. Securities Compl. ¶¶ 41-47. And the Derivative Complaint includes allegations that Mr. Penn participated in a conspiracy to fix prices, rig bids, coordinate supply reductions, and manipulate the Georgia Dock price index from 2014 through the present. Derivative Compl., ¶¶ 1, 5-6, 19-20.

This "substantial overlap of issues between the criminal and civil proceedings, if not a near identity of those issues," supports the entry of a limited stay of Mr. Penn's deposition. *See All Meat & Poultry Prods.*, 2003 WL 22284318, at *2; *Chagolla*, 529 F. Supp. 2d at 945-46 ("The close relationship between the civil and criminal matters weighs in favor of a stay."); *Glover v. Upmann*, 2020 WL 1433801, at *2 (N.D. Ill. Mar. 24, 2020) (noting that a "significant overlap of issues here. . . . weighs in favor of a stay"). That overlap is especially salient given the "danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, and by doing so, circumvent the

Fifth Amendment rights against self-incrimination." *See Cruz*, 1997 WL 370194, at *3. Since the original indictment was filed in June 2020, the government has continued its criminal investigation and has already obtained one superseding indictment. The government should not be allowed to obtain discovery from Mr. Penn in the civil case that it cannot obtain in the criminal case.

*Second*, the posture of the criminal action favors a stay of Mr. Penn's deposition. "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Hollinger Int'l, Inc. v. Hollinger Inc.*, 2008 WL 161683, at *2 (N.D. Ill. Jan. 16, 2008). That describes Mr. Penn's situation exactly. Mr. Penn is under indictment in the criminal case in Colorado and is simultaneously a defendant in two related civil cases. Each case turns upon his alleged participation in an antitrust conspiracy in the broiler chicken industry in approximately the same time period. A stay of Mr. Penn's deposition is warranted under this factor, even if "it is unclear as to when the criminal defendant[] will go to trial." *See Cruz*, 1997 WL 370194, at *3.

*Third*, the public interest weighs in favor of a stay. While "[t]he public has an interest in the prompt disposition of civil litigation," *see Chagolla*, 529 F. Supp. 2d at 946-47, there is a greater interest in "ensuring the criminal proceedings continue untainted by civil litigation." *See Glover*, 2020 WL 1433801, at *4 ("Defendants call this the 'greatest interest.' . . . The Court agrees. Given the overlap of issues, it is important to avoid any possible interference with the prosecution . . . ."). As the court recognized in *Glover*, "such interference could arise if civil discovery, including sworn testimony, is elicited while the criminal charges are still pending." *Id.* (quoting *Tostado v. Jackson*, 2011 WL 2116396, at *3 (E.D. Wis. May 25, 2011)).

*Fourth*, the plaintiffs' interest in resisting a stay of Mr. Penn's deposition is neutral on balance. Although plaintiffs have "a significant interest in obtaining resolution of [their] claims and compensation if [they] prove [they are] entitled to

it," *Chagolla*, 529 F. Supp. 2d at 947, "this is only one of the relevant factors to be considered in determining whether to grant [a] motion to stay." *See Cruz*, 1997 WL 370194, at *3; *All Meat & Poultry Prods.*, 2003 WL 22284318, at *3 (noting that "the passage of time does not affect the [plaintiffs'] damage claims" against defendants and that business records pertaining to the claims in the case "will not become 'stale' before the criminal proceedings conclude").[5] Moreover, the stay that Mr. Penn seeks relates only to his own deposition, not any other discovery that plaintiffs may be entitled to take.

*Fifth*, the burden on Mr. Penn tips decisively in favor of a stay. As discussed, should Mr. Penn invoke his Fifth Amendment privilege at a deposition in this case, the plaintiffs in the Securities Action and Derivative Action will undoubtedly seek an adverse inference against him. Courts may permit those inferences even when the defendant testifies about the same subject matter in the civil action after the conclusion of the criminal proceedings. *See Empress Casino*, 831 F.3d at 834-35 (holding that "[r]eversing course and testifying after invoking the Fifth Amendment privilege" in a separate proceeding "does not remove the relevance of a witness's prior silence as one piece of evidence a jury may consider" in the instant proceeding); *see also Chagolla*, 529 F. Supp. 2d at 947 ("Though a person who claims the privilege in such circumstances and then has it used against him in a parallel

---

[5] *See Chagolla*, 529 F. Supp. 2d at 947 (granting a stay notwithstanding the delay imposed on a civil plaintiff, in part to avoid backing the parallel civil-criminal defendant "into a corner in which he has no viable choice but to claim the privilege [and] is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy"); *see also Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139–41 (S.D.N.Y. 1995) (noting that "[t]he inconvenience and delay to plaintiffs that will unfortunately be caused by a stay are outweighed by the defendants' significant Fifth Amendment concerns, particularly where a stay will not inordinately prolong the civil case and where the criminal prosecution could provide some benefit to the civil case and advance public interests").

civil case ordinarily is given a chance to explain his invocation of the privilege, the finer points of risk-aversion as it relates to criminal defense practice easily can be lost on lay jurors."). Forcing Mr. Penn into this position is unfair, given that "it is not at all rare for a person faced with criminal charges or a pending investigation to invoke the privilege even though he may have done nothing wrong, out of an abundance of caution prompted by a careful criminal defense lawyer." *See id.*[6] Mr. Penn fully expects to be acquitted at trial in the criminal matter, but by then it may be too late to avoid an adverse inference in the Securities Action and Derivative Action. *See Empress Casino*, 831 F.3d at 834-35.

Again, Mr. Penn's is the "strongest case for deferring civil proceedings until after completion of criminal proceedings." *Cruz*, 1997 WL 370194, at *2 (quoting *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)). He is "under indictment for a serious offense," and "required to defend a civil . . . action involving the same matter." *See id.* If not deferred, his deposition in this matter "might undermine [his] Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *See id.* Indeed, Mr. Penn's position seems to be unique, in that he is apparently the only defendant in the criminal action whose deposition will go forward under the Court's recent order. The Court should not permit the plaintiffs in this action to place Mr. Penn in the position of having to choose whether to compromise his civil or criminal defenses. *See* Heidt, *supra,* note 6**Error! Bookmark not defined.**, at 1133 (noting the possibility of abuse where

---

[6] *See also* Robert Heidt, *The Conjurer's Circle—The Fifth Amendment Privilege in Civil Cases*, 91 YALE L.J. 1062, 1132-33 (1982) ("[T]here is an acute risk that responses to discovery requests in the civil case will harm the defendant's strategic position in the criminal case. Faced with such a dilemma, most criminal defendants, innocent or guilty, probably would choose to invoke in the civil case.").

plaintiffs and potential plaintiffs "schedule civil discovery before the criminal trial merely to get the criminal defendant's invoking on the record" for the purpose of "admit[ting] the invoking against the invoker or his employer and, perhaps, of barring the invoker from testifying"). The Court should exercise its discretion to relieve Mr. Penn of that "severe burden" and stay his deposition. *See Cruz*, 1997 WL 370194, at *4.

*Finally*, the interest in judicial economy weighs in favor of a stay. While the Court certainly has "an interest in moving the cases on its docket to an expeditious conclusion," *Nowaczyk v. Matingas*, 146 F.R.D. 169, 175 (N.D. Ill. 1993), staying Mr. Penn's deposition pending the resolution of the criminal proceedings "may eliminate much of the Court's work in the civil action by simplifying the issues." *See All Meat & Poultry Prods.*, 2003 WL 22284318, at *5. For example, "[c]onvenience to the court will militate in favor of a stay where the outcome of a criminal case can be expected to remove the predicate for the assertions of the Fifth Amendment rights against self-incrimination by potential deponents and lighten the work load of a court to review those assertions." *Id.* Lastly, staying Mr. Penn's deposition—one small bit of discovery in this sprawling litigation—should not delay the broader action. The Court has already stayed discovery into "bid-rigging," so a stay of Mr. Penn's deposition should have little, if any, incremental impact on the progress of the case. And, of course, plaintiffs can always depose corporate defendants (who have no Fifth Amendment rights) and individuals with no reasonable fear of prosecution to learn whatever facts they seek to discover from Mr. Penn.

## CONCLUSION

For the foregoing reasons, Mr. Penn respectfully requests that the Court enter an Order granting Mr. Penn leave to intervene in this action and issue a Protective Order staying Mr. Penn's deposition pending the resolution of the

criminal proceedings.

Dated: April 29, 2021               Respectfully submitted,

By: */s/ Michael F. Tubach*
     Michael F. Tubach (*pro hac vice*)
     O'MELVENY & MYERS LLP
     Two Embarcadero Center
     28th Floor
     San Francisco, CA 94111-3823
     Tel.: (415) 984-8700
     Fax: (415) 984-8701
     mtubach@omm.com

By: */s/ Kevin B. Duff*
     Kevin B. Duff (Bar # 6210491)
     RACHLIS DUFF & PEEL, LLC
     542 South Dearborn Street
     Suite 900
     Chicago, IL 60605
     Phone (312) 733-3390
     kduff@rdaplaw.net

     *Counsel for Non-Party Jayson Penn*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing to be filed on the Court's CM/ECF system, which automatically provides notice to counsel for all parties to the above-captioned action.

Dated: April 29, 2021                    Respectfully submitted,


                                         By: /s/ Michael F. Tubach
                                              Michael F. Tubach (*pro hac vice*)
                                              O'MELVENY & MYERS LLP
                                              Two Embarcadero Center
                                              28th Floor
                                              San Francisco, CA 94111-3823
                                              Tel.: (415) 984-8700
                                              Fax: (415) 984-8701
                                              mtubach@omm.com

# EXHIBIT 14

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Case No. 1:16-cv-08637 |
| This Document Relates To: All Actions | **SCHEDULING ORDER NO. 16** |

This Scheduling Order No. 16 supersedes the Court's previous Scheduling Order No. 2 (ECF Dkt. 574) issued on December 15, 2017, Scheduling Order No. 6 issued on September 13, 2018 (ECF Dkt. 1230), Scheduling Order No. 9 issued on November 19, 2018 (ECF Dkt. 1416), Scheduling Order No. 12 issued on July 15, 2019 (ECF Dkt. No. 2322), Scheduling Order No. 13 issued on January 29, 2020 (ECF Dkt. No. 3420), Scheduling Order No. 14 (ECF Dkt. 3788) issued on August 28, 2020, and Scheduling Order No. 15 (ECF Dkt. 4641) issued on May 13, 2021. The parties are directed to the separate Search Methodology Order (ECF Dkt. 586) for any additional deadlines relating to the search of electronically stored information. Additionally, the Court orders that the requirement of Fed. R. Civ. P. 45(a)(4) for notice to other parties before service of a subpoena shall be 4 business days after the day notice and a copy of the subpoena are provided, which shall be computed pursuant to Fed. R. Civ. P. 6(a)(1).

A party receiving objections or productions from a third party in response to a Rule 45 subpoena will serve a copy of those objections or documents on other parties within 7 days, unless otherwise agreed. A party that receives a non-Bates numbered production (or production without a load file) from a third party in response to a Rule 45 subpoena shall serve those documents on other parties within 10 days, unless otherwise agreed by the parties. A party receiving a production

from a third party in response to a Rule 45 subpoena that includes information relating to a deposition scheduled within 7 days must notify all parties within 48 hours of receipt.

| **Event** | **Deadline** |
|---|---|
| **Parties Respond to Contention Interrogatories Served Prior to February 28, 2021** | June 18, 2021 |
| **Deadline to Complete All Merits Fact Discovery As Permitted by the Court's Order dated September 22, 2020 (Dkt. 3835) for Parties in the Case as of January 30, 2021[1]** | July 30, 2021[2] |
| **Deadline for Defendants to Complete All Merits Fact Discovery of Direct Action Plaintiffs that file on or after February 1, 2021[3]** | Six months after date of reassignment based on relatedness in above-captioned matter[4] |

---

[1]     This deadline does not apply to (i) depositions stayed or partially stayed pursuant to the request by the U.S. Department of Justice set forth in (Dkt. 4557) or (ii) depositions subject to a motion for protective order, which are subject to the separate deadline set forth below. The Court's assumption underlying this Scheduling Order 16 is that all Plaintiffs will be able to take the stayed depositions they need to take before they respond to Defendants' motions for summary judgment and before trial. (*See* 5/7/21 Hr'g Tr. (Dkt. 4625) at 21-22.) This deadline also may not apply to other discovery that may be deferred by agreement of the parties. This deadline also does not apply to any discovery stayed by the Court's Order dated September 22, 2020 (Dkt. 3835).

[2]     The Court extends the fact discovery close date to July 30, 2021 only as specified on the record at the May 24, 2021 hearing. (Dkt. 4714.)

[3]     With respect to any discovery not stayed by the Court's order dated September 22, 2020 (Dkt. 3835), Direct Action Plaintiffs who file on or after February 1, 2021 will not be able to seek discovery of Defendants after the deadline set forth in the immediately preceding paragraph and FN 2 without a court order allowing such discovery to occur.

[4]     For certain DAPs who filed in between February 1, 2021 and the date of this Order, the parties have separately negotiated discovery schedules and will attempt to adhere to those as negotiated.

| Event | Deadline |
|---|---|
| **Plaintiffs to Identify Merits Experts By Topics to Facilitate Scheduling[5]** | August 17, 2021 |
| **Plaintiffs' Affirmative Merits Expert Reports Due** <br><br>**Deadline By Which Any DAP Must Be Reassigned as Related in _In re Broiler Chicken Antitrust Litigation_ to be Considered for Participation in Initial Trial** | August 31, 2021 |
| **Parties to Identify Supplemental Documents for Meet and Confer per Dkt. 3727** | September 17, 2021[6] |
| **Deadline to Conclude Meet and Confer Regarding Evidentiary Issues Relating to Documents per Dkt. 3727** | November 4, 2021 |
| **Joint Submission on Any Additional Discovery Requested Per Dkt. 3727 Concerning Evidentiary Issues Relating to Documents** | November 17, 2021 |
| **Deadline to Depose Plaintiffs' Merits Experts** <br><br>**Defendants to Identify Merits Experts By Topics to Facilitate Scheduling[7]** | December 7, 2021 |

---

[5]    The parties will identify by name any class certification expert who is also serving as a merits expert. However, the parties need not identify by name any new experts disclosed at this time, but instead can refer to them generically such as "Defendant Expert 2," etc.

[6]    It is understood that all Parties will make a good faith effort to identify by September 17, 2021 all documents which they have identified as requiring Meet and Confer per order at Dkt. 3727. This exchange process also does not preclude the parties from seeking to establish authenticity or admissibility of other documents in advance of trial.

[7]    The parties will identify by name any class certification expert who is also serving as a merits expert. However, the parties need not identify by name any new experts disclosed at this time, but instead can refer to them generically such as "Defendant Expert 2," etc.

| Event | Deadline |
|---|---|
| **Defendants' Affirmative & Rebuttal Merits Expert Reports Due** | December 17, 2021 |
| **Expiration of Stay on Depositions of DOJ-Requested Witnesses and Topics** | January 3, 2022 |
| **Deadline to Depose Defendants' Merits Experts** | March 25, 2022 |
| **Plaintiffs' Rebuttal Merits Expert Reports Due** | April 8, 2022 |
| **Deadline to Complete Depositions Previously Requested by U.S. Department of Justice to be Stayed or Partially Stayed** | May 11, 2022 |
| **Deadline to Depose Plaintiffs' Rebuttal Merits Experts** | May 13, 2022 |
| **Summary Judgment Opening Briefs & Merits *Daubert* Motions Filed[8]** | June 10, 2022 |
| **Summary Judgment Responses & Merits Expert *Daubert* Responses Filed** | September 9, 2022 |
| **Summary Judgment Replies & Merits Expert *Daubert* Replies Filed** | November 21, 2022 |

---

[8]     Pre-summary judgment motion conference with Judge Durkin to be set on a date to be determined.  The parties request that the conference take place at a time shortly after the Court rules on class certification and related motions.

| Event | Deadline |
|---|---|
| **First Trial Commences**[9] | TBD after the Court has considered the parties' 7/16/2021 trial plan submissions[10] |

**SO ORDERED.**

Dated: 6/17/21

HON. JEFFREY T. GILBERT
U.S. MAGISTRATE JUDGE

---

[9]     The Court will decide the number, sequence and timing of trials at a later date.

[10]     Consistent with the Court's guidance at the May 24, 2021 hearing, Defendants request that this date should be no fewer than eight months from the conclusion of summary judgment briefing. (*See* 5/24/21 Hr'g Tr. (Dkt. 4714) at 15:23-25 (I probably would build in the eight months from the time that the summary judgment briefs are done and trial would commence.").)

# EXHIBIT 15

## Gary I. Smith, Jr.

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Thursday, June 24, 2021 5:27 PM |
| **To:** | John Fagg |
| **Cc:** | Kimberly Fetsick; Dan Walker; Melinda R. Coolidge; Jim McLoughlin; Frank Schall |
| **Subject:** | RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.) |

John,

I hope all is well with you. Is there a good time tomorrow or early next week for us to touch base about the below?

Thanks,

Gary

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Wednesday, December 9, 2020 8:39 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

Thanks for your email.  That is fine.  We will look to hear from you after the first of the year.

We hope you all have healthy and happy holidays.

Best regards,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 | T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, December 8, 2020 7:18 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

John,

I hope this email finds you well. I'm writing because we'd like to revisit the issue of the subpoena to Mr. Lovette in early 2021. We think the dialogue would be more productive after we've made our way through the existing productions in our case. To be clear, we're not proposing to withdraw it, just to table any meet and confers until further down the line.

If that makes sense to you, we'll reach back out in January or so.

Thanks,

Gary


**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com



This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Tuesday, November 17, 2020 8:53 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

Are you available to speak on Thursday 4-5pm (ET) or Friday 9-10am (ET)?

Thanks,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 | T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 16, 2020 5:54 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**<span style="color:red">EXTERNAL EMAIL - USE CAUTION</span>**

Following up on this John.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his



325 Chestnut Street
Suite 900
Philadelphia, PA 19106

267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Wednesday, November 11, 2020 8:33 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

This week is not going to work for us, but we are happy to speak next week.   I am waiting for a hearing to be scheduled for next week, but we will be back to you in the next day or so with some proposed times for a call next week.

Best regards,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 | T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 9, 2020 7:06 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>
**Subject:** Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

Dear John:

We'd like to set a time to meet and confer regarding Mr. Lovette's objections and responses to the subpoena issued in In re Broiler Chicken Grower Litigation (E.D. Okla.). Could you provide your availability late this week and continuing into the following?

Cordially,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or

taking action in relation of the contents of this information is prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**


## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

# EXHIBIT 16

**Gary I. Smith, Jr.**

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Thursday, June 24, 2021 5:26 PM |
| **To:** | Tubach, Michael; Kimberly Fetsick; Parikh, Trisha |
| **Cc:** | Dan Walker |
| **Subject:** | RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena |

Michael,

Is there a good time tomorrow or early next week for us to touch base?

Thanks,

Gary

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Tuesday, December 8, 2020 8:21 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Christina Black <cblack@bm.net>; Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena

Gary,

This is fine.  We'll wait to hear from you further.

Michael

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, December 8, 2020 4:14 PM
**To:** Tubach, Michael <mtubach@omm.com>; Christina Black <cblack@bm.net>; Kimberly Fetsick

<kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena


[EXTERNAL MESSAGE]

Michael,

I hope this email finds you well. I know we are slated to talk Thursday, but on further consideration, we think we'd have a more productive dialogue after we've made our way through the existing productions in our case. We propose to adjourn our scheduled call and take the issue back up in early 2021.

If that makes sense to you, we'll take the call off calendar.

Thanks,

Gary


**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**



This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Monday, November 23, 2020 1:03 PM
**To:** Christina Black <cblack@bm.net>; Gary I. Smith, Jr. <GSmith@hausfeld.com>; Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena

Thanks.

**From:** Christina Black <cblack@bm.net>
**Sent:** Monday, November 23, 2020 9:59 AM
**To:** Tubach, Michael <mtubach@omm.com>; Gary I. Smith, Jr. <GSmith@hausfeld.com>; Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>
**Subject:** Re: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena


[EXTERNAL MESSAGE]

Hi Michael,

Gary and I are available tomorrow at 11:30am PT / 2:30pm ET.

I will send a calendar invite with call-in information.

Best,
Christina

**Christina Black** / *Associate*

☐ 215.875.3001      ☐ 248.345.8453

☐          ☐ ☐ ☐

☐ 1818 MARKET STREET, SUITE 3600
   PHILADELPHIA, PA 19103

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Monday, November 23, 2020 8:02 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>; Christina Black <cblack@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena

Gary,

My apologies for not responding sooner.  Does tomorrow at 11:30 am PT work?

Michael

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Thursday, November 19, 2020 8:02 AM
**To:** Tubach, Michael <mtubach@omm.com>; Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>; Christina Black <cblack@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena


[EXTERNAL MESSAGE]

Following up on this Michael.

**Gary I. Smith, Jr.**

Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 16, 2020 5:53 PM
**To:** Tubach, Michael <mtubach@omm.com>; Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>; Christina Black <cblack@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena

Michael, we're available Monday and Tuesday except for Monday between 11:00 a.m. and 2:00 p.m. ET. Let us know what works for you and we'll send a calendar invite.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Monday, November 16, 2020 1:21 PM
**To:** Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>; Christina Black <cblack@bm.net>
**Cc:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena

Kimberly,

This week is not good for us.  Could we schedule a time to speak next week?  Monday and Tuesday both look good right now.

Thanks,

Michael

**From:** Kimberly Fetsick <kfetsick@hausfeld.com>
**Sent:** Monday, November 16, 2020 4:12 AM
**To:** Parikh, Trisha <tparikh@omm.com>; Christina Black <cblack@bm.net>
**Cc:** Tubach, Michael <mtubach@omm.com>; Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena


[EXTERNAL MESSAGE]

Thank you, Trisha. Can you please provide some times when you are available to meet and confer this week?

Best,
Kimberly


**Kimberly Fetsick**
Associate
kfetsick@hausfeld.com
Pronouns: she/her/hers

33 Whitehall Street
14th Floor
New York, NY 10004
646-647-1286 Direct
646-357-1100 Main
212-202-4322 Fax
**www.hausfeld.com**



This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Parikh, Trisha <tparikh@omm.com>
**Sent:** Friday, November 13, 2020 6:49 PM
**To:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>
**Cc:** Tubach, Michael <mtubach@omm.com>
**Subject:** In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena

Counsel,

Attached, please find Jayson Penn's responses and objections to the Subpoena to Produce Documents dated September 15, 2020.

Best,
Trisha

## O'Melveny

**Trisha Parikh**
tparikh@omm.com
O: +1-415-984-8952
_____

O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT 17

## Gary I. Smith, Jr.

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Wednesday, June 30, 2021 11:52 AM |
| **To:** | John Fagg |
| **Cc:** | Kimberly Fetsick; Dan Walker; Melinda R. Coolidge; Jim McLoughlin; Frank Schall |
| **Subject:** | RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.) |

John, just following up on this. Thanks, Gary.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Thursday, June 24, 2021 10:02 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** Re: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Thanks John. Talk to you next week.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

On Jun 24, 2021, at 9:45 PM, John Fagg <johnfagg@mvalaw.com> wrote:

 Gary,

I am out of the office tomorrow, but we will look at calendars on our end and come back with some proposed times for next week.

Thanks,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T:  704.331.3622 | M:  704.564.2392 | F:  704.378.2092 | E:  johnfagg@mvalaw.com

On Jun 24, 2021, at 5:27 PM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

John,

I hope all is well with you. Is there a good time tomorrow or early next week for us to touch base about the below?

Thanks,

Gary

—

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Wednesday, December 9, 2020 8:39 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan
Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim
McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In
re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

Thanks for your email.  That is fine.  We will look to hear from you after the first of the
year.

We hope you all have healthy and happy holidays.

Best regards,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 |
T:  704.331.3622 | M:  704.564.2392 | F:  704.378.2092 | E: johnfagg@mvalaw.com

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, December 8, 2020 7:18 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan
Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim
McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In
re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

John,

I hope this email finds you well. I'm writing because we'd like to revisit the issue of the
subpoena to Mr. Lovette in early 2021. We think the dialogue would be more productive
after we've made our way through the existing productions in our case. To be clear,
we're not proposing to withdraw it, just to table any meet and confers until further
down the line.

If that makes sense to you, we'll reach back out in January or so.

Thanks,

Gary


**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**



This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Tuesday, November 17, 2020 8:53 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

Are you available to speak on Thursday 4-5pm (ET) or Friday 9-10am (ET)?

Thanks,
John


John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 |
T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com


**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 16, 2020 5:54 PM
**To:** John Fagg <johnfagg@mvalaw.com>

**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

Following up on this John.


**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

<image001.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

<image001.jpg>

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Wednesday, November 11, 2020 8:33 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

This week is not going to work for us, but we are happy to speak next week.   I am waiting for a hearing to be scheduled for next week, but we will be back to you in the next day or so with some proposed times for a call next week.

Best regards,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 |
T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 9, 2020 7:06 PM
**To:** John Fagg <johnfagg@mvalaw.com>

**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>
**Subject:** Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

Dear John:

We'd like to set a time to meet and confer regarding Mr. Lovette's objections and responses to the subpoena issued in In re Broiler Chicken Grower Litigation (E.D. Okla.). Could you provide your availability late this week and continuing into the following?

Cordially,

Gary



**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

<image001.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

<image001.jpg>

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.


## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure

whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or

are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

# EXHIBIT 18

**Gary I. Smith, Jr.**

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Wednesday, June 30, 2021 11:53 AM |
| **To:** | Tubach, Michael |
| **Cc:** | Kimberly Fetsick; Dan Walker; Pletcher, Anna T. |
| **Subject:** | RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena |

Michael, following up on this.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Saturday, June 26, 2021 9:58 AM
**To:** Tubach, Michael <mtubach@omm.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Dan Walker <dwalker@bm.net>; Pletcher, Anna T. <apletcher@omm.com>
**Subject:** Re: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to 9.15.2020 Subpoena

Sounds good, if you throw out some availability we can confirm a time.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

On Jun 26, 2021, at 1:23 AM, Tubach, Michael <mtubach@omm.com> wrote:


Gary,

This week did not work for me.  Let's plan to speak next week.

Michael


On Jun 24, 2021, at 2:26 PM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:


[EXTERNAL MESSAGE]

Michael,

Is there a good time tomorrow or early next week for us to touch base?

Thanks,

Gary


—
**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Tuesday, December 8, 2020 8:21 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Christina Black <cblack@bm.net>;
Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

Gary,

This is fine.  We'll wait to hear from you further.

Michael

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, December 8, 2020 4:14 PM
**To:** Tubach, Michael <mtubach@omm.com>; Christina Black <cblack@bm.net>;
Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

[EXTERNAL MESSAGE]

Michael,

I hope this email finds you well. I know we are slated to talk Thursday, but on further
consideration, we think we'd have a more productive dialogue after we've made our
way through the existing productions in our case. We propose to adjourn our scheduled
call and take the issue back up in early 2021.

If that makes sense to you, we'll take the call off calendar.

Thanks,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

<image001.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

<image001.jpg>

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Monday, November 23, 2020 1:03 PM
**To:** Christina Black <cblack@bm.net>; Gary I. Smith, Jr. <GSmith@hausfeld.com>;
Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

Thanks.

**From:** Christina Black <cblack@bm.net>
**Sent:** Monday, November 23, 2020 9:59 AM
**To:** Tubach, Michael <mtubach@omm.com>; Gary I. Smith, Jr.
<GSmith@hausfeld.com>; Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha
<tparikh@omm.com>
**Subject:** Re: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

[EXTERNAL MESSAGE]

Hi Michael,

Gary and I are available tomorrow at 11:30am PT / 2:30pm ET.

I will send a calendar invite with call-in information.

Best,
Christina

**Christina Black / *Associate***
<image002.jpg> 215.875.3001    <image003.jpg> 248.345.8453

<image004.jpg>        <image005.jpg> <image005.jpg> <image005.jpg>

<image006.jpg> 1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Monday, November 23, 2020 12:42 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Kimberly Fetsick
<kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>; Christina Black
<cblack@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

Gary,

My apologies for not responding sooner.  Does tomorrow at 11:30 am PT work?

Michael

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Thursday, November 19, 2020 8:02 AM
**To:** Tubach, Michael <mtubach@omm.com>; Kimberly Fetsick
<kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>; Christina Black
<cblack@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

[EXTERNAL MESSAGE]

Following up on this Michael.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

<image001.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

<image001.jpg>

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 16, 2020 5:53 PM
**To:** Tubach, Michael <mtubach@omm.com>; Kimberly Fetsick
<kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>; Christina Black
<cblack@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

Michael, we're available Monday and Tuesday except for Monday between 11:00 a.m.
and 2:00 p.m. ET. Let us know what works for you and we'll send a calendar invite.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

<image007.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct

5

215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

<image008.jpg>

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Monday, November 16, 2020 1:21 PM
**To:** Kimberly Fetsick <kfetsick@hausfeld.com>; Parikh, Trisha <tparikh@omm.com>;
Christina Black <cblack@bm.net>
**Cc:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

Kimberly,

This week is not good for us.  Could we schedule a time to speak next
week?  Monday and Tuesday both look good right now.

Thanks,

Michael

---

**From:** Kimberly Fetsick <kfetsick@hausfeld.com>
**Sent:** Monday, November 16, 2020 4:12 AM
**To:** Parikh, Trisha <tparikh@omm.com>; Christina Black <cblack@bm.net>
**Cc:** Tubach, Michael <mtubach@omm.com>; Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Subject:** RE: In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena


[EXTERNAL MESSAGE]

Thank you, Trisha. Can you please provide some times when you are available to meet
and confer this week?

Best,
Kimberly


**Kimberly Fetsick**
Associate
kfetsick@hausfeld.com
Pronouns: she/her/hers

<image001.jpg>

33 Whitehall Street
14th Floor
New York, NY 10004
646-647-1286 Direct
646-357-1100 Main
212-202-4322 Fax
**www.hausfeld.com**

6

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Parikh, Trisha <tparikh@omm.com>
**Sent:** Friday, November 13, 2020 6:49 PM
**To:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>
**Cc:** Tubach, Michael <mtubach@omm.com>
**Subject:** In re Broiler Chicken Grower Litigation | Penn Responses & Objections to
9.15.2020 Subpoena

Counsel,

Attached, please find Jayson Penn's responses and objections to the Subpoena to
Produce Documents dated September 15, 2020.

Best,
Trisha

## O'Melveny

**Trisha Parikh**
tparikh@omm.com
O: +1-415-984-8952

O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny &*
*Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may*
*not read, copy, distribute, or use this information. If you have received this transmission in error,*
*please notify the sender immediately by reply e-mail and then delete this message.*

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended
solely for use by the recipient and others authorized to receive it. If you are not the recipient, you
are hereby notified that any disclosure, copying, distribution or taking action in relation of the
contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived
by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses
with brand protection, security awareness training, web security, compliance and other essential
capabilities. Mimecast helps protect large and small organizations from malicious activity, human
error and technology failure; and to lead the movement toward building a more resilient world.
To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended
solely for use by the recipient and others authorized to receive it. If you are not the recipient, you
are hereby notified that any disclosure, copying, distribution or taking action in relation of the

contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT 19

**Gary I. Smith, Jr.**

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Wednesday, July 7, 2021 11:43 AM |
| **To:** | John Fagg |
| **Cc:** | Kimberly Fetsick; Dan Walker; Melinda R. Coolidge; Jim McLoughlin; Frank Schall |
| **Subject:** | RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.) |

John, following up again. Do you have availability this week?

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, June 30, 2021 11:52 AM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

John, just following up on this. Thanks, Gary.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Thursday, June 24, 2021 10:02 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** Re: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Thanks John. Talk to you next week.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

On Jun 24, 2021, at 9:45 PM, John Fagg <johnfagg@mvalaw.com> wrote:

 Gary,

I am out of the office tomorrow, but we will look at calendars on our end and come back with some proposed times for next week.

Thanks,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Jun 24, 2021, at 5:27 PM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL – USE CAUTION**

John,

I hope all is well with you. Is there a good time tomorrow or early next week for us to touch base about the below?

Thanks,

Gary

—

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Wednesday, December 9, 2020 8:39 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

Thanks for your email.  That is fine.  We will look to hear from you after the first of the year.

We hope you all have healthy and happy holidays.

Best regards,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 |
T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, December 8, 2020 7:18 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

John,

I hope this email finds you well. I'm writing because we'd like to revisit the issue of the subpoena to Mr. Lovette in early 2021. We think the dialogue would be more productive after we've made our way through the existing productions in our case. To be clear, we're not proposing to withdraw it, just to table any meet and confers until further down the line.

If that makes sense to you, we'll reach back out in January or so.

Thanks,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com



This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Tuesday, November 17, 2020 8:53 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

Are you available to speak on Thursday 4-5pm (ET) or Friday 9-10am (ET)?

Thanks,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 |
T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 16, 2020 5:54 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

Following up on this John.

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com
Pronouns: he/him/his

<image001.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Wednesday, November 11, 2020 8:33 AM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>
**Subject:** RE: Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

Gary,

This week is not going to work for us, but we are happy to speak next week.   I am waiting for a hearing to be scheduled for next week, but we will be back to you in the next day or so with some proposed times for a call next week.

Best regards,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Monday, November 9, 2020 7:06 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Kimberly Fetsick <kfetsick@hausfeld.com>; Christina Black <cblack@bm.net>; Dan Walker <dwalker@bm.net>; Melinda R. Coolidge <mcoolidge@hausfeld.com>
**Subject:** Objections and Response to Third-Party Subpoena to William Lovette in In re Broiler Chicken Grower Litigation (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

Dear John:

We'd like to set a time to meet and confer regarding Mr. Lovette's objections and responses to the subpoena issued in In re Broiler Chicken Grower Litigation (E.D. Okla.). Could you provide your availability late this week and continuing into the following?

Cordially,

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com

Pronouns: he/him/his

<image001.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
www.hausfeld.com

<image001.jpg>

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended
solely for use by the recipient and others authorized to receive it. If you are not the recipient, you
are hereby notified that any disclosure, copying, distribution or taking action in relation of the
contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived
by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses
with brand protection, security awareness training, web security, compliance and other essential
capabilities. Mimecast helps protect large and small organizations from malicious activity, human
error and technology failure; and to lead the movement toward building a more resilient world.
To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following
communication, the information contained herein is attorney-client privileged and confidential information/work
product. The communication is intended for the use of the individual or entity named above. If the reader of this
transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying
of this communication is strictly prohibited. If you have received this communication in error or are not sure
whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or
otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended
solely for use by the recipient and others authorized to receive it. If you are not the recipient, you
are hereby notified that any disclosure, copying, distribution or taking action in relation of the
contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived
by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses
with brand protection, security awareness training, web security, compliance and other essential
capabilities. Mimecast helps protect large and small organizations from malicious activity, human
error and technology failure; and to lead the movement toward building a more resilient world.
To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following
communication, the information contained herein is attorney-client privileged and confidential information/work
product. The communication is intended for the use of the individual or entity named above. If the reader of this
transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying

of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

# EXHIBIT 20

**Gary I. Smith, Jr.**

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Tuesday, August 10, 2021 6:31 PM |
| **To:** | Dan Walker; John Fagg; Samantha Derksen |
| **Cc:** | Frank Schall; Jim McLoughlin; BroilerGrowerAT@hausfeld.com; Ellen Noteware |
| **Subject:** | RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.) |

John,

We've reached the following agreement with Mr. Penn's counsel on a briefing schedule: motions to quash or for a protective order due August 30, our response due 4 weeks after the motion, your reply due 2 weeks after the response. Does Mr. Lovette agree to that schedule and will you agree to accept service?

If not, we can simply have Mr. Lovette served and you can respond in the time provided by the Federal Rules.

Thanks,

Gary

━━

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Daniel J. Walker <dwalker@bm.net>
**Sent:** Wednesday, August 4, 2021 11:36 AM
**To:** John Fagg <johnfagg@mvalaw.com>; Samantha Derksen <sderksen@hausfeld.com>
**Cc:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Frank Schall <frankschall@mvalaw.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

John,

I am responding for Gary since he is out of pocket right now. The timeline you lay out in your email below will delay the briefing too much. We are happy to discuss a reasonable briefing schedule for your motion. But please let us know if you will accept service, not as of August 16, or whether we should proceed with serving Mr. Lovette directly.

Best regards,

Dan Walker

**Daniel J. Walker** / *Shareholder*

📞 202.559.9745    📱 206.883.8808

 

📍 2001 PENNSYLVANIA AVE., NW, SUITE 300
WASHINGTON, DC 20006

---

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Tuesday, August 3, 2021 3:11 PM
**To:** Samantha Derksen <sderksen@hausfeld.com>
**Cc:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Frank Schall <frankschall@mvalaw.com>; James McLoughlin <jimmcloughlin@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Sam and Gary,

I suspect it is an oversight with respect to the dates in the subpoena and the notice, but this is not workable.

My email below proposed to accept service as of August 16. We did not agree to accept service prior to that date. The deposition is noticed for August 18, which is just two days after service of the subpoena.

As I mentioned, I am out of the office until August 15. Your current dates will not give us time to work out a briefing schedule with Gary as he proposed in his initial email nor will the dates provide Mr. Lovette adequate time under Rule 45 to seek relief from the court as may be necessary.

Please confirm (i) the subpoena Sam sent yesterday is withdrawn, (ii) service of a to-be-issued subpoena will be deemed accepted as of August 16, (iii) Mr. Lovette's deposition will be noticed for not earlier than one month after service, and (iv) on or shortly after August 16, we will meet and confer to agree upon a briefing schedule for any court relief we intend to seek.

Best regards,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Aug 2, 2021, at 11:20 AM, Samantha Derksen <sderksen@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

Dear John,

By way of service, I have attached a revised subpoena and a deposition notice for Mr. Lovette's deposition.

All the best,
Sam

—

**SAMANTHA DERKSEN**
Associate (Registered Foreign Lawyer)
sderksen@hausfeld.com
+44 20 7936 0911 direct

## HAUSFELD

12 Gough Square
London EC4A 3DW

+44 20 7665 5000

**hausfeld.com**

This email is confidential and may be legally privileged. If you have received it in error, please contact me immediately. Hausfeld & Co. LLP is a limited liability partnership registered in the State of New York and is authorised and regulated by the Solicitors Regulation Authority ('SRA') in England & Wales with number 513826.

*As many of our team are currently working remotely in line with government guidelines, please send any correspondence to us by email rather than post. All phone lines have been redirected where appropriate and can be used as usual.*

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** 31 July 2021 00:12
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Frank Schall <frankschall@mvalaw.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

The address listed on the subpoena is not Mr. Lovette's address.  Among other reasons, we would move to quash the subpoena as currently drafted as it calls for his deposition at a location more than 100 miles from any activities referenced in Rule 45.

Please re-issue a subpoena to:

William Lovette
c/o John A Fagg, Jr.
Moore & Van Allen PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28202

Without waiver of any objections other than the geographical limitations of Rule 45, the subpoena should call for his deposition to occur in Charlotte, NC.

I am traveling for the next 2 weeks with work and vacation.  Can we please agree that we will accept service on behalf of Mr. Lovette of the to-be-issued subpoena on August 16?   Our acceptance of service is without waiver of any objections or rights other than the geographical limitation.

After service, I am happy to discuss a briefing schedule.

Thanks,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Jul 27, 2021, at 12:42 PM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

That's fine John.

___

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

On Jul 27, 2021, at 2:09 AM, John Fagg <johnfagg@mvalaw.com> wrote:

 Thanks Gary.

Can you please confirm that we can get back to you by the end of the week as to service?  If we are able to revert sooner, we will do so.   But, my schedule is very fluid at the moment because of travel on another matter.

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Jul 26, 2021, at 12:44 PM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

John, thanks for pointing that out. See the attached.

GARY I. SMITH, JR.
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you h
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Monday, July 26, 2021 1:39 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Frank Schall <frankschall@mvalaw.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

You sent me a subpoena for Jayson Penn, not William Lovette.   So, I'm not in a position to accept service.   Once we receive a subpoena for Mr. Lovette, we will review with Mr. Lovette and revert.   I am traveling today and tomorrow, so we will need time beyond tomorrow to respond.   But, I certainly anticipate that we will accept service on his behalf.

We reserve all rights to disagree over the below
recitation of the state of play.   I simply wanted to bring
to your attention the issue with the subpoena.

Thanks,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite
4700 | Charlotte, NC  28202-4003 | T:  704.331.3622 | M:  704.564.2392 |
F: 704.378.2092 | E: johnfagg@mvalaw.com

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, July 23, 2021 3:21 PM
**To:** John Fagg <johnfagg@mvalaw.com>; Frank Schall
<frankschall@mvalaw.com>; Jim McLoughlin
<jimmcloughlin@mvalaw.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware
<enoteware@bm.net>
**Subject:** In re Broiler Chicken Grower Antitrust
Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D.
Okla.)

**EXTERNAL EMAIL - USE CAUTION**

Dear John,

I write to follow up on our discussion about the
anticipated deposition of your client, William Lovette. We
have considered the suggestion to wait until after Mr.
Lovette's criminal trial to take his deposition. We
understand from our discussion that that criminal trial, as
currently scheduled, will conclude on or about December
22, 2021, which is approximately one month before the
close of our fact discovery deadline and our deadline for
expert reports (both of which are February 1, 2022). We
also understand from our discussion that Mr. Lovette
would assert his fifth amendment rights in any deposition
scheduled before his criminal trial. For any deposition
scheduled after his criminal trial, Mr. Lovette might
provide substantive testimony, but may well still assert
his fifth amendment rights after his criminal trial has
concluded.

Given these circumstances, there is no justification for
waiting to depose Mr. Lovette until the eleventh hour of
our discovery period.

I have attached a subpoena and a deposition notice for
Mr. Lovette's deposition. We assume your client would
prefer not to be visited by a process server and would
ask that you confirm that you will accept service of these

documents through this email by Tuesday July 27, 2021 to avoid us engaging a process server to effectuate service.

If you would like to discuss alternative dates or locations for the deposition, please let us know. If you intend to file a motion for a protective order, please let us know if you would like to discuss a briefing schedule. We can make ourselves available at your convenience.

Enjoy your weekend,

Gary


<image001.png>
**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*


<~WRD2582.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you h
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.


CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**
<2021.07.23 Subpoena-To-Testify-At-a-Deposition-Civil)_Lovette.pdf>


CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this

communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**
<2021.08.02 Broiler Growers Lovette Depo. Notice.pdf>
<2021.08.02 Subpoena-To-Testify-At-a-Deposition-Civil)_Lovette.pdf>

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

# EXHIBIT 21

**Gary I. Smith, Jr.**

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Tuesday, August 10, 2021 6:38 PM |
| **To:** | Tubach, Michael |
| **Subject:** | RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.) |

We understood, thanks Michael.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Tuesday, August 10, 2021 6:37 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Dan Walker <dwalker@bm.net>; Pletcher, Anna T. <apletcher@omm.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Typing too fast. Meant "accepting" service.

**From:** Tubach, Michael
**Sent:** Tuesday, August 10, 2021 3:31 PM
**To:** 'Gary I. Smith, Jr.' <GSmith@hausfeld.com>; Dan Walker <dwalker@bm.net>; Pletcher, Anna T. <apletcher@omm.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Yes, we are expecting service, with the understanding that whatever date you put in the subpoena will need to be adjusted to reflect the court's ruling and our various schedules. I assume the date you are putting in the subpoena is a placeholder.

Thanks,

Michael

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, August 10, 2021 3:26 PM
**To:** Tubach, Michael <mtubach@omm.com>; Dan Walker <dwalker@bm.net>; Pletcher, Anna T. <apletcher@omm.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

[EXTERNAL MESSAGE]

Michael,

Since we've reached agreement on a briefing schedule, can you confirm you'll be accepting service, too? If you could let us know soon on that we can make sure it doesn't go out for personal service - I believe it was slated to go out tomorrow.

Thanks,

Gary

---

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Tuesday, August 10, 2021 6:07 PM
**To:** Dan Walker <dwalker@bm.net>; Gary I. Smith, Jr. <GSmith@hausfeld.com>; Pletcher, Anna T. <apletcher@omm.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Dan,

I was traveling last week, so apologies for not getting back to you sooner.  We are fine with the briefing schedule you have proposed.

Best regards,

Michael

---

**From:** Daniel J. Walker <dwalker@bm.net>
**Sent:** Monday, August 2, 2021 4:40 PM
**To:** Tubach, Michael <mtubach@omm.com>; Gary I. Smith, Jr. <GSmith@hausfeld.com>; Pletcher, Anna T. <apletcher@omm.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)


[EXTERNAL MESSAGE]

Michael,

I am responding because Gary is out of pocket.

Here is a suggested briefing schedule: You file your motion on August 30; we have 4 weeks to respond; you have 2 weeks to reply. Unfortunately, we cannot offer more than that given the schedules in our case and Mr. Penn's case. Please let us know if this works for you.

Please also confirm that you are accepting service, otherwise we will need to serve Mr. Penn directly.

Best regards,

Dan


**Daniel J. Walker** / *Shareholder*
☐ 202.559.9745   ☐ 206.883.8808

☐

☐ ☐ ☐

☐ 2001 PENNSYLVANIA AVE., NW, SUITE 300
WASHINGTON, DC 20006

---

**From:** Tubach, Michael <mtubach@omm.com>
**Sent:** Monday, August 2, 2021 12:39 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Pletcher, Anna T. <apletcher@omm.com>

**Cc:** [BroilerGrowerAT@hausfeld.com](mailto:BroilerGrowerAT@hausfeld.com); Ellen Noteware <[enoteware@bm.net](mailto:enoteware@bm.net)>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

Thanks for following up.  I will accept service of the subpoena on Jayson Penn's behalf once we agree on a briefing schedule for the motion for a protective order.  The date you put in the subpoena (August 23) is obviously too soon.  Do you have a suggestion in that regard?

Best regards,

Michael

**From:** Gary I. Smith, Jr. <[GSmith@hausfeld.com](mailto:GSmith@hausfeld.com)>
**Sent:** Sunday, August 1, 2021 12:41 PM
**To:** Tubach, Michael <[mtubach@omm.com](mailto:mtubach@omm.com)>; Pletcher, Anna T. <[apletcher@omm.com](mailto:apletcher@omm.com)>
**Cc:** [BroilerGrowerAT@hausfeld.com](mailto:BroilerGrowerAT@hausfeld.com); Ellen Noteware <[enoteware@bm.net](mailto:enoteware@bm.net)>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)


[EXTERNAL MESSAGE]

Checking in on this Michael.


**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Tubach, Michael <[mtubach@omm.com](mailto:mtubach@omm.com)>
**Sent:** Tuesday, July 27, 2021 9:05 PM
**To:** Gary I. Smith, Jr. <[GSmith@hausfeld.com](mailto:GSmith@hausfeld.com)>; Pletcher, Anna T. <[apletcher@omm.com](mailto:apletcher@omm.com)>
**Cc:** [BroilerGrowerAT@hausfeld.com](mailto:BroilerGrowerAT@hausfeld.com); Ellen Noteware <[enoteware@bm.net](mailto:enoteware@bm.net)>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

I was on vacation last week and have not had a chance to speak with Jayson Penn about this yet.  I will do so and get back to you by Friday of this week.  Please let me know if you have any questions.

Best regards,

Michael

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, July 23, 2021 12:21 PM
**To:** Tubach, Michael <mtubach@omm.com>; Pletcher, Anna T. <apletcher@omm.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

[EXTERNAL MESSAGE]

Michael,

I write to follow up on our discussion about the anticipated deposition of your client, Jayson Penn. We have considered the suggestion to wait until after Mr. Penn's criminal trial to take his deposition. We understand from our discussion that that criminal trial, as currently scheduled, will conclude on or about December 22, 2021, which is approximately one month before the close of our fact discovery deadline and our deadline for expert reports (both of which are February 1, 2022). We also understand from our discussion that Mr. Penn would assert his fifth amendment rights in any deposition scheduled before his criminal trial. For any deposition scheduled after his criminal trial, Mr. Penn might provide substantive testimony, but may well still assert his fifth amendment rights after his criminal trial has concluded.

Given these circumstances, there is no justification for waiting to depose Mr. Penn until the eleventh hour of our discovery period.

I have attached a subpoena and a deposition notice for Mr. Penn's deposition. We assume your client would prefer not to be visited by a process server and would ask that you confirm that you will accept service of these documents through this email by Tuesday July 27, 2021 to avoid us engaging a process server to effectuate service.

If you would like to discuss alternative dates or locations for the deposition, please let us know. If you intend to file a motion for a protective order, please let us know if you would like to discuss a briefing schedule. We can make ourselves available at your convenience.

Enjoy your weekend,

Gary

---

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*



325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

# EXHIBIT 22

**Gary I. Smith, Jr.**

| | |
|---|---|
| **From:** | John Fagg <johnfagg@mvalaw.com> |
| **Sent:** | Thursday, August 19, 2021 10:09 AM |
| **To:** | Gary I. Smith, Jr. |
| **Cc:** | Jim McLoughlin; Dan Walker; Samantha Derksen; Frank Schall; BroilerGrowerAT@hausfeld.com; Ellen Noteware |
| **Subject:** | Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.) |

Gary,

I'm still pretty under the weather, but thanks for asking.

This email confirms service of the subpoena on Mr Lovette, which is subject to your agreement that the deposition date is flexible based on the motions practice set forth below.   This email also confirms the briefing schedule set out below.

Best,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Aug 19, 2021, at 9:35 AM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

John,

I hope you are doing better than the last time we chatted. I still haven't seen a response to the below although I believe you confirmed everything except venue over the phone. Can you, or someone in your office, please confirm the same by email?

Thanks,

Gary

—
**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

1

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Tuesday, August 17, 2021 1:15 PM
**To:** John Fagg <johnfagg@mvalaw.com>
**Cc:** Jim McLoughlin <jimmcloughlin@mvalaw.com>; Dan Walker <dwalker@bm.net>; Samantha Derksen <sderksen@hausfeld.com>; Frank Schall <frankschall@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

John,

Please see the attached and confirm that you have accepted service and that you agree to the briefing schedule set out below. Please also confirm, by separate email if necessary, that we'll address this in the Eastern District of Oklahoma where the MDL was created.

Thanks,

Gary

—
**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Tuesday, August 17, 2021 12:18 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Jim McLoughlin <jimmcloughlin@mvalaw.com>; Dan Walker <dwalker@bm.net>; Samantha Derksen <sderksen@hausfeld.com>; Frank Schall <frankschall@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

I will call you within the hour.

Thanks

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Aug 17, 2021, at 12:17 PM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

I just left John a voicemail. I hope he had a nice vacation. We need a response here, can someone please advise?

Thanks much.

—

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Jim McLoughlin <jimmcloughlin@mvalaw.com>
**Sent:** Tuesday, August 10, 2021 7:08 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Dan Walker <dwalker@bm.net>; John Fagg <johnfagg@mvalaw.com>; Samantha Derksen <sderksen@hausfeld.com>
**Cc:** Frank Schall <frankschall@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,
John is on vacation in a remote location in the West on vacation until the weekend. We will try to reach him, but it may be a few days before we respond.

Jim

---

**From:** "Gary I. Smith, Jr." <GSmith@hausfeld.com>
**Date:** Tuesday, August 10, 2021 at 6:31 PM
**To:** Dan Walker <dwalker@bm.net>, John Fagg <johnfagg@mvalaw.com>, Samantha Derksen <sderksen@hausfeld.com>
**Cc:** Frank Schall <frankschall@mvalaw.com>, Jim McLoughlin <jimmcloughlin@mvalaw.com>, "BroilerGrowerAT@hausfeld.com" <BroilerGrowerAT@hausfeld.com>, Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

John,

We've reached the following agreement with Mr. Penn's counsel on a briefing schedule: motions to quash or for a protective order due August 30, our response due 4 weeks after the motion, your reply due 2 weeks after the response. Does Mr. Lovette agree to that schedule and will you agree to accept service?

If not, we can simply have Mr. Lovette served and you can respond in the time provided by the Federal Rules.

Thanks,

Gary

--
**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct

4

*Pronouns: he/him/his*



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this me
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Daniel J. Walker <dwalker@bm.net>
**Sent:** Wednesday, August 4, 2021 11:36 AM
**To:** John Fagg <johnfagg@mvalaw.com>; Samantha Derksen <sderksen@hausfeld.com>
**Cc:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Frank Schall <frankschall@mvalaw.com>;
Jim McLoughlin <jimmcloughlin@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen
Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-
RJS-CMR (E.D. Okla.)

John,

I am responding for Gary since he is out of pocket right now. The
timeline you lay out in your email below will delay the briefing too
much. We are happy to discuss a reasonable briefing schedule for
your motion. But please let us know if you will accept service, not as
of August 16, or whether we should proceed with serving Mr. Lovette
directly.

Best regards,

Dan Walker


**Daniel J. Walker** / *Shareholder*
202.559.9745    206.883.8808

_____



2001 PENNSYLVANIA AVE., NW, SUITE 300
WASHINGTON, DC 20006

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Tuesday, August 3, 2021 3:11 PM

**To:** Samantha Derksen <sderksen@hausfeld.com>
**Cc:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Frank Schall <frankschall@mvalaw.com>;
James McLoughlin <jimmcloughlin@mvalaw.com>; BroilerGrowerAT@hausfeld.com;
Ellen Noteware <enoteware@bm.net>
**Subject:** Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-
RJS-CMR (E.D. Okla.)

Sam and Gary,

I suspect it is an oversight with respect to the dates in the subpoena and the notice, but
this is not workable.

My email below proposed to accept service as of August 16.  We did not agree to accept
service prior to that date.  The deposition is noticed for August 18, which is just two
days after service of the subpoena.

As I mentioned, I am out of the office until August 15.  Your current dates will not give
us time to work out a briefing schedule with Gary as he proposed in his initial email nor
will the dates provide Mr. Lovette adequate time under Rule 45 to seek relief from the
court as may be necessary.

Please confirm (i) the subpoena Sam sent yesterday is withdrawn, (ii) service of a to-be-
issued subpoena will be deemed accepted as of August 16, (iii) Mr. Lovette's deposition
will be noticed for not earlier than one month after service, and (iv) on or shortly after
August 16, we will meet and confer to agree upon a briefing schedule for any court relief
we intend to seek.

Best regards,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-
4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Aug 2, 2021, at 11:20 AM, Samantha Derksen
<sderksen@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

Dear John,

By way of service, I have attached a revised subpoena and a deposition
notice for Mr. Lovette's deposition.

All the best,
Sam

**SAMANTHA DERKSEN**
Associate (Registered Foreign Lawyer)
sderksen@hausfeld.com

+44 20 7936 0911 direct



12 Gough Square

London EC4A 3DW

+44 20 7665 5000

**hausfeld.com**

This email is confidential and may be legally privileged. If you have received it in error, please contact me immediately. Hausfeld & liability partnership registered in the State of New York and is authorised and regulated by the Solicitors Regulation Authority ('SRA') with number 513826.

*\* As many of our team are currently working remotely in line with government guidelines, please send any correspondence to than post. All phone lines have been redirected where appropriate and can be used as usual.*

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** 31 July 2021 00:12
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Frank Schall <frankschall@mvalaw.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

The address listed on the subpoena is not Mr. Lovette's address.  Among other reasons, we would move to quash the subpoena as currently drafted as it calls for his deposition at a location more than 100 miles from any activities referenced in Rule 45.

Please re-issue a subpoena to:

William Lovette
c/o John A Fagg, Jr.
Moore & Van Allen PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28202

Without waiver of any objections other than the geographical limitations of Rule 45, the subpoena should call for his deposition to occur in Charlotte, NC.

I am traveling for the next 2 weeks with work and vacation.  Can we please agree that we will accept service on behalf of Mr. Lovette of the to-be-issued subpoena on August 16?  Our acceptance of service is without waiver of any objections or rights other than the geographical limitation.

After service, I am happy to discuss a briefing schedule.

Thanks,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T: 704.331.3622 | M: 704.564.2392 | F: 704.378.2092 |
E: johnfagg@mvalaw.com

On Jul 27, 2021, at 12:42 PM, Gary I. Smith, Jr.
<GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

That's fine John.

---

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you h
error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

On Jul 27, 2021, at 2:09 AM, John Fagg
<johnfagg@mvalaw.com> wrote:

Thanks Gary.

Can you please confirm that we can get
back to you by the end of the week as
to service?  If we are able to revert
sooner, we will do so.   But, my
schedule is very fluid at the moment
because of travel on another matter.

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100
North Tryon Street, Suite 4700 | Charlotte, North

Carolina 28202-4003 | T:  704.331.3622 |
M:  704.564.2392 | F:  704.378.2092 |
E: johnfagg@mvalaw.com

On Jul 26, 2021, at
12:44 PM, Gary I.
Smith, Jr.
<GSmith@hausfeld.co
m> wrote:

**EXTERNAL EMAIL –
USE CAUTION**

John, thanks for
pointing that out. See
the attached.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct
*Pronouns: he/him/his*



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information
error, please notify the sender by reply transmission and delete the message without copying or disclo

**From:** John Fagg
<johnfagg@mvalaw.co
m>
**Sent:** Monday, July 26,
2021 1:39 PM
**To:** Gary I. Smith, Jr.
<GSmith@hausfeld.co
m>; Frank Schall
<frankschall@mvalaw.c
om>; Jim McLoughlin
<jimmcloughlin@mvala
w.com>
**Cc:**
BroilerGrowerAT@haus
feld.com; Ellen
Noteware

9

<enoteware@bm.net>
**Subject:** RE: In re
Broiler Chicken Grower
Antitrust Litigation No.
II, MDL No. 6:20-2977-
RJS-CMR (E.D. Okla.)

Gary,

You sent me a
subpoena for Jayson
Penn, not William
Lovette.   So, I'm not in
a position to accept
service.   Once we
receive a subpoena for
Mr. Lovette, we will
review with Mr. Lovette
and revert.   I am
traveling today and
tomorrow, so we will
need time beyond
tomorrow to
respond.  But, I
certainly anticipate that
we will accept service
on his behalf.

We reserve all rights to
disagree over the below
recitation of the state
of play.   I simply
wanted to bring to your
attention the issue with
the subpoena.

Thanks,
John

_____

John A. Fagg, Jr. | Moore & Van
Allen PLLC | 100 North Tryon
Street, Suite 4700 | Charlotte,
NC  28202-4003 |
T:  704.331.3622 |
M:  704.564.2392 |
F: 704.378.2092 |
E: johnfagg@mvalaw.com

_____

**From:** Gary I. Smith, Jr.
<GSmith@hausfeld.co

m>
**Sent:** Friday, July 23, 2021 3:21 PM
**To:** John Fagg <johnfagg@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>
**Cc:** BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

EXTERNAL EMAIL – USE CAUTION

Dear John,

I write to follow up on our discussion about the anticipated deposition of your client, William Lovette. We have considered the suggestion to wait until after Mr. Lovette's criminal trial to take his deposition. We understand from our discussion that that criminal trial, as currently scheduled, will conclude on or about December 22, 2021, which is approximately one month before the close of our fact discovery deadline and our deadline for expert reports (both of which are February 1, 2022). We also understand from our discussion that Mr. Lovette would assert his fifth amendment rights in any deposition scheduled before his criminal trial. For any

deposition scheduled after his criminal trial, Mr. Lovette might provide substantive testimony, but may well still assert his fifth amendment rights after his criminal trial has concluded.

Given these circumstances, there is no justification for waiting to depose Mr. Lovette until the eleventh hour of our discovery period.

I have attached a subpoena and a deposition notice for Mr. Lovette's deposition. We assume your client would prefer not to be visited by a process server and would ask that you confirm that you will accept service of these documents through this email by Tuesday July 27, 2021 to avoid us engaging a process server to effectuate service.

If you would like to discuss alternative dates or locations for the deposition, please let us know. If you intend to file a motion for a protective order, please let us know if you would like to discuss a briefing schedule. We can make ourselves available at your convenience.

Enjoy your weekend,

Gary


<image001.png>
**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267 702 2318 direct

*Pronouns: he/him/his*

<~WRD2582.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information
error, please notify the sender by reply transmission and delete the message without copying or disclo

CONFIDENTIAL & PRIVILEGED
Unless otherwise indicated or
obvious from the nature of the
following communication, the
information contained herein is
attorney-client privileged and
confidential information/work
product. The communication is
intended for the use of the
individual or entity named
above. If the reader of this
transmission is not the
intended recipient, you are
hereby notified that any
dissemination, distribution or
copying of this communication
is strictly prohibited. If you
have received this
communication in error or are
not sure whether it is
privileged, please immediately
notify us by return e-mail and
destroy any copies, electronic,
paper or otherwise, which you
may have of this
communication. Thank You.

**Moore & Van Allen**
<2021.07.23 Subpoena-
To-Testify-At-a-
Deposition-
Civil)_Lovette.pdf>

CONFIDENTIAL & PRIVILEGED Unless otherwise
indicated or obvious from the nature of the
following communication, the information contained
herein is attorney-client privileged and confidential
information/work product. The communication is
intended for the use of the individual or entity
named above. If the reader of this transmission is
not the intended recipient, you are hereby notified
that any dissemination, distribution or copying of
this communication is strictly prohibited. If you
have received this communication in error or are

not sure whether it is privileged, please immediately
notify us by return e-mail and destroy any copies,
electronic, paper or otherwise, which you may have
of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the
following communication, the information contained herein is attorney-client privileged and
confidential information/work product. The communication is intended for the use of the
individual or entity named above. If the reader of this transmission is not the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error or are
not sure whether it is privileged, please immediately notify us by return e-mail and destroy
any copies, electronic, paper or otherwise, which you may have of this communication. Thank
You.

**Moore & Van Allen**
<2021.08.02 Broiler Growers Lovette Depo. Notice.pdf>
<2021.08.02 Subpoena-To-Testify-At-a-Deposition-Civil)_Lovette.pdf>

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following
communication, the information contained herein is attorney-client privileged and confidential information/work
product. The communication is intended for the use of the individual or entity named above. If the reader of this
transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying
of this communication is strictly prohibited. If you have received this communication in error or are not sure
whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or
otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following
communication, the information contained herein is attorney-client privileged and confidential information/work
product. The communication is intended for the use of the individual or entity named above. If the reader of this
transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying
of this communication is strictly prohibited. If you have received this communication in error or are not sure
whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or
otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information
contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of
the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or
are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or
otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is
attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If
the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and
destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

# EXHIBIT 23

## Gary I. Smith, Jr.

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Wednesday, September 8, 2021 11:19 AM |
| **To:** | John Fagg |
| **Cc:** | Tubach, Michael; Jim McLoughlin; Frank Schall; Pletcher, Anna T.; BroilerGrowerAT@hausfeld.com; Ellen Noteware |
| **Subject:** | RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.) |

Alright, we'll get this on file with those modifications.

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267-702-2318 direct
*Pronouns: he/him/his*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Tuesday, September 7, 2021 3:44 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Cc:** Tubach, Michael <mtubach@omm.com>; Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>; Pletcher, Anna T. <apletcher@omm.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** Re: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

In the interest of good faith, we will split the difference.  We will agree that Plaintiffs' responses to the motions are due September 24 and the replies from Penn and Lovette are due October 8.

Thanks,
John

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, North Carolina 28202-4003 | T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

On Sep 7, 2021, at 9:20 AM, Gary I. Smith, Jr. <GSmith@hausfeld.com> wrote:

**EXTERNAL EMAIL - USE CAUTION**

Thanks John. We were a little surprised to see in the Penn briefing that the compressed window between the close of briefing and the beginning of trial is a concern, given that we understood you all to want the briefing schedule pushed back further and we thought we were making an accommodation for you in doing so. To address the concern raised in the Penn brief as much as we can, we would propose that plaintiffs file their brief on September 20 and you two file your replies on October 4. That still gives you two weeks for reply, but leaves more time between the close of briefing and your trial start date. Work for you? If so we'll modify, run by you, and get this on file with your ok.

---

**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267-702-2318 direct
*Pronouns: he/him/his*



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Fagg <johnfagg@mvalaw.com>
**Sent:** Friday, September 3, 2021 5:10 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Tubach, Michael <mtubach@omm.com>
**Cc:** Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>; Pletcher, Anna T. <apletcher@omm.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** RE: In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Gary,

Attached are comments on behalf of Jayson Penn and Bill Lovette.   I do not expect any of these comments will be controversial.  But, let me know if you would like to discuss.

Best,
John

---

John A. Fagg, Jr. | Moore & Van Allen PLLC | 100 North Tryon Street, Suite 4700 | Charlotte, NC  28202-4003 | T:  704.331.3622 | M:  704.564.2392 | F: 704.378.2092 | E: johnfagg@mvalaw.com

---

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Wednesday, September 1, 2021 8:12 PM
**To:** John Fagg <johnfagg@mvalaw.com>; Tubach, Michael <mtubach@omm.com>
**Cc:** Jim McLoughlin <jimmcloughlin@mvalaw.com>; Frank Schall <frankschall@mvalaw.com>; Pletcher, Anna T. <apletcher@omm.com>; BroilerGrowerAT@hausfeld.com; Ellen Noteware <enoteware@bm.net>
**Subject:** In re Broiler Chicken Grower Antitrust Litigation No. II, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

**EXTERNAL EMAIL - USE CAUTION**

John, Michael,

Attached and following a discussion with John last night is a joint motion memorializing our agreed briefing schedule on the motions filed this Monday.

We'd like to get on file tomorrow. Let us know if you have any edits.

Thanks,

Gary

<image001.png>
**GARY I. SMITH, JR.**
Partner
gsmith@hausfeld.com
+1 267-702-2318 direct

<~WRD0304.jpg>

325 Chestnut Street
Suite 900
Philadelphia, PA 19106
+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**

# EXHIBIT 24

## Gary I. Smith, Jr.

| | |
|---|---|
| **From:** | Gary I. Smith, Jr. |
| **Sent:** | Wednesday, June 10, 2020 8:50 AM |
| **To:** | Dahnke, Robert; Mahan, Carrie; PilgrimsPride Growers Service |
| **Cc:** | BroilerGrowerAT@hausfeld.com |
| **Subject:** | RE: In re Broiler Chicken Grower Litigation, No. 17-33-RJS-SPS (E.D. Okla.) |

Robert,

Thanks for your response.

We do not see a need to meet and confer at this time. Plaintiffs reserve all rights to seek Mr. Austin as a custodian or a deponent if future developments, in discovery or otherwise, lead us to believe that Mr. Austin was involved in the conspiracy alleged in this action.

Gary

**From:** Dahnke, Robert <Robert.Dahnke@weil.com>
**Sent:** Monday, June 8, 2020 7:02 PM
**To:** Gary I. Smith, Jr. <GSmith@hausfeld.com>; Mahan, Carrie <Carrie.Mahan@weil.com>; PilgrimsPride Growers Service <PilgrimsPride.Growers.Service@weil.com>
**Cc:** BroilerGrowerAT@hausfeld.com
**Subject:** RE: In re Broiler Chicken Grower Litigation, No. 17-33-RJS-SPS (E.D. Okla.)

Hi, Gary –

Thank you for your message.

Roger Austin is a retired Pilgrim's sales employee who retired from the company in August 2018.  During the relevant time period, Mr. Austin's job responsibilities solely involved the sale of broiler chicken products and he had no oversight or responsibility for anything related to live production – including grower compensation, contracting, or hiring practices at Pilgrim's.

Hopefully this message resolves this issue.  We do not believe a meet and confer is necessary.

Best,
Robert



**Robert A. Dahnke**

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
robert.dahnke@weil.com
+1 202 682 7084 Direct
+1 713 851 1505 Mobile

**From:** Gary I. Smith, Jr. <GSmith@hausfeld.com>
**Sent:** Friday, June 5, 2020 4:21 PM
**To:** Dahnke, Robert <Robert.Dahnke@weil.com>; Mahan, Carrie <Carrie.Mahan@weil.com>; PilgrimsPride Growers Service <PilgrimsPride.Growers.Service@weil.com>
**Cc:** BroilerGrowerAT@hausfeld.com
**Subject:** In re Broiler Chicken Grower Litigation, No. 17-33-RJS-SPS (E.D. Okla.)

Robert,

Pilgrim's previously identified Jayson Penn as a relevant custodian. During our meet and confers concerning custodian negotiations, Plaintiffs proposed on May 5, 2020 that Jayson Penn's files be searched for the entire agreed upon time period irrespective of what positions he held, which Pilgrim's accepted. As you know, for every other custodian, Plaintiffs agreed that Pilgrim's need not search the files during periods where they did not hold a relevant position, except for a brief agreed-upon onboarding period.

Pilgrim's did not identify Roger Austin as a relevant custodian. We would like to understand why. Does Mr. Austin have no oversight or responsibility for grower compensation, contracting, or hiring practices at Pilgrim's? I would also note that neither Mr. Austin or Mr. Austin's position were reflected on the organization chart Pilgrim's provided to Plaintiffs during our meet and confer process.

Can Pilgrim's propose some times next week to meet and confer regarding why Roger Austin was not proposed as a custodian in this action?

Gary

**Gary I. Smith, Jr.**
Partner
GSmith@hausfeld.com



325 Chestnut Street
Suite 900
Philadelphia, PA 19106
267-702-2318 Direct
215-985-3270 Main
215-985-3271 Fax
**www.hausfeld.com**
vCard | LinkedIn



This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

**Total Control Panel**                                                                                   Login

To: gsmith@hausfeld.com                        Remove this sender from my allow list
From: robert.dahnke@weil.com

*You received this message because the sender is on your allow list.*