UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
OKLAHOMA

| | |
|---|---|
| IN RE BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO. II)<br><br>This Document Relates to All Actions | Case No. 6:20-md-02977-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Cecilia M. Romero |

**ORDER GRANTING NON-PARTY JAYSON PENN'S MOTION FOR
LEAVE TO INTERVENE AND FOR ENTRY OF A PROTECTIVE
ORDER AND GRANTING IN PART AND DENYING IN PART NON-
PARTY WILLIAM LOVETTE'S MOTION TO QUASH PLAINTIFFS'
THIRD-PARTY DEPOSITION SUBPOENA OR, IN THE
<u>ALTERNATIVE, FOR A PROTECTIVE ORDER</u>**

Before the court is non-party Jayson Penn's (Penn) Motion for Leave to Intervene and for Entry of a Protective Order and Memorandum of Law in Support (ECF 157, 158) and non-party William Lovette's (Lovette) Motion to Quash Plaintiffs' Third-Party Deposition Subpoena or, in the Alternative, for a Protective Order to Stay Deposition and Memorandum in Support (ECF 160, 161) (collectively Motions). In the Motions, both Penn and Lovette[1] seek a court order staying their respective depositions in this matter pending the resolution of a criminal trial which is scheduled to begin on October 25, 2021 and conclude on December 22, 2021.

### I.   BACKGROUND

Plaintiffs, a class of broiler chicken growers, have filed this action against several poultry companies claiming these companies engaged in antirust and unfair competition by unlawful

---

[1] Lovette has also asked this court to quash the third-party deposition subpoena served on him because it imposes an undue burden, however the bulk of his Memorandum in Support of Motion (ECF 161) and the only arguments in his Reply focus on his alternative request for relief, which is a stay of his deposition (ECF 193-1). Considering this Order, the court finds it unnecessary to address the request to quash the subpoena, and on that basis denies the request.

1

agreements not to compete for the Plaintiffs' growing services with the purpose of fixing the compensation levels below a competitive rate (ECF 59). Plaintiffs seek damages "incurrent on or after January 27, 2013" (ECF 59 ¶ 156). Plaintiffs have reached a settlement with roughly half of the Defendants (ECF 144, 145, 146). The remaining Defendants include Pilgrim's Pride Corporation (Pilgrim's Pride); Sanderson Farms, Inc., Sanderson Farms, Inc., Sanderson Farms, Inc. Processing Division, and Sanderson Farms, Inc. Production Division; and Koch Foods, Inc. and Koch Meat Co., Inc. (collectively Non-Settling Defendants).

Penn and Lovette were former chief executive officers of Pilgrim's Pride (ECF 158 at 2 and 161 at 2). Plaintiffs describe Penn and Lovette as "central figures in Defendants' scheme to suppress grower compensation" (ECF 172-1 at 2). Both Penn and Lovette (along with others) are named defendants in three actions, one of which is a criminal matter set for trial wherein the Superseding Indictment alleges antitrust offenses related to alleged bid-rigging and price-fixing in connection with the sale of broiler chicken from 2012 through at least early 2019. *See United States v. Jayson Penn et al.*, 1:20-cr-00152-PAB (D. Colo. Oct. 6, 2020) (ECF 159-1), hereinafter referred to as the Criminal Proceeding.[2] Trial in the Criminal Proceeding is set to begin October 25, 2021 and is scheduled to conclude December 22, 2021 (*See* Criminal Proceeding, ECF 267). Plaintiffs seek to depose Penn and Lovette in the present matter as fact witnesses to cover the period during their employment with Pilgrim's Pride.

In their Motions, Penn and Lovette assert that being deposed in this civil matter would require each to decide whether to invoke their Fifth Amendment privilege against self-incrimination (thereby exposing them to a potential adverse inference in the Shareholder

---

[2] The other two matters are civil cases entitled *U.F.C.W. Int'l Union Local 464A v. Pilgrim's Pride Corp.*, No. 1:20-cv-01966-RM-MEH (D. Colo. July 6, 2020) and *In re Pilgrim's Pride Corp. Derivative Litig.*, Case No. 2017cv30207 (Wel. Cty., Colo. Dist. Ct.) (collectively Shareholder Derivative Actions).

2

Derivative Actions) or waive the privilege and thereby prejudice any defense in the Criminal Proceeding.

Plaintiffs oppose the Motions. *See* Plaintiffs' Omnibus Opposition to Non-Parties Penn's and Lovette's Motions to Stay Their Depositions (Opposition) (ECF 172). Neither the Non-Settling Defendants nor the prosecutor in the Criminal Proceeding have submitted any position with respect to the Motions.

## II.     MOTION TO INTERVENE

As an initial matter, the court finds both Penn and Lovette have standing to intervene under Federal Rule of Civil Procedure Rule 24(a)(2). Both Penn and Lovette have significant protectable interests in this litigation and those interests may be impaired if the court denies their efforts to intervene. Moreover, the existing parties do not adequately represent Penn and Lovette's interests, Plaintiffs do not oppose the requests to intervene, and the Motions were timely filed. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quoting *Coalition of Ariz./N.M. Counties v. Dep't. of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (Under Rule 24(a)(2) "an applicant may intervene as of right if: (1) the application is 'timely'; (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be 'impaired or impeded'; and (4) 'the applicant's interest is not adequately represented by existing parties.'")). Therefore, the court finds Penn and Lovette may intervene for the limited purpose of filing and resolving the present Motions.

## III.     MOTION FOR PROTECTIVE ORDER

**A. LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause,

3

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The entry of a protective order "is left to the sound discretion of the district court." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).  Generally, the party requesting a protective order "bears the burden to show that good cause exists for the issuance of a protective order." *O'Hare v. TRS Recovery Servs., Inc.*, No. 08-cv-01735-RPM-KLM, 2008 WL 5169519, at *2 (D. Colo. Dec. 9, 2008).  In determining whether good cause exists, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and serious injury.'" *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).  The court may stay parallel civil litigation during the pendency of a criminal case if the interests of justice seem to require it.  *Graham for Est. of Huff v. Garfield Cty. Det. Ctr.*, Civ. 17-63-M, 2018 WL 4035971, *2 (W.D. Okla. Aug. 23, 2018) (internal citation omitted).  The Tenth Circuit has provided that a stay in a civil case due to pending criminal charges is generally not required "absent substantial prejudice to a party's rights." *Garcia v. City of Leavenworth, Kansas*, No. 19-2049-JAR-KGG, 2019 WL 3302306, at *4 (D. Kan. July 23, 2019).  Moreover, while the court must "consider the extent to which a party's Fifth Amendment Rights are implicated[,] . . . a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege . . . ." *Id*.

Courts considers six factors to determine whether to stay civil discovery targeted to a defendant while their related criminal proceeding is pending: "[1] the extent to which the civil and criminal cases overlap, [2] the status of the criminal case, [3] prejudice to the plaintiff if the case is stayed, [4] the interests of the defendant, and [5-6] the interests of the public and the

4

court." *Id*. at *4-6.

## B. DISCUSSION

### 1. Substantial Overlap of the Issues

"The extent of overlap is the 'most important factor in ruling on a motion to stay.'" *S.E.C. v. Gordon*, No. 09-CV-0061-CVE-FHM, 2009 WL 2252119, at *4 (N.D. Okla. July 28, 2009) (citing *S.E.C. v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. 2008)).

Plaintiffs argue there is no overlap between the instant matter and the Criminal Proceeding. Plaintiffs assert that because the anti-trust violations Penn and Lovette are indicted under in the Criminal Proceeding relate to an alleged conspiracy targeted at *purchasers* (national restaurants chains, grocery stores, and other purchasers) of large volumes of broiler chicken, *not the growers*, who suffered different harms, there is no substantive overlap of issues in this matter and the Criminal Proceeding (ECF 172-1 at 1). Plaintiffs essentially argue because this matter focuses on "*grower-facing* conspiracy" not *sales-facing* conduct, there is no overlap (ECF 172-1 at 7-8). The court disagrees. While there is not complete overlap in that some of the parties may be different and therefore some of the facts may differ, there is substantial overlap in the *conduct* at issue in the present matter and the Criminal Proceeding. Despite Plaintiffs' argument to the contrary, the time period of Plaintiffs' allegations falls directly within the period charged in the Criminal Proceeding and includes the same type of behavior and conduct that the Superseding Indictment has charged Penn and Lovette—specifically the illegal exchange of non-public information and communications regarding the bids and compensation prices for broiler chicken. Plaintiffs themselves concede they plan to depose Penn and Lovette regarding how they obtained competitors' information —the existence of which is a central issue in the Criminal Proceeding. Overall, the court finds this factor weighs in favor of imposing a limited stay of discovery

against Penn and Lovette.[3]

### 2. Status of the Criminal Proceeding

There is case law to support Penn and Lovette's positions that a stay in civil proceedings is justified where a defendant is under indictment (ECF 158 at 11; and 161 at 9). *See, e.g., Berreth v. Frazee*, Case No. 19-cv-0027, 2019 WL 10250759, at *3 (D. Colo. Apr. 1, 2019) (Finding the six factors weigh in favor of imposing stay of the civil proceedings pending resolution of a criminal case where a complaint had been returned); *Gordon*, 2009 WL 2252119, at *1-2 and 6 (granting United States' motion to stay where a civil complaint and indictment were both filed); *United States v. Arnold*, No. Civ-07-753-C, 2008 WL 2037270, at *1 (W.D. Okla. May 8, 2008) (denying motion to stay where a civil complaint had been filed but only a criminal investigation was underway). However, Plaintiffs point to *In re CFS-Related Sec. Fraud Litig.*, an earlier 2003 case that summarizes the authority, ultimately explaining that after a "criminal indictment has been filed, courts are split as to the propriety of imposing a stay." 256 F. Supp. 2d at 1237 at *1238. Notwithstanding, the court in *In re CFS-Related Sec. Fraud Litig.*, recognizes "the issue of whether a defendant has been indicated is material." *Id*. at 1237. The court agrees. Here Penn and Lovette are under a Superseding Indictment with a trial start date just days away and are seeking a stay in order to avoid choosing between their Fifth Amendment rights against self-incrimination and defending themselves in a civil case. *See Gordon*, 2009 WL 2252119, at *4 (citing to *United States ex. rel. Gonzalez v. Fresenius Medical Care North America*, 571 F.Supp.2d 758, 763 (W.D. Tex. 2008) (the strongest case for a stay is where the defendant is required to defend a civil action while under indictment)).

---

[3] Plaintiffs argue that even if there is a complete overlap of the issues, the court should follow the *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227 (N.D. Okla. 2003) and impose a less drastic remedy rather than staying the depositions. Because the trial is imminent and the request to stay is of limited duration, the court does not find a less drastic remedy is justified.

Plaintiffs also argue that in the cases in which the court has granted a stay, the request was made or joined by the government and here the United States has not sought to intervene or stay the depositions (ECF 172 at 17).  However, Plaintiffs do not cite to cases that hold a stay is *not* permitted unless the United States agrees or requests it.  Rather, the relevant case law confirms that the court must consider the totality of the six factors in deciding whether or not to stay a civil proceeding pending the criminal trial of the moving party.  *Garcia,* 2019 WL 3302306, at *4.  Here the court finds the imminent October 25th trial date in the Criminal Proceeding, and the limited duration of the stay (two months) outweighs the silent position of the United States.

Because Penn and Lovette have already been indicted and their criminal trial is imminent, the court finds this factor weighs in favor of a stay of discovery against them.

### 3. Plaintiffs' and Movants' Interests

The third and fourth factors to consider are the interests of Plaintiffs in proceeding expeditiously and the private interests and burden on the movants.  *In re CFS*, 256 F. Supp. 2d at 1239.  Here, Plaintiffs contend Penn and Lovette have unique and specific knowledge regarding Plaintiffs' claims beyond that reflected in the documentary record that can only be obtained through oral testimony (ECF 172-1 at 18).  Plaintiffs argue they will be prejudiced if they are forced to take these critical depositions at the tail end of the discovery period which may also necessitate re-opening other witnesses' depositions if forced to take depositions out of their preferred sequence (ECF 172-1 at 19).  Plaintiffs also worry about the possibility that Penn and Lovette will invoke the Fifth Amendment whether their depositions are taken now or after December 2021 (ECF 172-1 at 20).   Penn and Lovette argue that all the other discovery can continue, the fact discovery deadline is February 1, 2022, which leaves more than a month after

7

the trial in the Criminal Proceeding to take these two depositions and Plaintiffs and the Non-Settling Defendants have apparently indicated additional time to complete fact discovery may already be necessary (ECF 158 at 11 and ECF 161 at 10-11). Penn also argues this factor tips in favor of delaying the deposition as both Penn and his counsel will be occupied with trial preparation and then trial during the noticed deposition dates (ECF 158 at 12).

The court recognizes that the present matter is a complex civil matter and that relevant and critical information will likely be discovered during Penn and Lovette's depositions. There is also a possibility that Plaintiffs may need to request the court extend discovery or reopen depositions. However, this is not a novel risk. Throughout the discovery process in any litigation there is the potential that newly discovered evidence necessitates extending or reopening discovery deadlines. And while the court greatly appreciates that the parties have been efficient in moving this matter along, Plaintiffs and the Non-Settling Defendants can seek leave to amend the case scheduling order as permitted by the rules. It is also not lost on the court that as of the date the Motions were filed, while many depositions have been noticed, none had been taken (ECF 172-2 ¶ 9 (explaining that as of September 24, 2021, Plaintiffs have requested, noticed or scheduled depositions). Hence, the Motions are only seeking to *delay* two depositions, not the other noticed depositions which can still take place. Finally, though not dispositive, the court agrees that logistically, it would be difficult for Penn/Lovette and their respective attorneys to be available for deposition between now and the trial date in the Criminal Proceedings —which is less than two weeks away.

As to Plaintiffs' concerns that Penn and Lovette may invoke their Fifth Amendment privilege during a deposition even after conclusion of the Criminal Proceedings, while speculative, it is a possibility. However, Penn and Lovette have the right to assert their Fifth

Amendment privilege in this civil litigation. *See Mid–America's Process Serv. v. Ellison*, 767 F.2d 684, 686 (10th Cir. 1985) (citing *United States v. Kordel*, 397 U.S. 1, 7–8 (1970) (a deponent may "unquestionably assert a Fifth Amendment privilege in a civil case and refuse to reveal information properly subject to the privilege"). Notwithstanding, courts in this Circuit have held that even if a deponent does refuse to testify in a civil action, Plaintiffs are "entitled to obtain a negative inference from [the] invocation [of a deponent's] Fifth Amendment privilege, and "a stay may well delay or preclude Plaintiff from obtaining the benefit of that inference." *De v. United States*, No. 16-cv-2162-CM-TJJ, 2016 WL 4919468, at *3 (D. Kan. Sept. 15, 2016). Given the current discovery deadlines, the court is not persuaded that the prejudice of a two-month delay in obtaining any negative inference outweighs Penn and Lovette's, non-parties to this matter, interests in asserting their Fifth Amendment rights. On balance, the court finds these two factors weigh in favor of a stay.

4. **The Court's and the Public's Interest**

While the court's primary interest is the quick and efficient management of its caseload, a stay of Penn and Lovette's depositions would be time-limited and cause only minimal delay. As to the interest of the public, the public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases. *In re CFS*, 256 F. Supp. 2d at 1242 (citing *Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 14 (D. Mass. 1991)). This court, however, in balancing the equities at issue, finds a time-limited stay of the depositions would adequately protect the public's interest. Therefore, the fifth and sixth factors weigh in favor of imposing a stay of discovery targeted at Penn and Lovette during trial in the Criminal Proceedings.

After careful consideration of the Motions, Plaintiffs' Opposition, and Penn and Lovette's respective Replies in Support of the Motions, the court finds the relevant factors weigh

in favor of staying the depositions of Penn and Lovette until after December 23, 2021.

## ORDER

It is therefore ordered that Penn's Motion for Leave to Intervene and for Entry of a Protective Order and Memorandum of Law in Support (ECF 157) is GRANTED and Lovette's Motion to Quash Plaintiffs' Third-Party Deposition Subpoena or, in the Alternative, for a Protective Order to Stay Deposition and Memorandum in Support (ECF 160) is GRANTED in part and DENIED in part. Plaintiffs are hereby enjoined from conducting a deposition of Penn or Lovette until one week after December 23, 2021.

DATED this 20 October 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah