# Exhibit C

**HAUSFELD**

November 2, 2021

**Kyle G. Bates**

600 Montgomery Street
Suite 3200
San Francisco, CA 94111

T: +1 415 744 1966

**VIA ELECTRONIC MAIL**

Christopher Abbott
Weil Gotshal & Manges, LLP
2001 M Street, NW
Washington, DC 20036
Christopher.abbott@weil.com
(202) 682-7197

E: kbates@hausfeld.com

Re:   *In re Broiler Chicken Grower Antitrust Litig.*, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Dear Chris:

I write on behalf of Plaintiffs in the above-referenced matter concerning the deposition of Fred Heatherly, which took place on November 1, 2021. You appeared as counsel for Pilgrim's Pride, and Mr. Heatherly was represented by PJ Harris of Beard & Beard. Mr. Heatherly confirmed that neither you nor your firm represent Mr. Heatherly, and that Mr. Harris is his only attorney. *See* Rough Tr. Of Heatherly Dep. ("Tr.") at 8:16-22 ("Q. Okay. And when you say your attorney, you mean Mr. Harris? A. Yes. Q. Okay. Are you represented by anybody else other than Mr. Harris? A. No."). Mr. Heatherly's testimony on this point was both clear and unambiguous:

Q.   Okay. I want to talk about that. But just to with [sic] clear, Mr. Abbott's not your lawyer, correct?
A.   Correct.
Q.   Okay. Mr. Harris is your only lawyer as it concerns this case; is that correct?
A.   Yes.

Tr. at 8:23-9:4. During my examination of Mr. Heatherly it became clear that you had spoken with Mr. Heatherly several times, including once two weeks ago for "over an hour," and shown him documents prior to his deposition. Tr. at 14:6-18. Despite Mr. Heatherly's testimony that you were not his attorney, you prevented me from examining Mr. Heatherly about his conversations with you and about the documents you showed him prior to his deposition. Tr. at 11:8-10, 14:20-23. The documents that you showed Mr. Heatherly were apparently the only documents that he ever looked at to prepare for his deposition, and despite the fact that your meeting with Mr. Heatherly lasted over an hour his prior conversations with Mr. Harris, his attorney, never lasted more than fifteen minutes. Tr. at 15:10-14, 9:24-10:10. Consistent with your instruction, Mr. Heatherly refused to answer any questions about his conversations with you prior to his deposition.

hausfeld.com

AMSTERDAM   |   BERLIN   |   BOSTON   |   BRUSSELS   |   DÜSSELDORF   |   LONDON   |   NEW YORK   |   PARIS   |   PHILADELPHIA   |
SAN FRANCISCO   |   STOCKHOLM   |   WASHINGTON, DC

**HAUSFELD**

    As you are no doubt aware, the attorney-client relationship is a voluntary one. Mr. Heatherly unambiguously rejected the idea that such a relationship exists between him and counsel for Pilgrim's Pride, for whom he has not worked since 2015. In the Tenth Circuit, the attorney-client privilege is narrowly construed. *Foster v. Hill (In re Foster)*, 188 F.3d 1259, 1264 (10th Cir.1999). These principles alone make it clear that no attorney-client relationship between you and Mr. Heatherly exists.

    Additionally, and even if an attorney-client relationship existed between you and Mr. Heatherly (which, for the reasons discussed herein, it does not), the identity of documents shown to a witness to refresh their memory before testifying is still discoverable. Fed. R. Evid. 612, *Torix v. United States*, No. CV-19-086-RAW, 2020 WL 1068061, at *2 (E.D. Okla. Mar. 5, 2020) (the identity of documents reviewed prior to deposition are discoverable). Your instruction to Mr. Heatherly not to answer questions about those documents (Tr. 14:20-23) was improper.

    Furthermore, and although the Tenth Circuit has not addressed this particular issue, other federal courts have made clear that communications "between a corporation's counsel and a former employee whom counsel does not represent, which bear on or otherwise potentially affect the witness' testimony are ***not*** privileged." *Nicholls v. Philips Semiconductor Mfg.*, No. 07 CIV.6789 KMK GAY, 2009 WL 2277869, at *2 (S.D.N.Y. July 27, 2009) (quoting *Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41–42 (D.Conn.1999)) (emphasis in original) (internal quotations removed).

    We think the Court will agree. We intend to seek dates for the reopening of Mr. Heatherly's deposition immediately. Please confirm, no later than close of business on November 5, 2021, that neither you nor any other counsel for Pilgrim's Pride will interfere with Plaintiffs' examination of Mr. Heatherly during his continued deposition including by asserting any claims of attorney-client privilege as to communications with a witness whom you do not represent. Any further obstruction by counsel for Pilgrim's, or the failure to respond to this letter by November 5, will require Plaintiffs to seek the Court's intervention. Plaintiffs reserve all rights.

                                                       Sincerely,

                                                       Kyle G. Bates

CC: Counsel of Record (*via e-mail*)
     PJ Harris, Counsel for Fred Heatherly (*via e-mail*)