# Exhibit D

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Christopher J. Abbott**
+1 (202) 682-7197
Christopher.Abbott@weil.com

November 10, 2021

Kyle Bates
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Kbates@hausfeld.com
(415) 744-1966

Re:  *In re Broiler Chicken Grower Antitrust Litig.*, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Dear Kyle:

I write on behalf of Pilgrim's Pride Corporation ("Pilgrim's") in response to your letter dated November 2, 2021, regarding the deposition of Fred Heatherly in the above-referenced matter. We disagree with your characterization of the deposition and with your assertion that my instruction to the witness not to answer certain of your questions was improper in any way.

To start, your statement that "Mr. Heatherly refused to answer any questions about his conversations with [me] prior to his deposition" is simply untrue. Mr. Heatherly was asked no fewer than eleven questions about discussions with me, and he answered nine of them. I did not object to, and Mr. Heatherly answered questions about: the number of times we spoke, who participated, when our discussions occurred, the length of the conversations, whether discussions were in person or by phone, whether he reviewed documents, and even the substance of one specific non-privileged conversation. Only twice was he instructed not to answer, and those instructions were proper, necessary to preserve Pilgrim's' attorney-client and attorney work product privileges.

Pilgrim's holds a valid attorney-client privilege as to discussions of certain topics between its counsel and its former employees. Indeed, "[v]irtually all courts hold that communications between company counsel and former company employees are privileged if they concern information obtained during the course of employment." *Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005). The very cases you cite on this point themselves hold that "any communications, occurring at anytime, between defense counsel and former employees, whose 'nature and purpose' was for defense counsel to learn facts related to this legal action and which the former employee was aware of as a result of his or her employment . . . remain privileged." *Nicholls v. Philips Semiconductor Mfg.*, No. 07 Civ. 6789 (KMK) (GAY), 2009 WL 2277869, at *2 (S.D.N.Y. July 27, 2009); *see also Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41 (D. Conn. 1999) (communications between employer's counsel and

Kyle Bates  
November 10, 2021  
Page 2

Weil, Gotshal & Manges LLP

former employee are privileged, regardless of when they occurred, "if the nature and purpose . . . was to learn facts that [the employee] was aware of as a result of [his] employment.").

In addition to the attorney-client privilege, discussions with former employees may also be protected under the attorney work product doctrine, which protects trial preparation activities and communications made principally for the purpose of preparing for litigation or trial. *See Nicholls*, 2009 WL 2277869, at *2 (quoting *Peralta*, 190 F.R.D. at 42) ("[C]ommunications between a corporation's counsel and former employee which are counsel's 'legal conclusions or legal opinions that reveal [the corporation's] legal strategy' may be protected by the work-product doctrine."). Courts faced with similar facts have found that "[t]o the extent that a meeting between a former employee and his former employer's counsel is held to discuss the matters concerning which he subsequently testified at his deposition, it is obvious that the discussions at the meeting come within the broad purview of the work-product doctrine. Disclosure of statements made or questions posed . . . at the meeting could tend to reveal [counsel's] thoughts about or analysis of the issues posed by this litigation." *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, No. 08 Civ. 1533 (BSJ) (JCF), 2011 WL 2020586, at *6 (S.D.N.Y. May 20, 2011) (quoting *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, Nos. 82 Civ. 5253, 87 Civ. 8982, 1990 WL 108352, at *3 (S.D.N.Y. July 20, 1990)) (internal quotations removed).

Documents reviewed by a former employee and former employer's counsel in preparation for a deposition are protected by the work product doctrine. *See Hanover Ins. Co. v. Plaquemines Parish Gov't*, 304 F.R.D. 494, 500 (E.D. La. 2015) ("[A]sking a [former employee] witness to identify all the documents that he was shown by the corporate attorney prior to the deposition necessarily asks the witness to reveal the thoughts and opinions of the corporate attorney."); *see also In re Allen*, 106 F.3d 582, 608-609 (4th Cir. 1997) (holding documents immune from discovery when used by former employer's counsel in interview of former employee that would reveal counsel's thought processes). The notion that documents reviewed are discoverable to the extent that they refreshed the employee's recollection is inapposite. Mr. Heatherly did not suggest that any document refreshed his recollection. Nor did you attempt to lay any foundation that his recollection was refreshed.

My instructions to Mr. Heatherly were limited to the protection of these privileges, a limitation communicated in the clearest of terms during the deposition itself. When asked the basis for my objection I replied, "[t]he basis is that I represent Pilgrim's Pride, and I'm entitled to have a privileged conversation with a former employee *about his time at the company*." *See* Rough Tr. of Heatherly Dep. ("Tr.") at 11:11-17 (emphasis added). Notably, later in the deposition, when Mr. Heatherly provided testimony about the substance of my initial conversation with him, a conversation which did not include facts relating to this action or to his time as an employee of Pilgrim's Pride, I did not object or otherwise attempt to prevent his testimony. *See* Tr. 58:18-59:12.

Plaintiffs have made no showing that Mr. Heatherly's deposition should be reopened. Mr. Heatherly is not a defendant in this case. Tr. 12:24-13:3. He has been retired for over six years and himself testified that he "[doesn't] really have a dog in this hunt." *See* Tr. 59:11-12. Nevertheless, he provided responsive

Kyle Bates  
November 10, 2021  
Page 3

**Weil, Gotshal & Manges LLP**

testimony over the course of more than four and a half hours on the subjects about which Plaintiffs inquired, including testimony on 34 exhibits. Mr. Heatherly did not answer two questions, because doing so would have invaded valid privileges, which Pilgrim's will continue to preserve.

We are hopeful that this correspondence puts this dispute to rest. If you wish to raise this dispute with the Court, be advised that Pilgrim's reserves the right to seek costs and fees incurred in response to a motion that—as this letter explains—would be unsupported by law and fact.

Sincerely,

*/s/ Christopher J. Abbott*

Christopher J. Abbott

CC: Counsel of Record  
    PJ Harris, Counsel for Fred Heatherly