# Exhibit E

**HAUSFELD**

November 15, 2021

**Kyle G. Bates**

600 Montgomery Street
Suite 3200
San Francisco, CA 94111

T: +1 415 744 1966

E: kbates@hausfeld.com

**VIA ELECTRONIC MAIL**

Christopher Abbott
Weil Gotshal & Manges, LLP
2001 M Street, NW
Washington, DC 20036
Christopher.abbott@weil.com
(202) 682-7197

Re:   *In re Broiler Chicken Grower Antitrust Litig.*, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.)

Dear Chris:

We write in response to your letter of November 10 regarding the deposition of Fred Heatherly. The cases cited in your letter refer to a different situation than the one at issue here. Plaintiffs do not dispute that there may be times, such as in the course of a corporate defendant's factual investigation relating to its defense of a lawsuit, when the attorney-client privilege could properly be extended to conversations between corporate counsel and a former employee. This is particularly so when those former employees are not otherwise represented—Mr. Heatherly, of course, has his own counsel and explicitly denied being represented by you. I also note that in July 2021, when we initially sought to subpoena Mr. Heatherly for purposes of this deposition, you refused to accept the subpoena on Mr. Heatherly's behalf because he was a former employee.

The case law on this issue, including several of the cases cited in your November 10 letter, explicitly reject the extension of the attorney-client privilege in the situation we have here: Communications "between a corporation's counsel 'and a former employee whom counsel does not represent, which bear on or otherwise potentially affect the witness' testimony' are *not* privileged." *Nicholls v. Philips Semiconductor Mfg.*, No. 07 CIV.6789 KMK GAY, 2009 WL 2277869, at *2 (S.D.N.Y. July 27, 2009) (emphasis in original) (citing *Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41–42 (D.Conn.1999)).

Your conversations with Mr. Heatherly, a former employee of Pilgrim's Pride, clearly "bear on or otherwise potentially affect" his testimony. The conversations in question were not routine discussions with a former employee in the course of an investigation; they were discussions to prepare him for his deposition. Mr. Heatherly met with you by phone for over an hour prior to his deposition, and you all reviewed documents together in preparation for his deposition.

hausfeld.com

AMSTERDAM   |   BERLIN   |   BOSTON   |   BRUSSELS   |   DÜSSELDORF   |   LONDON   |   NEW YORK   |   PARIS   |   PHILADELPHIA   |
SAN FRANCISCO   |   STOCKHOLM   |   WASHINGTON, DC

**HAUSFELD.**

      Our request for confirmation that Pilgrim's will not interfere with Mr. Heatherly's continued deposition was an attempt to avoid the time and expense associated with motion practice on this issue, which we believe to be unnecessary. That said, Plaintiffs and Pilgrim's Pride appear to be at an impasse on this issue. We intend to schedule Mr. Heatherly's continued deposition immediately.

Sincerely,

Kyle G. Bates

CC:  Counsel of Record (*via e-mail*)
      PJ Harris, Counsel for Fred Heatherly (*via e-mail*)