## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO. II)** | **ORDER DENYING MOTION FOR PROTECTIVE ORDER [ECF 219]**<br><br>Case No. 6:20-MD-02977-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Cecilia M. Romero |

On January 7, 2022, the court heard argument on Defendant Pilgrim's Pride's (Defendant or Pilgrim's Pride) Motion for Protective Order (Motion).  Christopher Abbott argued on behalf of Defendant and Kyle Bates appeared on behalf of Plaintiffs.  Defendant seeks a protective order precluding Plaintiffs from continuing the deposition of James Heatherly (Mr. Heatherly) to reexamine him regarding two questions asked during his initial deposition which Pilgrim's Pride objected to as privileged.   After hearing argument and reviewing the submissions of the parties, the court denied the Motion without prejudice based on the following grounds:

Federal Rule of Civil Procedure 26(c)(1) states, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Siegel v. Blue Giant Equip. Corp.,* 793 F. App'x 737, 744 (10th Cir. 2019).  Applying this standard, the court finds the Motion fails to meet the standard.

1

Pilgrim's Pride has sought a protective order arguing the testimony Plaintiffs seek is covered by the attorney client privilege and/or work product doctrines arguing it would be an undue burden on Mr. Heatherly and on Pilgrim's Pride to require Mr. Heatherly to sit for another deposition.  Mr. Heatherly is Pilgrim's Pride's former employee and Pilgrim's Pride counsel does not represent him.  Mr. Heatherly did not join the Motion and he, nor his own retained counsel appeared at the hearing.

Pilgrim's Pride failed to address how/why it has standing in such a situation.  At the hearing, they proffered they own the privilege and therefore have standing however, that issue was not addressed in the briefing on the Motion.  Moreover, Pilgrim's Pride has failed to set out or discuss in any material way, the elements or standard to assert any privilege.  As set forth in *Hoog v. Petro Quest Energy LLC*, 2021 WL 3291793 (E.D. Okla. Aug. 2, 2021), it is Pilgrim's Pride's burden to show good cause as to why this discovery should not be permitted.  It failed to meet that standard.

For example, Pilgrim's Pride did not make clear if state or federal law would apply on the privilege issue, and assuming federal law would apply, it failed to address the applicable standard within the Tenth Circuit.  Rather, it mostly cites to case law out of the Southern District of New York which is not controlling in this jurisdiction.

Because Pilgrim's Pride has not provided the court the relevant applicable standard and instead asks this court—without explanation or justification— to apply the law out of New York, namely *Nicholls v. Phillips Semiconductor Manufacturing*, 2009 WL 2277869 (S.D.N.Y. July 27, 2009), the court DENIES the Motion.  The court makes no finding as to whether or not the attorney-client privilege applies in issuing this ruling, only that the issue has not been sufficiently briefed to meet the Rule 26(c) standard.

With respect to the argument that the work-product privilege applies to communications as opposed to just "documents and tangible things that are prepared in anticipation of litigation," as set out in Federal Rule of Civil Procedure 26(b)(3)(A), the cases cited to in the briefing are not controlling and it was not made clear why the court should follow this line of reasoning given the cases within the Tenth Circuit cited by Plaintiffs in their Opposition to Motion.[1]

Finally, addressing the argument that there is an undue burden on Mr. Heatherly to have to sit for another deposition, Pilgrim's Pride has failed to meet the standard showing of undue burden.  Pilgrim's Pride argues that because Mr. Heatherly is a retiree, who is a non-party to this suit, and suffers from unidentified medical issues, that sitting for a second deposition outweighs its likely benefit.  The court disagrees.  Assuming that it is appropriate for Pilgrim's Pride to make such an argument regarding a former employee, whom it does not represent and — importantly who has not made such an argument for himself—, it is not clear whether any privilege applies for the reasons set forth above.  Moreover, no specific medical information was submitted to justify the bald claim that such unidentified medical issues would impact Mr. Heatherly in a significant way.  As set out in *Sentry Insurance v. Shivers*, 164 F.R.D. 255, 257 (D. Kan. 1996), "bald assertions of emotional and financial stress . . . do not suffice."

Pilgrim's Pride also argued that it is an undue burden and expense for both itself and Mr. Heatherly to have to sit for a second deposition, which the court would generally agree with but, the law is clear that concept applies "unless there is a showing of a need or some good reason to do so."  Here Mr. Heatherly did not answer two questions based on privilege and it is unclear if

---

[1] *See e.g., Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 539 (D. Kan. 1989); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, 164 F.R.D. 250, 252 (D. Kan.1996); *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, No. 01-2009-KHV, 2002 WL 113879, at *2 (D. Kan. Jan. 22, 2002); *Williams v. Sprint/United Mgmt. Co.*, No. CIVA03-2200JWL-DJW, 2007 WL 634873, at *5 (D. Kan. Feb. 27, 2007) (all cited to by Plaintiffs for their position that the selection of documents does not constitute attorney work product).

those objections were justified or not.  As a result, the court is unable to find an undue burden

under these circumstances.   For these reasons the Motion for Protective Order is DENIED.

At the hearing it was apparent this issue may future depositions, the court therefore

provided guidance to the parties in anticipation of the filing of a renewed or alternative motion.

Of note, the court reiterates its instruction to include the general standard for claiming attorney-

client privilege in the Tenth Circuit and any case law regarding whether an engagement or other

common interest doctrine is required to find the attorney-client privilege applies with respect to a

former employee.  The court also encourages the parties to focus their research efforts on

*Upjohn*[2] and its progeny.  The court believes the briefings on this issue in the *Misner*[3] and

*Conroy*[4] cases may be especially helpful to both parties.

DATED this 10 January 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[2] 449 U.S. 383 (1981).
[3] 2008 WL 11380016 (D. Utah June 16, 2008).
[4] Case No. 2:06-cv-00867-DB (D. Utah Apr. 9, 2008).

4