IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO. II)** | MDL No. 6:20-2977-RJS-CMR<br><br>Hon. Chief Judge Robert J. Shelby<br><br>Hon. Cecilia M. Romero |

## JOINT STATUS REPORT

Plaintiffs,[1] Defendants,[2] and Settling Defendants[3] (collectively, the "Parties") have met and conferred and submit this joint status report summarizing the current state of this litigation.

### I.   OUTSTANDING MOTIONS

There are two outstanding motions pending in this Court:

- Plaintiffs' Motion for Final Approval of Settlements with Perdue and Tyson, ECF No. 232, to be heard at the Fairness Hearing scheduled for February 18, 2021, ECF No. 147;
- Plaintiffs' Motion to Compel Non-Party Agri Stats, Inc.'s Compliance with Plaintiffs' Subpoena, ECF No. 233.

In addition, Plaintiffs and Koch each served subpoenas on a number of financial institutions. One such bank, Southern AgCredit, ACA, moved to quash the subpoenas served by Plaintiffs and Koch in the United States District Court for the Southern District of Mississippi. Plaintiffs and Koch both opposed the motion and moved to transfer the dispute to this Court. *See Southern AgCredit, ACA v. Koch Foods, Inc. et al.*, No. 3:21-mc-00782-TSL-MTP (S.D. Miss.). That dispute will be fully briefed by February 11, 2022.

---

[1] "Plaintiffs" includes Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, Anna Mason, and Mitchell Mason, on behalf of themselves and all others similarly situated.

[2] "Defendants" refers to Pilgrim's Pride Corporation ("Pilgrim's"); Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division) ("Sanderson"); and Koch Foods, Inc. and Koch Meat Co., Inc. (doing business as Koch Poultry Co.) ("Koch").

[3] "Settling Defendants" refers to Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Tyson"); and Perdue Foods, LLC ("Perdue").

II. **STATUS OF SETTLEMENT ADMINISTRATION**

As discussed in the October 29, 2021 Status Report, ECF No. 212, the notice program for the Tyson and Perdue settlements went live on September 22, 2021. This included the dissemination of direct mail notice to over 20,000 prospective settlement class members, the commencement of publication notice in various media outlets, and implementation of the settlement website, email address, mailing box, and phone number to facilitate claim submission and processing and address settlement class member questions. The settlement administrator continues to process claims and address questions as they arise.

III. **STATUS OF DISCOVERY**

The following sections provide detail on each component of discovery. In the interest of brevity, Plaintiffs and Defendants endeavor not to repeat the material from previous joint status reports.

A. **Document & Data Production – Nonparty Subpoenas**

**Plaintiffs' Statement**

The primary lingering nonparty production issues are with alleged co-conspirator Agri Stats, Inc. As discussed above, that dispute is the subject of a motion to compel pending before the Court.

Additionally, Plaintiffs requested that nonparties run additional search terms, primarily related to evidence of no-poach agreements uncovered during discovery

**Defendants' Statement**

Defendants have served approximately 22 nonparty subpoenas to date. Defendants are continuing to meet and confer with the subpoena recipients and do not have any disputes ripe for the Court's review at this time. As previously addressed in Section I above, however, Defendants expect the briefing before the United States District Court for the Southern District of Mississippi on the motion to quash filed by Southern AgCredit, ACA and the motions to transfer filed by Plaintiffs and Koch to be completed by February 11, 2022. *See Southern AgCredit, ACA v. Koch Foods, Inc. et al.*, No. 3:21-mc-00782-TSL-MTP (S.D. Miss).

B. **Document & Data Production – Defendants**

**Plaintiffs' Statement**

Plaintiffs flag the following issues for Defendants' document production:

*First*, Plaintiffs raised the issue of supplemental search terms primarily related to evidence of no-poach agreements that have surfaced during discovery. Plaintiffs reached an agreement with Koch regarding the running of additional search terms. Plaintiffs are still negotiating with Sanderson and Pilgrim's.

*Second*, as noted in the last Joint Status Report, Plaintiffs previously raised a potential meaningful deficiency concerning Sanderson's production flowing from Sanderson's use of technology assisted review (TAR). Since the last Status Conference, Plaintiffs and Sanderson have worked diligently to resolve the issue without the Court's intervention. The parties have had multiple teleconferences and exchanged detailed correspondence and proposals. The parties remain hopeful to work out the issue without the Court's involvement. If the parties are unable to do so, Plaintiffs will raise the issue with the Court at an appropriate time.

*Third*, on December 1, 2021, Plaintiffs raised with Sanderson a potential spoliation issue. Plaintiffs await Sanderson's response and intend to further meet and confer on the issue. If the parties are unable to resolve the issue, Plaintiffs will raise it with the Court at an appropriate time.

*Fourth*, Pilgrim's has not yet agreed to produce the custodial file of Andy Harris for the full time period of January 1, 2008 through January 31, 2018.  Mr. Harris was previously identified as a custodian for the period of January 1, 2011 through May 7, 2011, but documents produced in discovery have revealed that Mr. Harris was enforcing Pilgrim's "no poach" agreement with its alleged co-conspirators outside of that narrow time period.  Plaintiffs requested that Pilgrim's conduct a supplemental search of Mr. Harris's custodial file on November 15, 2021 and Pilgrim's has yet to do so.

Plaintiffs are pleased that Pilgrim's hopes to be able to resolve the issues raised by Plaintiffs.  But Pilgrim's response below exemplifies the problems with Pilgrim's lack of engagement; for example, Pilgrim's response references a hit report that Plaintiffs have never seen (and indeed Plaintiffs were not informed of its existence before this Joint Status Report was drafted).  Furthermore, the fact that Plaintiffs are still meeting and conferring with Pilgrim's on

these issues is a consequence of Pilgrim's failure to substantively respond on these issues, which is what Plaintiffs seek to bring to the Court's attention.

**Defendants' Statements**

*Sanderson Farms' Response*

Sanderson Farms disagrees with Plaintiffs' characterizations of its production as potentially deficient and with Plaintiffs' characterization of a potential spoliation issue. Sanderson Farms will continue to meet and confer with Plaintiffs on both issues and is hopeful the parties will be able to resolve these issues without the Court's involvement.

*Pilgrim's Response*

Plaintiffs' "status report" reads more like a motion to compel in violation of Local Rule 7.1(f) ("the Court shall refuse to hear any such motion or objection" if parties have not "personally met and conferred in good faith" and there was a "sincere attempt to resolve differences"), and is ultimately counter-productive to the parties' ongoing efforts to reach a resolution. In fact, the parties are scheduled to meet and confer three business days after this submission (February 1, 2022) regarding all topics Plaintiffs raised herein, but it appears Plaintiffs are more interested in gamesmanship than compromise. Indeed, Pilgrim's raised concerns with Plaintiffs' similar inflammatory actions before and during the August 13, 2021 status conference, at which time the Court made clear that "the parties [need] to have time to have a meaningful meet and confer" before issues are brought to the Court's attention and certainly in connection with issues that have not been raised through motion practice (of course, none of the issues concerning Pilgrim's herein have been raised via motion practice precisely because the parties are still meeting and conferring). Aug. 13, 2021 Hr'g Tr. [Dkt. No. 136] at 26:12-19. Although Pilgrim's asked Plaintiffs to withdraw their gratuitous commentary in what should be an objective and factual status report, they refused.

In any event, Pilgrim's disagrees with Plaintiffs' characterization of the parties' ongoing discussions regarding this request for additional discovery, as well as with Plaintiffs' characterization of the document to which they refer. In connection with Plaintiffs' request to expand the custodial time period for Mr. Harris beyond that which the parties had previously agreed, Plaintiffs also requested that Pilgrim's (i) review and produce documents for an additional custodian for the period of January 1, 2008 to January 31, 2018, (ii) review and

produce documents responsive to a new set of search terms, and (iii) permit Plaintiffs to take seven (7) additional depositions of Pilgrim's percipient witnesses.

Pilgrim's promptly evaluated the burden associated with these sweeping supplemental requests, which appear to implicate more than 100,000 new documents. On January 11, 2022, shortly after Pilgrim's retained Kasowitz Benson Torres LLP to replace Weil Gotshal LLC as its counsel in this matter, Pilgrim's met and conferred with Plaintiffs regarding all outstanding discovery issues. The parties thereafter scheduled a follow-up meet and confer for February 1, 2022, at which Pilgrim's expects the parties will be able to resolve most, if not all, of Plaintiffs' pending supplemental requests.

### C. Document and Data Production - Plaintiffs

Defendants continue to review Plaintiffs' document production, and the parties have exchanged correspondence and have met and conferred multiple times in an effort to resolve the issues raised by Defendants. The parties continue to meet and confer as to the sufficiency of the production. The parties disagree as to the production of heavily redacted versions of Plaintiffs' tax returns and their failure to produce certain other documents requested, but the parties have not reached an impasse on the issues.

### D. Interrogatories and RFAs

**Plaintiffs' Interrogatories and RFAs to Defendants:**

***Plaintiffs' Statement Regarding Interrogatory No. 8 To Pilgrim's***

Plaintiffs served their First Sets of Interrogatories and Requests for Admission on Pilgrim's on December 4, 2020 and on Koch and Sanderson on April 29, 2021. All Defendants have served responses to those Interrogatories and Requests for Admission. Plaintiffs and Pilgrim's disagree over the adequacy of Pilgrim's Supplemental Response to Interrogatory No. 8, which was the subject of several months of negotiations.

Plaintiffs sent Pilgrim's a letter on December 1, 2021, describing the deficiencies in Pilgrim's response to Interrogatory No. 8, in which Pilgrim's relied solely on documents designated under Federal Rule of Civil Procedure 33(d) with no explanation of how those documents "[i]dentify with specificity" Pilgrim's exchanges of competitive data with other integrators.[4] Further, only twelve out of the 1,450 documents produced relate to the substance

---

[4] Interrogatory No. 8 states: Identify with specificity every instance from January 1, 2006 until the present where You Exchanged Competitive Data directly with another Integrator (i.e.

about which Interrogatory No. 8 seeks information. Additionally, and even if a response that solely references documents produced in discovery were sufficient (and as discussed herein it is not) Pilgrim's response omitted numerous other documents that reflect information exchanges with competitors that were produced by Pilgrim's and that Plaintiffs identified through their own review of Pilgrim's document production.

Pilgrim's is required to provide narrative responses to interrogatories unless they can demonstrate that directing Plaintiffs to specific enumerated documents both (a) actually answers the questions posed and (b) imposes no greater burden on Plaintiffs than on Pilgrims. *See Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *8 (D. Colo. Feb. 8, 2010) (citing *Cf. T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 452 (W.D.N.C.1991) (holding that under Rule 33(d), the responding party may not avoid narrative responses by imposing on the interrogating party "a mass of business records from which answers cannot be ascertained by someone unfamiliar with them")). Here, by identifying more than 1,450 documents of no real relevance, Pilgrim's failed both to identify documents that actually answered the question posited and to demonstrate that the burden is essentially the same. Moreover, not every information exchange between Pilgrim's and its competitors is reflected in documents produced by Pilgrim's. For example, some of these exchanges occurred over the phone or during in-person meetings. For these reasons, Pilgrim's needs to provide narrative responses based on interviews with relevant individuals, inclusive of (but not limited to) its document custodians.[5] Pilgrim's has still not responded to Plaintiffs' December 1, 2021 letter on this topic.

Plaintiffs served their second sets of interrogatories and requests for admission on Koch, Pilgrim's, and Sanderson on September 20, 2021. On October 20, 2021, all three responded to

---

without using Agri Stats as an intermediary), inclusive of the type of the Competitive Data Exchanged, the individual(s) that Exchanged Competitive Data, the date of the Exchange, and the means by which the Competitive Data was Exchanged (e.g., by telephone, in person, by email, by text message).

[5] Relying on Rule 33(d) to respond to an interrogatory is only appropriate when the request requires "compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents." *Re/Max, LLC v . Quicken Loans Inc.*, No. 16-CV-02357-PAB-MJW, 2017 WL 7355299, at *4 (D. Colo. Sept. 29, 2017). When the interrogatory calls for "the exercise of particular knowledge and judgment on the part of the responding party," a Rule 33(d) response is inappropriate. *Id.*

Plaintiffs' second sets of discovery. Plaintiffs served their third set of interrogatories on all Defendants on December 10, 2021. Sanderson and Koch responded on January 10, 2022. Plaintiffs are evaluating the sufficiency of these responses and hope to resolve any issues through good faith meet and confer negotiations without Court intervention. On January 4, 2022, and due to a change in counsel, Pilgrim's requested an extension to January 31, 2022 to respond to Plaintiffs' Third Set of Interrogatories. Plaintiffs agreed to Pilgrim's request. Further, on January 21, 2022, Pilgrim's requested a further extension until February 14, 2022 – more than a month past the original deadline. Plaintiffs granted this request and similarly hope to resolve any issues through good faith meet and confer negotiations upon receipt of Pilgrim's responses.

### *Pilgrim's Statement Regarding Pilgrim's Response to Interrogatory No. 8*

Pilgrims appropriately identified by bates numbers over 1,450 documents responsive to Interrogatory No. 8 in accordance with Rule 33(d). Plaintiffs are wrong that Interrogatory No. 8 requires a narrative response. Interrogatory No. 8 seeks, by its terms, information that is apparent from the documents themselves, *i.e.*, "the type of Competitive Date Exchanged, the individual(s) that Exchanged Competitive Data, the Date of the Exchange, and the means by which the Competitive Data was Exchanged." In this regard, the documents "actually answer[] the questions posed" – the who, what, when and how – and "impose[] no greater burden on Plaintiffs than on Pilgrims" to gather the requested information from those documents.

Pilgrims also disputes that the documents it identified are "of no particular relevance." The issue lies with the interrogatory, not the response. Interrogatory No. 8 is very broad, asking Pilgrims to identify, among many other things, every "discussion[] or communication[] with or about current, former or potential growers" – with whom Pilgrims' plant-level employees have frequent contact – across dozens of plant locations over a sixteen-year period. Plaintiffs' suggestion that Pilgrims' efforts to identify responsive documents was deficient because they located other documents – five to be precise – is not well-founded. Pilgrims conducted a significant search to identify responsive documents.

Plaintiffs' real dispute appears to be Pilgrims' unwillingness to *also* interview "relevant witnesses, inclusive of (but not limited to) its document custodian[s]."[6] Plaintiffs fail to advise

---

[6] In June 2021, Plaintiffs had narrowed the set of interviewees to "currently employed custodians and live production managers," but apparently, Plaintiffs have retracted that offer.

7

the Court that there are 50 custodians, most of whom are no longer employees. The unreasonable burden for Pilgrims to interview over 50 individuals is obvious, putting aside the indisputable reasonableness of Pilgrim's significant effort to identify the 1,450 documents.

Nevertheless, Pilgrim's is continuing to consider these issues, and remains willing to find a reasonable resolution with Plaintiffs.

**Defendants' Interrogatories to Plaintiffs:**

Defendants served their first set of interrogatories on Plaintiffs on April 19, 2021, and Plaintiffs served responses on June 25, 2021. The parties have met and conferred on certain of the responses, and on January 13, 2022, Plaintiff Jonathan Walters served supplemental interrogatory responses. To date, Plaintiffs have taken the position that, among other objections, identifying other growers with whom they have discussed grow-out services is an attempt by Defendants to conduct absent class member discovery. Defendants believe Plaintiffs should identify these growers as non-party percipient fact witnesses with information reasonably calculated to lead to discovery of admissible evidence related to claims of the named Plaintiffs. The parties will continue to meet and confer as to the sufficiency of Plaintiffs' responses related to conversations with other growers. The parties are not yet at an impasse on any outstanding issues.

E. **Depositions**

**Plaintiffs' Statement**

Plaintiffs have taken 14 depositions, with 10 more scheduled in the coming months. These figures include depositions of the Parties (including Perdue and Tyson, pursuant to their cooperation obligations that were part of the settlements) and nonparties. Plaintiffs have served Rule 30(b)(6) deposition notices on the Parties and nonparties, and are well into the negotiations over scope.

*Plaintiffs' Statement on Deposition of Pilgrim's Pride Pursuant to Rule 30(b)(6)*

Pilgrim's has refused to engage substantively in a meet and confer with Plaintiffs concerning approximately half of the topics in Plaintiffs' Rule 30(b)(6) notice, served in June 2021. Pilgrim's even refused to identify who its 30(b)(6) designee(s) would be as to the topics identified by Plaintiffs, which would ultimately inure to the benefit of Plaintiffs and Pilgrim's and allow the Parties to coordinate depositions of individuals who are going to be deposed as both percipient and corporate witnesses. Pilgrim's unwillingness to do so now places Plaintiffs

in the position of having to depose the same individual twice if Pilgrim's identifies that person as a corporate representative after they are deposed in their individual capacity.

Pilgrim's refusal to participate in Rule 30(b)(6) discovery is contrary to the spirit and purpose of Rule 30(b)(6) as amended, and several courts around the country faced with similar misconduct have agreed.  *See* Fed. R. Civ. P. 30(b)(6) 2020 Advis. Comm. Notes (calling for "[c]andid exchanges" concerning "timing and location of the deposition, the number of witnesses and the matters on which each witness will testify"); *see also United States ex rel. Bibby v. Mtg. Invs. Corp.*, 2017 WL 8222659, at *3 (N.D. Ga. Oct. 12, 2017) ("the purpose of discovery is 'to remove surprise from trial preparation so that parties may obtain the evidence necessary to evaluate and resolve their dispute'"), *Redevelopment LLC v. Ill. Union Ins. Co.*, 2017 WL 9360848 (W.D. Mo. Nov. 9, 2017) (compelling parties to identify the individual(s) who will be designated as corporate representatives and the topics they intend to testify on sufficiently in advance of depositions).[7]

While Pilgrim's may say that their recent change of counsel is to blame for its delay, that is inconsistent with the fact that this issue has been ongoing since June of 2021 (and with the fact that Pilgrim's refused to identify its corporate representatives when asked on December 1 and 6) and Pilgrim's informed Plaintiffs of its change in counsel on December 27, 2021.

Finally, in its statement below Pilgrim's admits its failure to meet and confer on Plaintiffs' Rule 30(b)(6) Notice as set forth herein. Specifically, Pilgrim's admits that Plaintiffs proposed amendments to eleven Topics from Plaintiffs' Rule 30(b)(6) Notice on October 6, 2021, and that Pilgrim's has never responded despite repeated follow up. Pilgrim's admits that there were approximately eleven other Topics the parties discussed during the September 2021 meet and confer for which Pilgrim's agreed to consider amending its designations, and admits that Pilgrim's has not followed up on that discussion to date. Further, Pilgrim's admits that it has not designated any witnesses for any of these Topics, including those which the parties reached "informal agreement" about in September 2021, despite Plaintiffs' repeated efforts to obtain those designations and schedule those depositions.

### *Plaintiffs' Statement Regarding Other Nascent Dispute*

---

[7] It is notable that Pilgrim's is the only Defendant that has taken such a view of the 30(b)(6) discovery process. Sanderson has identified its 30(b)(6) designee and one portion of its 30(b)(6) deposition has already taken place.

Certain of the Parties may have a dispute relating to whether the deposition of a deponent who is a current employee of Perdue and a former employee of Pilgrim's counts toward deposition limits for Perdue or Pilgrim's witnesses. Plaintiffs believe that that dispute will eventually be resolved through compromise.

**Defendants' Statement**

Defendants have worked with Plaintiffs in good faith to schedule Plaintiffs' requested depositions. Defendants intend to notice Plaintiff and third party depositions once outstanding document production issues have been resolved.

***Pilgrim's Response Regarding its Rule 30(b)(6) Deposition***

Pilgrim's is surprised by Plaintiffs' mischaracterization of their ongoing discussions regarding Pilgrim's 30(b)(6) topics and designee, and rejects Plaintiffs' baseless statements that Pilgrim's has "failed" to meet and confer in connection with Plaintiffs' 30(b)(6) Notice, and that Pilgrim's "admits" any deficiencies in its engagement to date. Pilgrim's formally responded to Plaintiffs' 30(b)(6) notice on July 29, 2021 and met-and-conferred with Plaintiffs regarding all forty-three (43) requested topics in September 2021. As a result of that meet and confer, Pilgrim's and Plaintiffs reached an informal agreement with respect to topics 2, 6, 8, 9, 11, 12, 13, 15, 18, 19, 21, 22, 23, 24, 25, 27, 35, 36, 40, 41, 42, inclusive of all subparts.

Following an October 6, 2021 letter from Plaintiffs regarding few remaining disputes concerning the noticed topics, Pilgrim's heard nothing from Plaintiffs regarding these issues until December. After Plaintiffs requested that Pilgrim's effectively double its allotted depositions on November 15, 2021, Pilgrim's requested that Plaintiffs identify the names of the additional Pilgrim's witnesses they wished to depose so that Pilgrim's could evaluate Plaintiffs' sweeping request for more depositions of percipient witnesses. Plaintiffs refused -- instead claiming in mid-December that they would not identify any of their requested deponents until Pilgrim's identified its 30(b)(6) designee. These tactics notwithstanding, the parties conferred further regarding this issue at their January 11, 2022 meet and confer, and Pilgrim's is hopeful that the parties will resolve any outstanding issues regarding Pilgrim's 30(b)(6) deposition in connection with their upcoming meet and confer on February 1.

**IV.  CURRENT DISCOVERY DISPUTES (JOINT STATEMENT)**

There are currently no disputes that are ripe for the Court's consideration.

## V. OTHER INFORMATION FOR THE COURT

### A. Plaintiffs' Statement

With respect to the privilege logs prepared by Defendants, on January 12, 2022, Plaintiffs sent separate letters to Koch and Sanderson requesting additional information about specific entries on their respective logs, following the same procedure used with Pilgrim's privilege logs. As to Pilgrim's, Plaintiffs have received an updated privilege log, as well as supplemental document productions, that Plaintiffs are reviewing to determine whether to raise challenges, pursuant to Paragraph 8.4 of the ESI Order, to privilege claims for specific entries. At present, there are no disputes among the parties concerning specific privilege log entries that require the assistance of the Court, but Plaintiffs note that the review of Defendants' privilege claims is ongoing.

### B. Defendants' Statement

Koch and Sanderson are reviewing Plaintiffs' letters regarding privilege log entries and will respond in due course.


Dated: January 27, 2022                                       Respectfully submitted,

 /s/ Daniel J. Walker                                           /s/ Daniel E. Laytin, P.C.

Daniel J. Walker*                              Daniel E. Laytin, P.C.
**BERGER MONTAGUE PC**                         Illinois Bar No. 6257119
2001 Pennsylvania Avenue, NW, Suite 300        Christa C. Cottrell, P.C.
Washington, DC 20006                           Illinois Bar No. 6284749
Telephone: (202) 559-9745                      Kate Guilfoyle
Email: dwalker@bm.net                          Illinois Bar No. 6309150
                                               **KIRKLAND & ELLIS LLP**
Eric L. Cramer*                                300 North LaSalle Street
Patrick F. Madden*                             Chicago, IL 60654
David A. Langer*                               (312) 862-2000
Haley Brogan Pritchard*                        Fax: (312) 862-2200
Ellen T. Noteware*                             dlaytin@kirkland.com
**BERGER MONTAGUE PC**                         ccottrell@kirkland.com
1818 Market Street, Suite 3600                 kate.guilfoyle@kirkland.com
Philadelphia, PA 19103
Telephone: (215) 875-3000                       /s/ James Wesley S. Pebsworth
Facsimile: (215) 875-4604                      James Wesley S. Pebsworth, OBA
Email: ecramer@bm.net                          No. 30900
Email: pmadden@bm.net                          **GABLEGOTWALS**

Email: dlanger@bm.net
Email: hpritchard@bm.net
Email: enoteware@bm.net

Gary I. Smith, Jr.*
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270
Facsimile: (215) 985-3271
Email: gsmith@hausfeld.com

Michael D. Hausfeld*
James J. Pizzirusso*
Melinda R. Coolidge*
Samantha S. Derksen*
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: mhausfeld@hausfeld.com
Email: jpizzirusso@hausfeld.com
Email: mcoolidge@hausfeld.com
Email: sderksen@hausfeld.com

Kimberly A. Fetsick*
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100
Facsimile: (212) 202-4322
Email: kfetsick@hausfeld.com

Kyle G. Bates*
**HAUSFELD LLP**
600 Montgomery St, Ste 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 633-4980
Email: kbates@hausfeld.com


*Co-Lead Counsel for Plaintiffs and the Proposed Class*

1100 ONEOK Plaza
100 West Fifth Street, Suite 1100
Tulsa, OK 74103-4217
(918) 595-4800
(918) 595-4990 (fax)
wpebsworth@gablelaw.com

*Counsel for Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division)*

 */s/ Scott W. Pedigo*
Scott W. Pedigo* (Admitted in Colorado) (MS Bar No. 10735)
Amy L. Champagne* (MS Bar No. 102447)
Samuel D. Gregory* (MS Bar No. 104563)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
100 Vision Drive, Suite 400
Jackson, MS 39211
T: (601) 351-2400
F: (601) 351-2424
spedigo@bakerdonelson.com
achampagne@bakerdonelson.com
sdgregory@bakerdonelson.com

John G. Calender* (DC Bar No. 939124)
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
901 K Street NW, Ste 900
Washington, DC 20001
T: (202) 508-3474
F: (202) 220-2274
jcalender@bakerdonelson.com

M. David Riggs
Donald M. Bingham
Kristopher Koepsel
**RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS**
502 West Sixth Street
Tulsa, OK 74119
Telephone: (918) 699-8914
Facsimile: (918) 587-9708
Email: driggs@riggsabney.com
Email: don_bingham@riggsabney.com
Email: kkoepsel@riggsabney.com

William A. Edmondson (OBA No. 2628)
**RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS**
528 N.W. 12th Street
Oklahoma City, OK 73103
Telephone: (405) 843-9909
Facsimile: (405) 842-2913
Email: dedmondson@riggsabney.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

Larry D. Lahman (OBA No. 5166)
Roger L. Ediger (OBA 19449)
**MITCHELL DECLERK, PLLC**
202 West Broadway Avenue
Enid, OK 73701
Telephone: (580) 234-5144
Facsimile: (580) 234-8890
Email: ldl@mdpllc.com
Email: rle@mdpllc.com

Vincent J. Esades*
**HEINS MILLS & OLSON, PLC**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: vesades@heinsmills.com

Warren T. Burns*
**BURNS CHAREST, LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

Russell W. Gray* (TN Bar No. 16120)
Clinton P. Sanko* (TN Bar No.023354)
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
T: (423)756-2010
F: (423)756-3447
rgray@bakerdonelson.com
csanko@bakerdonelson.com

JOHN R. WOODARD, III, OBA # 9853
**COFFEY, SENGER & MCDANIEL PLLC**
4725 East 91st Street, Suite 100
Tulsa, Oklahoma 74137
T:(918)292-8787
F: (918)292-8788
John@csmlawgroup.com

*Attorneys for Defendants Koch Foods, Inc. and Koch Meat Co., Inc. d/b/a Koch Poultry Co.*


  */s/ David E. Ross*
David E. Ross*
Kevin Cyrulnik*
Ryan P. Montefusco*
Henry Brownstein*
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Tel: 212-506-1700
Fax: 212-506-1800
dross@kasowitz.com
kcyrulnik@kasowitz.com
rmontefusco@kasowitz.com
hbrownstein@kasowitz.com

Larry D. Ottaway, OK Bar #6816

13

Facsimile: (469) 444-5002
Email: wburns@burnscharest.com

Gregory L. Davis*
**DAVIS & TALIAFERRO, LLC**
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: (334) 832-9080
Facsimile: (334) 409-7001
Email: gldavis@knology.net

Charles D. Gabriel*
**CHALMERS & ADAMS, LLC**
13200 Strickland Rd, Suite 114-177
Raleigh, NC 27613
Telephone: (919) 803-2635
Facsimile: (678) 735-5905
Email: cdgabriel@chalmersadams.com

Larry S. McDevitt*
David M. Wilkerson*
**VAN WINKLE LAW FIRM**
11 North Market Street
Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 257-2767
Email: lmcdevitt@vwlawfirm.com
Email: dwilkerson@vwlawfirm.com

Harlan Hentges (OBA No. 17911)
**HENTGES & ASSOCIATES, PLLC**
102 East Thatcher Street
Edmond, OK 73034
Telephone: (405) 340-6554
Facsimile: (405) 340-6562
Email: harlan@organiclawyers.com

John C. Whitfield*
Caroline R. Taylor*
**WHITFIELD COLEMAN BULLOCK, PPLC**
19 North Main Street
Madisonville, KY 42431
Telephone: (270) 821-0656
Facsimile: (270) 825-1163
Email: jwhitfield@wcbfirm.com
Email: caroline@wbmllp.com

Amy Sherry Fischer, OK Bar #16651
**FOLIART HUFF OTTAWAY & BOTTOM**
201 Robert S. Kerr. Ave., 12th Floor
Oklahoma City, OK 73102
Tel: 405-232-4633
Fax: 405-232-3462
larryottaway@oklahomacounsel.com
amyfischer@oklahomacounsel.com

*Counsel for Pilgrim's Pride Corporation*


 /s/ J. Douglas Baldridge
J. Douglas Baldridge*
Lisa Jose Fales*
Kristin M. Koger*
**VENABLE, LLP (DC)**
600 Massachusetts Ave, NW
Washington, DC 20001
202-344-4264
Fax: 202-344-8300
jbaldridge@venable.com
ljfales@venable.com
kmkoger@venable.com

Leonard L. Gordon*
**VENABLE, LLP (NY)**
1270 Ave of the Americas, 24th Flr
New York, NY 10020
212-370-6252
Fax: 212-307-5598
lgordon@venable.com

Mark K. Stonecipher, OBA # 10483
**FELLERS SNIDER BLANKENSHIP BAILEY & TIPPENS (OKC)**
100 N Broadway, Ste 1700
Oklahoma City, OK 73102

J. Dudley Butler*
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Drive
Benton, MS 39039
Telephone: (662) 673-0091
Facsimile: (662) 673-0091
Email: jdb@farmandranchlaw.com

Daniel M. Cohen*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave., NW
Suite 200
Washington, DC 20016
Telephone: (202)789-3960
Facsimile: (202)789-1813
Email: danielc@cuneolaw.com

David S. Muraskin*
**PUBLIC JUSTICE, PC**
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5245
Facsimile: (202) 232-7203
Email: dmuraskin@publicjustice.net

Kellie Lerner*
Matthew J. Geyer*
Meegan F. Hollywood
**ROBINS KAPLAN, LLP**
900 Third Avenue, Suite 1900
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
Email: KLerner@RobinsKaplan.com
Email: MGeyer@RobinsKaplan.com
Email: MHollywood@RobinsKaplan.com

Aaron Sheanin*
**ROBINS KAPLAN, LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
Email: ASheanin@RobinsKaplan.com

405-232-0621
Fax: 405-232-9659
mstonecipher@fellerssnider.com

*Counsel for Defendant Perdue Foods, LLC*

  /s/ Bradley D. Justus
Rachel J. Adcox*
Bradley D. Justus*
Carmel R. Arikat*
**AXINN, VELTROP & HARKRIDER LLP**
1901 L Street NW
Washington, DC 20036
Tel: (202) 912-4700
Fax: (202) 912-4701
radcox@axinn.com
bjustus@axinn.com
carikat@axinn.com

John D. Harkrider*
Kail J. Jethmalani*
**AXINN, VELTROP & HARKRIDER LLP**
114 W 47th Street
New York, NY 10036
Tel: 212-728-2200
Fax: 212-728-2201
jharkrider@axinn.com
kjethmalani@axinn.com

Michael Burrage, OBA #1350
Patricia Sawyer, OBA #30712
**WHITTEN BURRAGE**
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: 405-516-7800
Fax: 405-516-7859
mburrage@whittenburragelaw.com
psawyer@whittenburragelaw.com

*Counsel for Defendants Tyson Foods, Inc., Tyson Chicken, Inc.,*

M. Stephen Dampier*
**DAMPIER LAW FIRM**
55 North Section Street
P.O. Box 161
Fairhope, AL 36532
Telephone: (251) 929-0900
Facsimile: (251) 929-0800
Email: stevedampier@dampierlaw.com

Michael L. Silverman*
**ROACH LANGSTON BRUNO, LLP**
205 North Michigan Avenue, Suite 810
Chicago, IL 60601
Telephone: (773) 969-6160
Email: msilverman@rlbfirm.com

Grant L. Davis*
Thomas C. Jones*
Timothy C. Gaarder*
Thomas E. Ruzicka, Jr.*
**DAVIS BETHUNE & JONES, LLC**
1100 Main St, Ste 2930
Kansas City, MO 64105

Telephone: (816) 421-1600
Email: gdavis@dbjlaw.net
Email: tjones@dbjlaw.net
Email: tgaarder@dbjlaw.net
Email: truzicka@dbjlaw.net

Robert J. Bonsignore*
**BONSIGNORE TRIAL LAWYERS, PLLC**
23 Forest St.
Medford, MA 02155
Telephone: (781) 350-0000
Email: rbonsignore@classactions.us

*Additional Class Counsel for Plaintiffs and the Proposed Class*

* admitted *pro hac vice*

*Tyson Breeders, Inc., Tyson Poultry, Inc.*

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th of January, 2022, I electronically transmitted a true and correct copy of the foregoing document and supporting materials to the Clerk of the Court for filing using the CM/ECF system, which will send notification of such filing to all counsel of record.

 */s/ Daniel J. Walker*
Daniel J. Walker (admitted *pro hac vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
Email: dwalker@bm.net