## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re BROILER CHICKEN GROWER ANTITRUST LITIGATION<br><br>*This document relates to all actions.* | Case No. 6:20-MD-02977-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

**ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AN AWARD OF INTERIM SERVICE AWARDS TO CLASS REPRESENTATIVES**

WHEREAS, this matter comes before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and an Award of Interim Service Awards to Class Representatives;

WHEREAS, the Court, having considered (a) the Settlement Agreements, dated June 30, 2021 and August 11, 2021, respectively (MDL 2977 ECF Nos. 111, 133); (b) the Court's August 23, 2021 Preliminary Approval Orders (MDL 2977 ECF Nos. 144, 145); (c) Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and an Award of Interim Service Awards to Class Representatives and accompanying Memorandum of Law; (d) the supporting Declaration of Gary I. Smith, Jr. (the "Smith Decl."); and (e) all other papers and proceedings herein;

WHEREAS, the Court held a Fairness Hearing on February 18, 2022;

WHEREAS, the Court having considered all of the submissions and arguments with respect to the Settlements, and otherwise being fully informed, and good cause appearing;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlements, unless otherwise defined herein.

## I.      AWARD OF ATTORNEYS' FEES

2.      Upon review of the record, the Court finds that Class Counsel's requested award of attorneys' fees in the amount of one-third of the cash settlement fund of $35.75 million (plus interest) created by the two Settlements is well within the applicable range of reasonable attorneys' fees percentage-of-recovery awards established by relevant precedent.

2

3.      The percentage-of-recovery method of calculating attorneys' fees is appropriate in this Action, as the Tenth Circuit expressly prefers that method in determining the award of attorneys' fees in common fund cases.

4.      While a lodestar crosscheck is not required in the Tenth Circuit, such a check further supports the reasonableness of the fee award. Class Counsel have spent more than 22,000 hours litigating the Action, producing a total lodestar amount of $11,905,676.40 based on each firm's standard current hourly rates. *See* Smith Decl. ¶ 99. Thus, a fee award of one-third of the Settlement Fund reflects a multiplier of approximately 1.001 of this lodestar. *Id.* This lodestar crosscheck multiplier is in line with—and indeed, significantly lower than—lodestar multipliers that courts in this Circuit have found to be reasonable in comparable common fund cases.

5.      Both the Direct Notice and the Publication Notice indicated that Class Counsel would seek a fee award of up to one-third of the combined amount of the Settlements in addition to reimbursement of costs and service awards. *See* Smith Decl. ¶ 94.

6.      Accordingly, Class Counsel's request for an award of one-third of the $35.75 million cash value of the two Settlements (plus interest), which equals a fee award of $11,916,667 (plus interest), is granted.

## II.      REIMBURSEMENT OF EXPENSES

7.      The Court finds that Class Counsel's request for reimbursement of their reasonably incurred expenses should be granted. From the inception of litigation, Class Counsel have incurred $2,301,859.35 in unreimbursed litigation out-of-pocket expenses, litigation fund disbursements, and outstanding invoices due while prosecuting this action, the majority of which are for the work of economic experts. *See* Smith Decl. ¶¶ 101-04. These collective expenses

were reasonably incurred and expended for the direct benefit of the Settlement Classes and should therefore be reimbursed.

8.     Accordingly, Class Counsel's request for reimbursement of litigation costs and expenses in the amount of $2,301,859.35 is granted.

## III.   INTERIM SERVICE AWARDS TO THE CLASS REPRESENTATIVES

9.     The Court finds that Class Counsel's request for interim service awards of $50,000 for each of the seven Class Representatives[1] is appropriate.

10.    Each of the Class Representatives has expended considerable time and effort to aid in the prosecution of this case, including: filing suit to protect the interests of absent class members in multiple courts; consulting with Co-Lead Counsel and providing relevant facts about Growers' experiences as part of the initial case investigation and to prepare the initial and amended complaints; meeting telephonically and in-person with Co-Lead Counsel multiple times to respond to discovery requests, and to provide access to their hard copy and electronic files to respond to Defendants' document requests; collectively producing more than 10,000 pages of documents; and attending Court hearings in-person and virtually (by the Oklahoma-based Class Representative). *See* Smith Decl. ¶¶ 106-14. The Class Representatives are also prepared to fulfill their obligation to provide testimony and sit for depositions and, if necessary, trial. *See id.* ¶ 116.

---

[1] The term "Class Representatives" refers to the Plaintiffs in this action that are proposed class representatives: Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles B. Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, Mitchell Mason, and Anna Mason. For purposes of the requested interim service awards, Class Representatives with a familial relationship ((1) Myles B. Weaver and Melissa Weaver, (2) Marc McEntire and Karen McEntire, and (3) Mitchell Mason and Anna Mason) are treated as a single Class Representative.

11.     Accordingly, Class Counsel's request for interim service awards of $50,000 for each of the seven Class Representatives is granted.

## IV.     CO-LEAD COUNSEL IS AUTHORIZED TO DISTRIBUTE THE AWARDED ATTORNEYS' FEES

12.     Co-Lead Counsel shall allocate the fees and expenses among all of the counsel representing Plaintiffs based upon Co-Lead Counsel's evaluation of the contribution of such counsel to the prosecution and resolution of this litigation.

## V.     THE COURT RETAINS JURISDICTION

13.     Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

SO ORDERED.

DATED: February 18, 2022

The Honorable Robert J. Shelby
Chief United States District Judge