## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II) | MDL No. 6:20-md-2977-RJS-CMR<br><br>Hon. Chief Judge Robert J. Shelby<br><br>Hon. Cecilia M. Romero |

## ORDER GRANTING FINAL APPROVAL OF
## SETTLEMENTS WITH PERDUE AND TYSON

WHEREAS, an action is pending before this Court styled *In re: Broiler Chicken Grower Antitrust Litigation (No. II)*, MDL No. 6:20-md-02977-RJS-CMR (the "Action");[1]

WHEREAS Plaintiffs[2] have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order (a) granting final approval to the settlements with Defendants Perdue[3] and Tyson[4] (the "Settlements"); (b) granting final approval to the plan of distribution; and (c) finding that the class notice program comports with Rule 23 and due process and was effectuated in accordance with the Court-approved notice plan.

WHEREAS, the Court has considered the Settlements and other documents submitted in connection with Plaintiffs' Motion and Memorandum of Law in Support of Motion for Final Approval of Settlements with Perdue and Tyson, and good cause appearing therefore, hereby finds that the motion should be GRANTED as to the Settlements;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court has subject matter jurisdiction over this Action and personal jurisdiction over the parties to the Settlements, including all members of the Settlement Classes, Perdue, and Tyson.

2. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlements or the Court's August 23, 2021 Orders preliminarily approving the Perdue and Tyson Settlements (ECF Nos. 144, 145), unless otherwise noted.

## I.     **FINAL APPROVAL OF THE SETTLEMENTS**

3. Upon review of the record, including the Orders preliminarily approving the Settlements and the submissions in support of their preliminary and final approval, the Court finds that

---

[1] Action includes the member cases *Haff Poultry, Inc., et al. v. Tyson Foods, Inc., et al.,* No. 6:17-cv-33 (E.D. Okla.); *In re Sanderson & Koch Broiler Chicken Grower Litig.*, No. 7:18-cv-31 (E.D.N.C.); *McEntire v. Tyson Foods, Inc., et al.*, No. 1:20-cv-2764 (D. Colo.); *Colvin v. Tyson Foods, Inc., et al.*, 2:20-cv-2464 (D. Kan.); and *Mason v. Tyson Foods, Inc., et al.*, 5:20-cv-07049 (N.D. Cal.).

[2] Plaintiffs include Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, Mitchell Mason, Anna Mason, Barry Mason, Jonathan Tipton, and Henry Randall Colvin.

[3] Perdue means Perdue Foods, LLC, and all of its predecessors, successors, assigns, Affiliates (including without limitation any affiliates who are alleged co-conspirators), and any and all past, present, and future parents, owners, subsidiaries, divisions, and/or departments.

[4] Tyson means, collectively, Tyson Foods Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc., and all of their predecessors, successors, assigns, Affiliates (including without limitation any affiliates who are alleged co-conspirators), and any and all past, present, and future parents, owners, subsidiaries, divisions, and/or departments.

the Settlements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlements on the basis that they are, in all respects, fair, reasonable, and adequate as to, and in the best interests of, all members of the Settlement Classes, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23; the Court directs the Settlements' consummation according to their terms. In reaching this conclusion, the Court has considered the factors set forth in *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 997 F.3d 1077, 1087 (10th Cir. 2021) and Rule 23(e)(2)(C). Moreover, the Court concludes as follows:

   a. Settlement Class Counsel and the class representatives have adequately represented the Settlement Classes;

   b. The Settlements were negotiated by counsel with significant experience litigating antitrust class actions and are the results of vigorous arm's-length negotiations undertaken in good faith;

   c. The relief obtained for the Settlement Classes is adequate and the method for distributing the common fund to members of the Settlement Classes is equitable;

   d. No timely or valid objections to the Settlements have been filed. But even considering the two objections filed on their merits, the court finds for the reasons stated on the record at the hearing on February 18, 2022 that they do not undermine the conclusion that final approval of the Settlements should be granted;

   e. The Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the uncertain possibility of future relief after protracted and expensive litigation; and

   f. Settlement Class Counsel's judgment that the Settlements are fair and reasonable, and the reaction to the Settlements by the members of the Settlement Classes, are entitled to great weight.

## II. FINAL APPROVAL OF THE PLAN OF DISTRIBUTION

5. Upon review of the record, the Court finds that a *pro rata* distribution of the common fund, net of Court-approved attorneys' fees, litigation expenses, and service awards (the "Net

Settlement Fund"), has a reasonable, rational basis and is fair and adequate. Therefore, the proposed *pro rata* distribution is hereby finally approved.

### III. CERTIFICATION OF THE SETTLEMENT CLASSES

6. On August 23, 2021, the Court certified the Settlement Classes under Federal Rule of Civil Procedure 23(b)(3). ECF Nos. 144, 145.

### IV. APPOINTMENT OF SETTLEMENT CLASS COUNSEL AND CLASS REPRESENTATIVES

7. On August 23, 2021, the Court appointed Hausfeld LLP and Berger Montague PC as Settlement Class Counsel for the Settlement Classes and Plaintiffs as class representatives on behalf of the Settlement Classes. ECF Nos. 144, 145.

### V. FINAL APPROVAL OF CLASS NOTICE

8. On August 23, 2021, the Court found the notice plan represented the "best notice that is practicable under the circumstances," was "reasonably calculated to reach the members of the Settlement Class," and met "the requirements of Federal Rule of Civil Procedure 23 and due process." ECF No. 146 ¶ 3.

9. Upon review of the record, the Court now finds that the class notice program of the Settlements was effectuated in accordance with the Court approved notice plan and thus constituted due, adequate, and sufficient notice of the Settlements and was the best notice practicable under the circumstances and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. Therefore, the form and manner of dissemination of the class notice are finally approved.

### VI. SETTLEMENT ADMINISTRATOR AND ESCROW AGENT

10. On August 23, 2021, the Court appointed Angeion Group LLC as the Settlement Administrator and Huntington National Bank as the Escrow Agent. ECF Nos. 144-146.

### VII. OTHER PROVISIONS

11. Perdue and Tyson have each provided the appropriate notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"). ECF No. 114.

12. The Court approves and directs the implementation, performance, and consummation of all the terms of the Settlements.

13. Except as to any individual claim of those persons who have validly and timely requested exclusion from one or both of the Settlement Classes ("Opt-Outs"), as reflected in Exhibit A

hereto, Perdue and Tyson, as well as all members of the Settlement Classes, are bound by this Order and by the Settlements.

14. The Court dismisses the Action, as well as all the Released Claims, against any of the Perdue Released Parties or Tyson Released Parties ("Released Parties") by the class representatives, members of the Settlement Classes, or other Releasing Parties ("Releasing Parties"), with prejudice. The parties are to bear their own costs, except as otherwise provided in the Settlements, provided that such dismissal shall not affect, in any way, the right of Plaintiffs or members of the Settlement Classes to pursue claims, if any, outside the scope of the Released Claims.

15. Opt-Outs that have timely and validly requested exclusion from one or both of the Settlement Classes and are hereby excluded from the relevant Settlement Class(es), are not bound by this Order, and may not make any claim or receive any benefit from the relevant Settlement(s), whether monetary or otherwise.

16. As set forth in the Settlements, the Releasing Parties shall, by operation of law, be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; shall be forever enjoined from commencing, prosecuting, or continuing in any forum any Released Claim against any of the Released Parties; and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any non-party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

17. The Settlements shall not be offered or be admissible in evidence against the Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of the Settlements' terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlements may be filed in an action to enforce or interpret the terms of the Settlements and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlements and/or this Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Any order entered regarding the motion for attorneys' fees, litigation expenses, and service awards in the Action shall in no way disturb or affect this Order and shall be considered separate from this Order.

19. If this Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order shall be deemed vacated and shall have no force or effect whatsoever.

20. Without affecting the finality of this Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) consummation, administration, and implementation of the Settlements and any award or distribution of monies under the Settlements to members of the Settlement Classes; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the Plaintiffs; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlements, including as set out in Paragraph 24 of the Tyson Settlement Agreement and Paragraph 23 of the Perdue Settlement Agreement.

SO ORDERED this 18th day of February, 2022.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge

## EXHIBIT A

**Growers Excluded from Tyson Settlement Only**

| | |
|---|---|
| 1 | Douglas Henricksen |
| 2 | Hanover Farms (Doug Toews) |
| 3 | Maple Leaf Farms (Jason Borntrager) |
| 4 | Janice Leisure (on behalf of deceased Calvin Leisure) |
| 5 | Morvatt #1 (Morvatt Enterprises, LLC) |
| 6 | Morvatt #2 (Morvatt Enterprises, LLC) |
| 7 | 56 North (Morvatt Enterprises, LLC) |
| 8 | 56 South (Morvatt Enterprises, LLC) |
| 9 | Honeysuckle (Morvatt Enterprises, LLC) |
| 10 | Gravel Pit (Morvatt Enterprises, LLC) |
| 11 | B.D. Luck (Morvatt Enterprises, LLC) |
| 12 | Burch Poultry (Christopher S Burch) |
| 13 | TLC Poultry, LLC (Tim Vincent) |
| 14 | Poultry Specialty Servic, LC (Tim Vincent) |
| 15 | Keith Crabtree |
| 16 | Doug Brown |
| 17 | John Pinkston |
| 18 | Rickard Farms, LLC (Morgan Rickard) |
| 19 | ICU Chickens, LLC (William Rickard and Sondra Rickard) |
| 20 | Wishbone Poultry (Morgan Rickard) |
| 21 | Branch Farm (Sondra Rickard) |
| 22 | Murphy Farms, LLC (Mike Murphy) |
| 23 | Dennis Clap |
| 24 | H & L Farms, LLC (Mark Little as Trustee for Loi Hong) |
| 25 | Fred Mast |

**Growers Excluded from Perdue Settlement Only**

| | |
|---|---|
| 1 | Misty Hollow Farm (Eddie Ramer) |
| 2 | Lee Richardson |

**Growers Excluded from Both Tyson and Perdue Settlements**

| | |
|---|---|
| 1 | G T Farm (Garvice Thomas, Joan Thomas) |
| 2 | Riverside Poultry LLC (Casey Whited and Rebecca Whited) |
| 3 | Ray Hostetler |
| 4 | Hidden Valley Farm/Hidden Valley Poultry (Kevin Shrock) |
| 5 | Chicken Little (Joshua M Slaubaugh) |
| 6 | Fallen Sky (Joshua M Slaubaugh) |

| | |
|---|---|
| 7 | Pine Grove Farm (Kenrick Shrock) |
| 8 | Forest Line Farm LLC (Wayne Wenger) |
| 9 | A Shirk & Sons (Andrew Shirk) |
| 10 | Aaron D Borntrager |
| 11 | Big M #1 (Treva and Grant Martin) |
| 12 | Big M #2 (Treva and Grant Martin) |
| 13 | Big M #3 (Treva and Grant Martin) |
| 14 | Thi Farm, LLC (Binh Van Bui) |
| 15 | Purgatory Farms (Michelle Protani-Chesnik) |
| 16 | Elysian Farms (Paul Chesnik) |
| 17 | Denton Farms (Zachary Denton) |
| 18 | Stephen A. Witmer |
| 19 | Paul Gingerich |
| 20 | Robert Miller Farm (Rudy Howell) |
| 21 | C&A Farms (James Craig Watts) |
| 22 | Billo Farm (Mohammed Nasir, Farhan A Nasir, Aksmah LLC) |
| 23 | Mahe Farms (Mohammed Nasir, Farhan A Nasir, Aksmah LLC) |
| 24 | Butt Sahib (Mohammed Nasir, Farhan A Nasir, Aksmah LLC) |
| 25 | Anthony Grigsby |
| 26 | Christy Grigsby |
| 27 | Randy Smith |
| 28 | R&K Farms (Kimberly M. Reeves) |
| 29 | Trinity Poultry Farm, LLC (Trina B. McClendon) |
| 30 | Dennis E. McClendon |
| 31 | Livingston Farms (John T. Livingston)[5] |
| 32 | TK Farm (John T. Livingston)[5] |
| 33 | Julius R. Gavin, Jr. |
| 34 | Kevin Gordin |
| 35 | Dale Watkins |
| 36 | Carlton Sander |
| 37 | Randy Pace |
| 38 | Wesley Wooten |
| 39 | Janice Wilhite |
| 40 | Wilbur Wilhite |
| 41 | New Haven Farms (Vuong Nguyen) |

---

[5] These two requests for exclusion were received after the December 6, 2021 deadline, but without a postmark from which Plaintiffs could ascertain whether or not they were mailed before that deadline. In light of that ambiguity Plaintiffs recommend that these two requests be treated as timely.