**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)** | MDL No. 6:20-md-2977-RJS-CMR<br><br>Hon. Chief Judge Robert J. Shelby<br><br>Hon. Cecilia M. Romero |

**ORDER APPROVING NOTICE PLAN AND AUTHORIZING ISSUANCE
OF NOTICE TO THE KOCH SETTLEMENT CLASS**

WHEREAS, Plaintiffs[1] and Koch[2] have entered into and executed a Settlement Agreement (the "Koch Settlement") in this Action which, if finally approved by the Court, will result in the dismissal of all claims against Koch with prejudice;

WHEREAS, in full and final settlement of the claims asserted against it in this Action, Koch has, in addition to other non-monetary cooperation, agreed to pay an amount of $15.5 million (the "Settlement Amount") and Koch has agreed not include or enforce provisions in its contracts with members of the Settlement Class that would either mandate arbitration or bar initiation or participation in a class action for five years;

WHEREAS, the Court has granted Plaintiffs' application for orders preliminarily approving the Koch Settlement, certified the Settlement Class, and appointed Class Counsel as Class Counsel for the Settlement Class;

WHEREAS, Plaintiffs, have sought, and Koch does not oppose, approval of a Plan of Notice and Appointment of Settlement Administrator;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement, unless otherwise defined herein.

---

[1] Plaintiffs include Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, Mitchell Mason, and Anna Mason. Anna Mason is an individual plaintiff in the cases comprising this multi-district litigation and is not a proposed class representative.

[2] "Koch" means Defendants Koch Foods, Inc. and Koch Meat Co., Inc. (doing business as Koch Poultry Co.).

I.      **PLAN OF ALLOCATION AND CLASS NOTICE**

2.  The Court appoints Angeion Group LLC as the Settlement Administrator to assist Class Counsel in effectuating and administering the Notice Program and the exclusion process for Class members that wish to be excluded from the Settlement Class, and in effectuating and administering the plan of allocation.

3.  The Court determines that notice should be provided to members of the Settlement Class. The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan, including the direct mailing of the long-form notice and a Pre-Populated Claim Form to the Settlement Class where possible, a direct mailing of the long-form notice and an Unpopulated Claim Form for members of the Settlement Class for whom Plaintiffs possess address information but lack the data necessary to generate a Pre-Populated Claim Form, publication notice to be broadly disseminated through print media and specifically targeted to areas occupied by alleged Co-Conspirators for which Plaintiffs are likely to lack name and address information, a social media campaign, a press release, and the use of a settlement website for publication of notice, access to information and important documents and deadlines, contact information for the Settlement Class to submit questions, and online claim submissions. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

4.  Plaintiffs may pay up to $250,000 for notice and claims administration costs from the Settlement Fund pursuant to Section 6.c. of the Koch Settlement. If the actual costs of disseminating notice and administering the Settlement exceed $250,000, Plaintiffs shall file a motion requesting Court approval for the disbursement of additional funds for notice and administration costs.

II.     **SCHEDULE FOR SERVICE OF NOTICE, MOTIONS FOR FEES, CLASS
        EXCLUSIONS, OBJECTIONS, AND FAIRNESS HEARING**

5.  The Court hereby orders the following schedule for: (a) dissemination of notice; (b)
    Plaintiffs' motions for attorneys' fees, and expenses; (c) the deadlines for Settlement Class
    members to object to the Settlement or request exclusion from the Settlement Class; (d)
    Plaintiffs' notice to the Court identifying persons requesting exclusion from the Class; (e)
    Plaintiffs Notice to the Court confirming completion of the Notice Program; (f) Plaintiffs'
    submission of a motion and memorandum in support of final approval of the Settlement and
    any responses to any objections; (g) a Fairness Hearing; and (h) submissions of claims by
    the Settlement Class.

| Event | Timeline |
|---|---|
| Commencement of Direct Notice to the Class | 30 days after an Order approving the Notice Plan: **July 11, 2022.** |
| Commencement of Publication Notice to the Class | 30 days after an Order approving the Notice Plan: **July 11, 2022.** |
| Submission of motion for attorneys' fees and expenses | 75 days after an Order approving the Notice Plan: **August 24, 2022.** |
| Deadline for Class Members to Opt Out of the Class or Object to the Settlement | 105 days after an Order approving the Notice Plan: **September 23, 2022.** |
| Plaintiffs' Notice to the Court Identifying Persons or Entities Requesting Exclusion from the Class and Completion of the Notice Program | 115 days after an Order approving the Notice Plan: **October 3, 2022.** |
| Submission of motion and memorandum in support of final approval of the Settlement Agreements and any responses by parties to any objections filed by any Class members | 115 days after an Order approving the Notice Plan: **October 3, 2022.** |
| Fairness Hearing | On a date to be set by the Court, but no earlier than 130 days after an Order approving the Notice Plan: **October 28, 2022, at 2:00 pm Central Time.** |
| Claims Deadline | 240 days after an Order approving the Notice Plan: **February 6, 2023.** |

6.  The Court finds and concludes that the schedule set forth above is fair to Settlement Class members as it provides time for Settlement Class members to review the Settlements before deciding whether to opt out or object, it gives over two months' notice to the Settlement Class of the upper boundaries of a request for attorneys' fees and expenses (set forth in the long form notice), and it gives a month's notice to the Settlement Class of the actual request for attorneys' fees and expenses.

7.  At the Fairness Hearing, the Court will conduct an inquiry as it deems appropriate into fairness, reasonableness, and adequacy of the Settlements, address any objections to it, and determine whether the Settlements and the Plan of Allocation should be finally approved, whether final judgment should be entered thereon, and whether to approve any motions for attorneys' fees and expenses.

SO ORDERED this 10th day of June, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge