**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO. II) | Case No. 6:20-MD-02977-RJS-CMR<br><br>Honorable Chief Judge Robert J. Shelby<br><br>Honorable Cecilia M. Romero |

**DECLARATION OF STEVEN WEISBROT ON ANGEION GROUP**
**QUALIFICATIONS  & PROPOSED NOTICE PLAN**

I, Steven Weisbrot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing and implementing large-scale, unbiased, legal notification plans.

2.      I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best*

1

*Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.     I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.     Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.     My notice work comprises a wide range of class actions that include data breach, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.     I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.     By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to Settlement Class Members. The executive profiles as well as the company overview are available at www.angeiongroup.com.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

## PRIOR EXPERIENCE IN THIS LITIGATION

11.     Angeion was previously appointed to serve as the Settlement Administrator for the Tyson and Perdue, Koch and Sanderson settlements in this litigation.[1] Angeion will leverage the comprehensive experience it is has garnered from implementing those Notice Plans and providing administration services in those settlements (such as receiving and responding to Class member inquiries, providing other administrative support to the Class and distribution), to provide effective and efficient notice and administration services for this Class. Further, as part of its notice preparation, Angeion will cross-check the data from the Tyson and Perdue, Koch, and Sanderson settlements to ensure that notice is sent to the most current address known to Angeion, *i.e.*, Angeion captured address updates received from Class members, address verification searches, the USPS National Change of Address database[2], and/or Plaintiffs' counsel.

12.     As previously reported, Angeion successfully disseminated notice to 22,220 Class member records in the Tyson & Perdue settlement, 22,391 Class member records in the Koch settlement, and 22,870 Class member records in the Sanderson settlement, each representing an approximate 95% deliverability rate of notices mailed.[3]

13.     Angeion distributed 23,124 payments in the Tyson and Perdue settlements and is currently issuing approximately 23,349 payments on a rolling basis in the Koch settlement. Sanderson settlement payments have not yet been distributed.

## CLASS DEFINITION

14.     The Notice Plan has been designed to reach the Settlement Class, defined as: All individuals and entities in the United States and its territories that were compensated for Broiler Grow-Out Services by a Defendant or Co-Conspirator (excluding Claxton and Allen Harim), or by a division,

---

[1] *See* Order Approving Notice Plan and Authorizing Issuance of Notice to the Tyson and Perdue Settlement Classes (Dkt. No. 146); Order Approving Notice Plan and Authorizing Issuance of Notice to the Sanderson Settlement Class (Dkt. No. 327); and Order Approving Notice Plan and Authorizing Issuance of Notice to the Koch Settlement Class (Dkt. No. 366).

[2] Which provides updated address information for individuals or entities who have moved during the previous four (4) years and filed a change of address with the USPS ("NCOA").

[3] Declaration of Steven Weisbrot Regarding the Implementation of Notice Plan ECFs 232-1, 409-1 and 535-1, respectively.

subsidiary, predecessor, or affiliate of a Defendant or Co-Conspirator (excluding Claxton and Allen Harim), at any time during the period of January 27, 2013 through and including December 31, 2019.

## SUMMARY OF THE NOTICE PLAN

15.     The proposed Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process and Federal Rule of Civil Procedure 23. It provides individual direct notice to all reasonably identifiable members of the Settlement Class via direct mail, combined with a strategic print publication schedule, programmatic display advertising, social media advertising, a press release, and the implementation of a dedicated website and a toll-free telephone line where members of the Settlement Class can learn more about their rights and options pursuant to the terms of the Settlement.

16.     The proposed Notice Plan described herein mirrors the Notice Plans that were previously implemented in the Tyson and Perdue, Koch, and Sanderson settlements after being approved by this Court. In each of those settlements, the Court also found that the class notice program constituted due, adequate, and sufficient notice and was the best notice practicable under the circumstances and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law.[4]

## DIRECT NOTICE

17.     The direct notice effort in this matter will consist of sending individual long-form notice to all members of the Settlement Class for which Plaintiffs have sufficient address information[5]. For all members of the Settlement Class that Plaintiffs possess sufficient structured data for, a pre-populated claim form will be included in that mailing. For those members of the Settlement Class where Plaintiffs have viable address information but lack sufficient structured data to pre-populate a claim form, class members will be able to answer a series of simple questions on an unpopulated claim form that will enable Settlement Class Counsel to estimate their pro rata share based on available industry

---

[4] *See* Order Granting Final Approval of Settlements with Perdue and Tyson (Dkt. No. 285); Order Granting Final Approval of Settlement with Koch and Entering Final Judgment Under Rule 54(B) as to Koch (Dkt. No. 420); and Order Granting Final Approval of Settlement with Sanderson and Entering Final Judgment Under Rule 54(B) as to Sanderson (Dkt. No. 565).
[5] Angeion estimates mailing direct notice to 99% of known Settlement Class Members.

data from certain coconspirators, including data available from Agri Stats, Inc. or, alternatively, to submit their own documentation to substantiate their pro rata share. Angeion estimates that approximately 99% of Settlement Class for which Angeion has sufficient mailing information will be sent a pre-populated claim form. In administering the Notice Plan in this action, Angeion will employ the following best practices to increase the deliverability rate of the mailed notices.

18.     Angeion will cause the mailing address information for members of the Settlement Class to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS.

19.     Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly.

20.     Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

21.     For any member of the Settlement Class where a new address is identified through the skip trace process, the class member database will be updated with the new address information and a Notice will be re-mailed to that address.

**MEDIA NOTICE**

22.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States.[6]  In laymen's terms, programmatic advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets).

---

[6] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It is estimated that the U.S. programmatic digital display ad spend will total $157.35 billion in 2024. *See* https://www.emarketer.com/insights/programmatic-digital-display-ad-spending/ (Last visited August 8, 2024).

23.     In addition to the notice efforts described above, the Notice Plan also includes a media strategy designed to reach members of the Settlement Class via a strategically geo-targeted publication notice campaign. A 1/8-page advertisement will be run one time in each of the publications listed below. Where necessary, suitable substitute publications may be utilized. These local publications are centered around complexes where it is least likely members of the Settlement Class will be reachable by direct mail notice and will inform Settlement Class members how they can obtain information about the Settlement, including the long-form notice, the short-form notice, a claim form, and other important case documents and information.

| PUBLICATION | COUNTY COVERAGE AREA | PUBLICATION DAY(S) | CIRCULATION |
|---|---|---|---|
| Savannah Morning News | Chatham, Bryan, Effingham (Georgia) | Sun-Fri | Daily: 11,220 Sun: 12,125 |
| The Claxton Enterprise | Evans, Tatnall (Georgia) | Wednesday | 3,700 |
| Atlanta Journal Constitution | Fulton, Dekalb, Cobb, Clayton (Georgia) | Mon-Sun | Daily: 85,628 Sun: 132,926 |
| Barrow News-Journal | Barrow (Georgia) | Wednesday | 5,500 |
| Goldsboro News Argus | Wayne (North Carolina) | Tues-Sat | Tues-Fri: 7,000 Sat: 9,000 |
| Morganton News Herald | Burke (North Carolina) | Sun-Fri | 7,729 |
| Wooster Daily Record | Wayne (Ohio) | Tues-Sun | Daily: 6,606 Sun: 7,062 |
| Canton Repository | Stark, southern Summit, northern Tuscarawas (Ohio) | Sun-Fri | Daily: 14,000 Sun: 20,000 |

24.     In addition, notice will be published in a leading industry publication.  Poultry Times is our recommended industry publication for this matter. Poultry Times is published 26 times per year, twice per month, with an additional two special issues. A 1/2-page advertisement will run one time to the paid circulation of over 13,000 targeted readers, of which approximately 65% are Growers, Integrators, and hatcheries.  Where necessary, suitable substitute publications may be utilized.

25.    The Notice Plan also includes a social media campaign utilizing Facebook[7] which is a leading social media platform in North America. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on the social media platform.

26.    The social media campaign will engage with the audience via a mix of news feed and story units to optimize performance via the Facebook desktop site, mobile site and mobile app. Facebook image ads will appear natively in desktop newsfeeds (on Facebook.com) and mobile app newsfeeds (via the Facebook app or Facebook.com mobile site), and on desktops via right-column ads.

27.    Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Settlement Class. We will use Facebook Marketing platform and its technology to serve ads on Facebook against the Audience. *Look-a-like modeling* allows the use of consumer characteristics to serve ads. Based on these characteristics, we can build different consumer profile segments to ensure the notice plan messaging is delivered to the proper audience. *Conquesting* allows ads to be served in relevant placements to further alert prospective members of the Settlement Class. The social media ads will further be geo-targeted with a weighted delivery to account for the geographics of the Audience if this information is available.

28.    The social media campaign will coincide with the programmatic display advertising portion of the Notice Plan.  These tactics are designed to deliver approximately 1,875,000 total impressions.

## PRESS RELEASE

29.    Angeion will cause a press release to be distributed over the National & Agriculture circuit on PR Newswire to further diffuse news of the Settlement.  This distribution will help garner "earned media" (*i.e.,* other media outlets and/or publications will report the story) separate and apart to supplement the direct notice efforts outlined herein which will lead to increased awareness and participation amongst members of the Settlement Class.

## RESPONSE MECHANISMS

30.    The   Notice   Plan   will   provide   for   the   case-specific   website, www.broilergrowersantitrustsettlement.com, to be updated with information specific to the Pilgrim's

---

[7]    Facebook is estimated to have over 250 million users in the United States. *See* https://www.statista.com/statistics/408971/number-of-us-facebook-users (Last visited August 8, 2024).

Pride Settlement. The website will allow members of the Settlement Class to easily view general information about this class action Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement.  The website will be designed to be user-friendly and make it easy for Settlement Class members to find information about the case. The website will also have a "Contact Us" page whereby Settlement Class members can send an email with any additional questions to a dedicated email address.  Settlement Class members can download a copy of the long-form notice from the website as well as other documents, including a claim form.

31.     Likewise, Settlement Class members will have the ability to view the website and upload supporting documentation if the Settlement Class member disagrees with the figures in their pre-populated claim form, or to submit documentation or provide other information sufficient to complete an unpopulated claim form (if sufficient structured data is unavailable to generate a pre-populated claim form). Settlement Class members will also be able to access an unpopulated claim form which can be filled in and submitted online or printed out and mailed in, according to their preference.

32.     The toll-free hotline devoted to this case (833-907-3700) will also be updated to further apprise members of the Settlement Class of the rights and options in the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.  Settlement Class members can leave a message to request notices and the Settlement claim form be mailed to them, as well as an option to speak with a live operator during normal business hours.

## PLAIN LANGUAGE NOTICE DESIGN

33.     The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice

documents will undergo a final edit for accuracy.

34.     Angeion Group maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to members of the Settlement Class in plain language.

35.     In addition to **Exhibit A** (*see* paragraph 8, *supra*), I have attached to my declaration a copy of the long-form notice (**Exhibit B**); the short-form notice (**Exhibit C**); a Pre-Populated Claim Form (**Exhibit D**); and an Unpopulated Claim Form (**Exhibit E**). All these documents will be available on the Settlement Website.

## CONCLUSION

36.     The Notice Plan outlined above includes direct notice to all reasonably identifiable Settlement Class members via direct mail, coupled with a strategic print publication campaign, programmatic display advertising, social media advertising, a press release, and updating the dedicated Settlement Website and toll-free hotline to further inform Settlement Class members of their rights and options pursuant to the terms of the Settlement.

37.     In my opinion, the Notice Plan will provide full and proper notice to Settlement Class members before the claims, opt-out, and objection deadlines.  Moreover, it is my opinion that Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process and Federal Rule of Civil Procedure 23.  After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation.


        I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  August 13, 2024

_____
STEVEN WEISBROT

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

**Class Action Administration | Mass Arbitration Administration
Mass Tort Services | Regulatory Remediation**



## Judicial Recognition

© Angeion Group, LLC

**ANGEION** GROUP
Writing the Rules

## IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION
**Case No. 3:18-md-02843 (N.D. Cal.)**

The Honorable Vincent Chhabria (March 29, 2023): The Court approves the Settlement Administration Protocol & Notice Plan, amended Summary Notice (Dkt. No. 1114-8), second amended Class Notice (Dkt. No. 1114-6), In-App Notice, amended Claim Form (Dkt. No. 1114-2), Opt-Out Form (Dkt. No. 1122-1), and Objection Form (Dkt. No. 1122-2) and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement and the subsequent filings referenced above meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

## IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
**Case No. 8:22-ml-03052 (C.D. Cal.)**

The Honorable James V. Selna (October 31, 2023): The Court has considered the form and content of the Class notice program and finds that the Class notice program and methodology as described in the Settlement Agreement (a) meet the requirements of due process and Federal Rules of Civil Procedure 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice.

## IN RE: PHILLIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION
**Case No. 2:21-mc-01230 (MDL No. 3014) (W.D. Pa.)**

The Honorable Joy Flowers Conti (October 10, 2023): The Court finds that the method of giving notice to the Settlement Class ("Notice Plan")...(a) constitute the best notice practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms and benefits of the proposed Settlement...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and any other persons entitled to receive notice, (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rule 23(c), the Due Process Clause(s) of the United States Constitution, and any other applicable laws...

## IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION
**Case No. 2:18-mn-02873 (D.S.C.)**

The Honorable Richard Mark Gergel (August 29, 2023): The Court also approves the proposed Notice Plan set forth in Exhibit C to the Settlement Agreement.  The Court finds that the proposal for (i) direct mailing of the Notice, as well as emailing of the Summary Notice, to each known Class Member, (ii) personalized outreach to national and local water organizations, (iii) national publication of the Summary Notice and a media campaign targeting all Active Public Water Systems that may potentially meet the qualifications to become Class Members, and (iv) a website that potential Class Members will be directed to displaying a long-form Notice that sets forth the details of the proposed Settlement and provides a toll-free hotline, meets the requirements of Rule 23 and due process and shall constitute due and sufficient notice to all Persons potentially entitled to

participate in the proposed Settlement.  The proposed Notice Plan is the best practicable notice under the circumstances of this case; is reasonably calculated under the circumstances to apprise potential Class Members of the Settlement Agreement and of their right to object to or exclude themselves from the proposed Settlement Class; is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive it; and meets all applicable requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and other applicable laws and rules.

### KUKORINIS v. WALMART, INC.

**Case No. 8:22-cv-02402 (M.D. Fla.)**

The Honorable Virginia M. Hernandez Covington (January 19, 2024): The Notice Plan, including the form of the notices and methods for notifying the Settlement Class of the Settlement and its terms and conditions...a. meet the requirements of the Federal Rules of Civil Procedure (including Rule 23 (c)-(e)), the United States Constitution (including the Due Process Clause), and the Rules of this Court; b. constitute the best notice to Settlement Class Members practicable under the circumstances...

### LE ET AL. v. ZUFFA, LLC

**Case No. 2:15-cv-01045 (D. Nev.)**

The Honorable Richard F. Boulware, II (November 17, 2023): The proposed Notice Plan, including the proposed forms and manner of notice, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure.

### AMANS v. TESLA, INC.

**Case No. 3:21-cv-03577 (N.D. Cal.)**

The Honorable Vince Chhabria (October 20, 2023): The Court further finds that the Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this case, the terms of the Settlement Agreement, the right to object to the Settlement, and the right to exclude themselves from the Settlement Class.

### LUNDY v. META PLATFORMS, INC.

**Case No. 3:18-cv-06793 (N.D. Cal.)**

The Honorable James Donato (April 26, 2023): For purposes of Rule 23(e), the Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto are approved...The form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval are accepted at this time as practicable and reasonable in light of the rather unique circumstances of this case.

## IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION

**Case No. 5:18-md-02827 (N.D. Cal.)**

The Honorable Edward J. Davila (March 17, 2021): Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

## IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION

**Case No. 1:20-cv-04699 (N.D. Ill.)**

The Honorable John Z. Lee (August 22, 2022): The Class Notice was disseminated in accordance with the procedures required by the Court's Order Granting Preliminary Approval…in accordance with applicable law, satisfied the requirements of Rule 23(e) and due process, and constituted the best notice practicable…

## IN RE: GOOGLE PLUS PROFILE LITIGATION

**Case No. 5:18-cv-06164 (N.D. Cal.)**

The Honorable Edward J. Davila (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

## MEHTA v. ROBINHOOD FINANCIAL LLC

**Case No. 5:21-cv-01013 (N.D. Cal.)**

The Honorable Susan van Keulen (August 29, 2022): The proposed notice plan, which includes direct notice via email, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class Members of the nature and pendency of the Litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorneys' fees, costs, and expenses and for service awards. The plan and the Notice constitute due, adequate, and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

## ADTRADER, INC. v. GOOGLE LLC

**Case No. 5:17-cv-07082 (N.D. Cal.)**

The Honorable Beth L. Freeman (May 13, 2022):  The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Forms attached to the Weisbrot Declaration, subject to the Court's one requested change as further described in Paragraph 8 of this Order, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under

all circumstances, reasonably apprise members of the AdWords Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the AdWords Class. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

## IN RE: FACEBOOK INTERNET TRACKING LITIGATION
### Case No. 5:12-md-02314 (N.D. Cal.)
The Honorable Edward J. Davila (November 10, 2022): The Court finds that Plaintiffs' notice meets all applicable requirements of due process and is particularly impressed with Plaintiffs' methodology and use of technology to reach as many Class Members as possible. Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

## CITY OF LONG BEACH v. MONSANTO COMPANY
### Case No. 2:16-cv-03493 (C.D. Cal.)
The Honorable Fernando M. Olguin (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

## STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
### Case No. 3:20-cv-00903 (E.D. Va.)
The Honorable John A. Gibney Jr. (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

## WILLIAMS v. APPLE INC.
### Case No. 3:19-cv-04700 (N.D. Cal.)
The Honorable Laurel Beeler (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

## CLEVELAND v. WHIRLPOOL CORPORATION
### Case No. 0:20-cv-01906 (D. Minn.)
The Honorable Wilhelmina M. Wright (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with

due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances…The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.
**Case No. 5:19-cv-04596 (N.D. Cal.)**

The Honorable Beth Labson Freeman (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### CAMERON v. APPLE INC.
**Case No. 4:19-cv-03074 (N.D. Cal.)**

The Honorable Yvonne Gonzalez Rogers (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### RISTO v. SCREEN ACTORS GUILD - AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS et al.
**Case No. 2:18-cv-07241 (C.D. Cal.)**

The Honorable Christina A. Snyder (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website…The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)…

### JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.
**Case No. 2:15-cv-01219 (E.D.N.Y.)**

The Honorable Joanna Seybert (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members

sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

## NELLIS v. VIVID SEATS, LLC
### Case No. 1:20-cv-02486 (N.D. Ill.)
The Honorable Robert M. Dow, Jr. (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation...(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

## PELLETIER v. ENDO INTERNATIONAL PLC
### Case No. 2:17-cv-05114 (E.D. Pa.)
The Honorable Michael M. Baylson (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

## BIEGEL v. BLUE DIAMOND GROWERS
### Case No. 7:20-cv-03032 (S.D.N.Y.)
The Honorable Cathy Seibel (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action...and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS
### Case No. 37-2019-00017834-CU-NP-CTL (Cal. Super. Ct.)
The Honorable Eddie C. Sturgeon (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement

and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

## HOLVE v. MCCORMICK & COMPANY, INC.

### Case No. 6:16-cv-06702 (W.D.N.Y.)

The Honorable Mark W. Pedersen (September 23, 2021): The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action…(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

## CULBERTSON ET AL. v. DELOITTE CONSULTING LLP

### Case No. 1:20-cv-03962 (S.D.N.Y.)

The Honorable Lewis J. Liman (August 27, 2021): The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

## PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC

### Case No. 3:19-cv-00167 (N.D. Ga.)

The Honorable Timothy C. Batten, Sr. (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

## IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)

### Case No. 6:20-md-02977 (E.D. Okla.)

The Honorable Robert J. Shelby (August 23, 2021):  The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan…The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

## AG | ANGEION GROUP
### Writing the Rules

## ROBERTS ET AL. V. AT&T MOBILITY, LLC
**Case No. 3:15-cv-03418 (N.D. Cal.)**

The Honorable Edward M. Chen (August 20, 2021):  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

## PYGIN V. BOMBAS, LLC
**Case No. 4:20-cv-04412 (N.D. Cal.)**

The Honorable Jeffrey S. White (July 12, 2021):  The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

## WILLIAMS ET AL. V. RECKITT BENCKISER LLC ET AL.
**Case No. 1:20-cv-23564 (S.D. Fla.)**

The Honorable Jonathan Goodman (April 23, 2021): The Court approves, as to form and content, the Class Notice and Internet  Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

## NELSON ET AL. V. IDAHO CENTRAL CREDIT UNION
**Case No. CV03-20-00831, CV03-20-03221 (Idaho Jud. Dist.)**

The Honorable Robert C. Naftz  (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it…The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

## IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
**Case No. 3:20-cv-00812 (N.D. Cal.)**

The Honorable Edward M. Chen (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

**Writing the Rules**

## IN RE: PEANUT FARMERS ANTITRUST LITIGATION

**Case No. 2:19-cv-00463 (E.D. Va.)**

The Honorable Raymond A. Jackson (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

## BENTLEY ET AL. V. LG ELECTRONICS U.S.A., INC.

**Case No. 2:19-cv-13554 (D.N.J.)**

The Honorable Madeline Cox Arleo (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

## IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION

**Case No. 2:19-mn-02886 (D.S.C.)**

The Honorable David C. Norton (December 18, 2020):  The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

## ADKINS ET AL. V. FACEBOOK, INC.

**Case No. 3:18-cv-05982 (N.D. Cal.)**

The Honorable William Alsup (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

## IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION

**Case No. 8:16-md-02737 (M.D. Fla.)**

The Honorable Mary S. Scriven (November 2, 2020):  The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

## MARINO ET AL. V. COACH INC.

**Case No. 1:16-cv-01122 (S.D.N.Y.)**

The Honorable Valerie Caproni (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## BROWN V. DIRECTV, LLC

**Case No. 2:13-cv-01170 (C.D. Cal.)**

The Honorable Dolly M. Gee (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

## IN RE: SSA BONDS ANTITRUST LITIGATION

**Case No. 1:16-cv-03711 (S.D.N.Y.)**

The Honorable Edgardo Ramos (July 15, 2020): The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

## KJESSLER ET AL. V. ZAAPPAAZ, INC. ET AL.

**Case No. 4:18-cv-00430 (S.D. Tex.)**

The Honorable Nancy F. Atlas (July 14, 2020): The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

## HESTER ET AL. V. WALMART, INC.

**Case No. 5:18-cv-05225 (W.D. Ark.)**

The Honorable Timothy L. Brooks (July 9, 2020): The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

## CLAY ET AL. V. CYTOSPORT INC.

### Case No. 3:15-cv-00165 (S.D. Cal.)

The Honorable M. James Lorenz (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

## GROGAN V. AARON'S INC.

### Case No. 1:18-cv-02821 (N.D. Ga.)

The Honorable J.P. Boulee (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

## CUMMINGS V. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO ET AL.

### Case No. D-202-CV-2001-00579 (N.M. Jud. Dist.)

The Honorable Carl Butkus (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

## SCHNEIDER ET AL. V. CHIPOTLE MEXICAN GRILL, INC.

### Case No. 4:16-cv-02200 (N.D. Cal.)

The Honorable Haywood S. Gilliam, Jr. (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And

through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

## HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550 (M.D. Fla.)

The Honorable Charlene Edwards Honeywell (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

## CORCORAN ET AL. v. CVS HEALTH ET AL.
### Case No. 4:15-cv-03504 (N.D. Cal.)

The Honorable Yvonne Gonzalez Rogers (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

## PATORA v. TARTE, INC.
**Case No. 7:18-cv-11760 (S.D.N.Y.)**

The Honorable Kenneth M. Karas (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## CARTER et al. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.
**Case No. 2:16-cv-00633 (W.D. Pa.)**

The Honorable Mark R. Hornak (September 9, 2019): The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

## CORZINE v. MAYTAG CORPORATION et al.
**Case No. 5:15-cv-05764 (N.D. Cal.)**

The Honorable Beth L. Freeman (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## MEDNICK v. PRECOR, INC.
**Case No. 1:14-cv-03624 (N.D. Ill.)**

The Honorable Harry D. Leinenweber (June 12, 2019): Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

## GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP ET AL.
**Case No. 1:18-cv-20048 (S.D. Fla.)**
The Honorable Darrin P. Gayles (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

## ANDREWS ET AL. v. THE GAP, INC. ET AL.
**Case No. CGC-18-567237 (Cal. Super. Ct.)**
The Honorable Richard B. Ulmer Jr. (May 10, 2019): The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

## COLE ET AL. v. NIBCO, INC.
**Case No. 3:13-cv-07871 (D.N.J.)**
The Honorable Freda L. Wolfson (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

## DIFRANCESCO ET AL. v. UTZ QUALITY FOODS, INC.
**Case No. 1:14-cv-14744 (D. Mass.)**
The Honorable Douglas P. Woodlock (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

## IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
**Case No. 3:17-md-02777 (N.D. Cal.)**
The Honorable Edward M. Chen (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

**ANGEION GROUP**
Writing the Rules

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### RYSEWYK ET AL. V. SEARS HOLDINGS CORPORATION ET AL.
**Case No. 1:15-cv-04519 (N.D. Ill.)**
The Honorable Manish S. Shah (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### MAYHEW ET AL. V. KAS DIRECT, LLC, AND S.C. JOHNSON & SON, INC.
**Case No. 7:16-cv-06981 (S.D.N.Y.)**
The Honorable Vincent J. Briccetti (June 26, 2018): In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

## IN RE: OUTER BANKS POWER OUTAGE LITIGATION

**Case No. 4:17-cv-00141 (E.D.N.C.)**

The Honorable James C. Dever III (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

## GOLDEMBERG ET AL. V. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.

**Case No. 7:13-cv-03073 (S.D.N.Y.)**

The Honorable Nelson S. Roman (November 1, 2017): Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

## HALVORSON V. TALENTBIN, INC.

**Case No. 3:15-cv-05166 (N.D. Cal.)**

The Honorable Joseph C. Spero (July 25, 2017): The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

## IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION

**MDL No. 2669/Case No. 4:15-md-02669 (E.D. Mo.)**

The Honorable John A. Ross (July 21, 2017): The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is

the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

## TRAXLER ET AL. V. PPG INDUSTRIES INC. ET AL.
### Case No. 1:15-cv-00912 (N.D. Ohio)
The Honorable Dan Aaron Polster (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

## IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION
### Case No. 1:14-md-02583 (N.D. Ga.)
The Honorable Thomas W. Thrash Jr. (March 10, 2017): The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

## ROY V. TITEFLEX CORPORATION T/A GASTITE AND WARD MANUFACTURING, LLC
### Case No. 384003V (Md. Cir. Ct.)
The Honorable Ronald B. Rubin (February 24, 2017): What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

**AG** ANGEION GROUP
Writing the Rules

## IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION
**Case No. 2:08-cv-00051 (D.N.J.)**

The Honorable Madeline Cox Arleo (June 17, 2016): This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class   mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

## FENLEY v. APPLIED CONSULTANTS, INC.
**Case No. 2:15-cv-00259 (W.D. Pa.)**

The Honorable Mark R. Hornak (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

## FUENTES et al. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES et al.
**Case No. 1:15-cv-08372 (S.D.N.Y.)**

The Honorable J. Paul Oetken (May 16, 2016): The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

## IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION

**MDL No. 2001/Case No. 1:08-wp-65000 (N.D. Ohio)**

The Honorable Christopher A. Boyko (May 12, 2016): The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## SATERIALE ET AL. V. R.J. REYNOLDS TOBACCO CO.

**Case No. 2:09-cv-08394 (C.D. Cal.)**

The Honorable Christina A. Snyder (May 3, 2016): The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

## FERRERA ET AL. V. SNYDER'S-LANCE, INC.

**Case No. 0:13-cv-62496 (S.D. Fla.)**

The Honorable Joan A. Lenard (February 12, 2016): The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

## IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION

**MDL No. 2328/Case No. 2:12-md-02328 (E.D. La.)**

The Honorable Sarah S. Vance (December 31, 2014): To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion

that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

## SOTO ET AL. V. THE GALLUP ORGANIZATION, INC.

**Case No. 0:13-cv-61747 (S.D. Fla.)**

The Honorable Marcia G. Cooke (June 16, 2015): The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

## OTT V. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.

**Case No. 3:14-cv-00645 (D. Or.)**

The Honorable Janice M. Stewart (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# Exhibit B

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

## NOTICE OF CLASS ACTION SETTLEMENT

---

# If You Were Paid to Provide Broiler Grow-Out Services At Any Time Between January 27, 2013 and December 31, 2019, A Class Action Settlement Totaling $100,000,000.00 May Affect Your Legal Rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A class action lawsuit has been filed against companies that contract with Broiler chicken growers to provide Broiler[1] Grow-Out Services,[2] alleging that Defendants[3] and certain other companies (known as Alleged Co-Conspirators)[4] unlawfully conspired to artificially reduce the amount the Defendants and Alleged Co-Conspirators paid to Broiler chicken growers for Broiler Grow-Out Services in violation of the federal antitrust laws and the Packers and Stockyards Act ("PSA"). Broiler Grow-Out Services refers to arrangements in which Broiler chicken growers grow young chickens until the birds reach slaughtering age, under contract with companies that supply the young birds, commonly referred to as "Integrators."

- Defendants Pilgrim's Pride Corporation ("Pilgrim's") has agreed to pay $100 million into a Settlement Fund to settle the class action antitrust and PSA claims against it (the "Pilgrim's Settlement"). In addition, Pilgrim's has agreed to certain restrictions on its ability to enforce arbitration provisions against broiler chicken growers and on its ability to enforce provisions restricting collective or class actions brought by Broiler chicken growers against Pilgrim's. Pilgrim's Settlement § 9. Notwithstanding Pilgrim's ability to include such provisions in its contracts, including with Settlement Class members, part of the relief guaranteed by the Settlement is that Pilgrim's will forego its right to enforce those provisions for five (5) years

---

[1] "Broilers" excludes specialty chicken that is grown, processed, and sold according to halal, kosher, free range, pasture-raised, or organic standards. Specialty chicken does not include chicken raised without antibiotics, such as No Antibiotics Ever ("NAE") or Antibiotic Free ("ABF") standards. "Broilers" as used herein includes NAE and ABF chicken. *See* Settlement Agreements § 1(d).

[2] "Broiler Grow-Out Services" means Broiler chicken growing services.

[3] Defendants are Tyson Foods, Inc.; Tyson Chicken Inc.; Tyson Breeders, Inc.; Tyson Poultry, Inc.; Pilgrim's Pride Corporation; Perdue Foods, LLC; Koch Foods, Inc.; Koch Meat Co. Inc. d/b/a Koch Poultry Co.; Sanderson Farms, Inc.; Sanderson Farms, Inc. (Food Division); Sanderson Farms, Inc. (Processing Division); and Sanderson Farms, Inc. (Production Division).

[4] Alleged Co-Conspirators for purposes of the Settlements are Foster Farms, Mountaire Farms, Wayne Farms, George's, Inc., Peco Foods, Inc., House of Raeford Farms, Simmons Foods, Keystone Foods, Fieldale Farms Corp., O.K. Industries, Case Foods, Marshall Durbin Companies, Amick Farms, Inc., Mar-Jac Poultry, Inc., Harrison Poultry, Inc., Claxton Poultry Farms, Norman W. Fries, Inc., and Agri Stats, Inc.

1

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

from the date of Final Judgment in this case. Pilgrim's denies that it did anything wrong and has asserted defenses to the claims against it.

- The "Settlement Class" for the Pilgrim's Settlement is defined as all individuals and entities in the United States and its territories that were paid to provide Broiler Grow-Out Services by <u>any</u> Defendant or <u>any</u> Alleged Co-Conspirator, or by a division, subsidiary, predecessor, or Affiliate of a Defendant or Alleged Co-Conspirator, at any time between January 27, 2013, through December 31, 2019 (the "Class Period").

- The Court in charge of the lawsuit will decide whether to finally approve the Pilgrim's Settlement. If approved by the Court, the Pilgrim's Settlement will resolve all of the Settlement Class members' claims against Pilgrim's and release Pilgrim's and its affiliates from all liability for the claims alleged against them in the lawsuit, including related claims or claims referred to in the lawsuit.

**Please read this notice carefully. Your rights and options—and the deadlines to exercise them—are explained in this Notice.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **RECEIVE AN AUTOMATIC PAYMENT** | If you received this Notice of Class Action Settlement with a Pre-Populated Claim Form that contains information about the amount you were paid by Defendants and/or Alleged Co-Conspirators for Broiler Grow-Out Services during the Class Period ("pre-populated payment information"), <u>you will receive a payment from the Settlement Fund automatically and you do not need to submit the attached Claim Form or do anything else to receive a Settlement payment.</u><br><br>If you disagree with the pre-populated payment information in the Pre-Populated Claim Form and wish to challenge or correct it, you have the right to submit a Claim Form with corrected information **postmarked by DEADLINE**. For more information, see Question 9.<br><br><u>If you do not submit an updated Claim Form with corrected information postmarked by DEADLINE, the pre-populated payment will be deemed accepted and you will be compensated based on that information.</u><br><br>By receiving a payment, you give up the right to sue Pilgrim's in a separate lawsuit related to the legal claims this Settlement resolves. Please see Question 16, which describes the release of claims in this action. | **DEADLINE (to dispute Pre-Populated payment information)** |
| **SUBMIT A CLAIM** | If you are a Settlement Class member and received an Unpopulated Claim Form without pre-populated payment information, you **must** complete and submit an Unpopulated Claim Form and either (a) include supporting documentation concerning the amount you were paid for Broiler Grow-Out Services by Defendants and Alleged Co- | **DEADLINE** |

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
|  | Conspirators, or (b) answer a series of questions on the Unpopulated Claim Form, by which a reasonable estimate of the amount you were paid can be determined, by **DEADLINE** if you wish to receive a payment from the Settlement Fund. For more information, see Question 9. |  |
|  | If you are a Settlement Class member and received an Unpopulated Claim Form, you will give up the right to sue Pilgrim's in a separate lawsuit about the legal claims this Settlement resolves regardless of whether you complete the Unpopulated Claim Form and submit it, unless you exclude yourself from the Settlement. |  |
|  | If you are a Settlement Class Member and received an Unpopulated Claim form and did **not** receive a Pre-Populated Claim Form with pre-populated payment information, completing and submitting the Unpopulated Claim Form is the **only** way to receive a payment from the Settlement. Please see Question 16, which describes the release of claims in this action. |  |
| **EXCLUDE YOURSELF** | You may submit a written request to exclude yourself from the Pilgrim's Settlement. If you do so, you will not participate in the Settlement or get any monetary compensation from the Settlement Fund. You will keep any rights you currently have to separately sue Pilgrim's related to the legal claims this Settlement resolves, but you must retain your own lawyer at your own expense if you wish to have legal representation to do so, Settlement Class Counsel (defined infra) represent the Settlement Class but do not represent excluded parties. For more information, see Question 17. | **DEADLINE** |
| **OBJECT AND/OR ATTEND A HEARING** | **If you do not exclude yourself** from the Pilgrim's Settlement, you still have the right to file a written objection to the Pilgrim's Settlement or anything else referenced in this Notice, to attend the Final Approval Hearing, and to request to be heard at the Final Approval Hearing. You may also retain a lawyer at your own expense to assist you in doing so, although it is not necessary to hire a lawyer in order to object or attend the hearing. See Question 14. The hearing may occur virtually or in person at the United States District Court for the Eastern District of Oklahoma, located at 101 N 5th St, Muskogee, OK 74401. Please monitor the Settlement Website at www.BroilerGrowersAntitrustSettlement.com for updates on the Final Approval Hearing date and location. For more information, see Questions 18, 21-23. | **DEADLINE** |

**Please note, all information you provide in connection with <u>receiving an automatic payment or submitting a claim form</u> in this action will be maintained as strictly confidential and will not be made available publicly or to any Defendant or Alleged Co-conspirator. Only Settlement Class Counsel, the Court, and the Settlement Administrator will have access to any information you provide, including Your identity, in connection with receiving an automatic payment or**

3

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**submitting a claim form in this action. The only way your identity will become public is if you exclude yourself from the Settlement or file an objection to the Settlement.**

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ................................................................................................ 4

WHO IS IN THE CLASS ............................................................................................... 6

THE SETTLEMENT ..................................................................................................... 6

HOW TO GET A PAYMENT—MAKING A CLAIM ........................................................ 7

THE LAWYERS REPRESENTING YOU ......................................................................... 9

EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS ........................................ 10

OBJECTING TO THE SETTLEMENT ........................................................................... 11

THE COURT'S FAIRNESS HEARING .......................................................................... 13

IF I DO NOTHING ..................................................................................................... 14

GETTING MORE INFORMATION ............................................................................... 14

## BASIC INFORMATION

| **1. Why did I receive a Notice?** |
|---|

A federal court directed this notice because it has preliminarily approved the proposed class action Settlement with Pilgrim's. You have the right to know about the Settlement, your rights, and your options before the Court decides whether to grant final approval to the Settlement.

The Honorable Chief Judge Robert J. Shelby is overseeing this lawsuit, which is called *In Re Broiler Chicken Grower Antitrust Litigation (No. II)*, No. 6:20-md-02977-RJS-CMR (the "Action"), in the United States District Court for the Eastern District of Oklahoma (the "Court").

You received this Notice because you may be a member of the Settlement Class. **To find out if you are a member of the Settlement Class, see Question 5 below.**

The people who sued are called the Plaintiffs. The companies they sued are called Defendants. The Defendants are Tyson Foods, Inc.; Tyson Chicken Inc.; Tyson Breeders, Inc.; Tyson Poultry, Inc.; Pilgrim's Pride Corporation; Perdue Foods, LLC; Pilgrim's Pride Corporation ("Pilgrim's"); Koch Foods, Inc.; Koch Meat Co. Inc. d/b/a Koch Poultry Co. (together, "Koch"); Sanderson Farms, Inc.; Sanderson Farms, Inc. (Food Division); Sanderson Farms, Inc. (Processing Division); and Sanderson Farms, Inc. (Production Division) (together, "Sanderson"), including each of their past, present, and future, direct and indirect, corporate parents (including holding companies), owners, subsidiaries, related entities, Affiliates, associates, divisions, departments, joint ventures, predecessors, and/or successors. As noted herein, Pilgrim's is the Defendant that agreed to settle with Plaintiffs as described in this Notice.

4

"Alleged Co-Conspirator" means a person or entity that Plaintiffs alleged participated in the conspiracy but are not named as Defendants in this Action. They are: Agri Stats, Inc., Foster Farms, Mountaire Farms, Wayne Farms, George's, Inc., Peco Foods, Inc., House of Raeford Farms, Simmons Foods, Keystone Foods Fieldale Farms Corp., O.K. Industries, Case Foods, Marshall Durbin Companies, Amick Farms, Inc., Mar-Jac Poultry, Inc., Harrison Poultry, Inc., Claxton Poultry Farms, and Norman W. Fries, Inc., including each of their past, present, and future, direct and indirect, corporate parents (including holding companies), owners, subsidiaries, related entities, Affiliates, associates, divisions, departments, joint ventures, predecessors, and/or successors.

## 2. What is this lawsuit about?

Plaintiffs in this Action are Broiler chicken growers who provided Broiler Grow-Out Services. They grow young chickens bred for meat under contract with Integrators. The Plaintiffs represent a group of Broiler chicken growers who have similar claims against the Defendants. For purposes of this Settlement, this group is referred to as the Settlement Class (*see* Questions 3 and 5 for more information about the Settlement Class and whether you are part of it).

This lawsuit alleges, among other things, that Defendants entered into a conspiracy that violated federal antitrust law and the PSA by agreeing with one another and the Alleged Co-Conspirators to reduce the prices paid to Broiler chicken growers, causing the growers to be underpaid for Broiler Grow-Out Services.

All Defendants deny Plaintiffs' antitrust and PSA claims and have asserted defenses to those claims. However, Plaintiffs have reached a Settlement with Pilgrim's for a total of $100,000,000.00. In addition, Pilgrim's has agreed to certain restrictions on its ability to enforce arbitration provisions against Growers and on its ability to enforce provisions restricting collective or class actions brought by broiler chicken growers against Pilgrim's. *See* Pilgrim's Settlement § 9. Notwithstanding Pilgrim's ability to include such provisions in its contracts, including with Settlement Class members, part of the relief guaranteed by the Settlement is that Pilgrim's will forego its right to enforce those provisions for five (5) years from the date of Final Judgment in this case. Pilgrim's denies any wrongdoing.

Important information about the action and these Settlement will be posted on the website, www.BroilerGrowersAntitrustSettlement.com, as it becomes available. Please check the website regularly to be kept informed about any future developments or important new case documents.

## 3. What is a class action?

In a class action, the Plaintiffs act as "class representatives" and sue on behalf of themselves and other people or entities who have similar claims. This group is called the "class," and the people and entities in the class are called "class members." A single court resolves the issues for all class members, except for people who exclude themselves from the class.

In this Action, the Class Representatives are: Haff Poultry, Inc.; Nancy Butler; Johnny Upchurch; Jonathan Walters; Myles B. Weaver; Melissa Weaver; Marc McEntire; Karen McEntire; and Mitchell Mason. They are or were all Broiler chicken growers.

## 4. Why did the parties settle this lawsuit?

The Court did not decide in favor of Plaintiffs or Pilgrim's. Instead, Plaintiffs and Pilgrim's have agreed to the Pilgrim's Settlement Agreement to avoid the costs and risks of continued litigation. The Class Representatives and their attorneys think the Settlement is an excellent result, which will provide Settlement Class members with monetary compensation.

# WHO IS IN THE CLASS?

## 5. How do I know if I am a Settlement Class Member?

You are a member of the Settlement Class if you are a person or entity in the United States or its territories that was paid for Broiler Grow-Out Services by any Defendant or Alleged Co-Conspirator (or by a division, subsidiary, predecessor, or Affiliate of a Defendant or Alleged Co-Conspirator) at any time between January 27, 2013, through December 31, 2019.

You are a member of the Settlement Class and eligible to participate in the Pilgrim's Settlement if you provided Broiler Grow-Out Services for <u>any</u> one of the Defendants or Alleged Co-Conspirators during the Class Period. Because this case involves conspiracy claims, it is <u>not</u> necessary for you to have provided Broiler Grow-Out Services for Pilgrim's to receive a payment.

## 6. What should I do if I am still not sure whether I am included?

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Settlement Administrator at 1-833-907-3700 or email Info@BroilerGrowersAntitrustSettlement.com for more information.

An operator is available to answer your questions during normal business hours.

# THE SETTLEMENT

## 7. What does the Settlement provide?

Pilgrim's has agreed to pay $100,000,000.00 into a Settlement Fund to settle the lawsuit against them in exchange for the release by Settlement Class members of the claims against them in this Action. In addition, Pilgrim's has agreed to certain restrictions on its ability to enforce arbitration provisions against Growers and on its ability to enforce provisions restricting collective or class actions brought by broiler chicken growers against Pilgrim's. *See* Pilgrim's Settlement § 9. Notwithstanding Pilgrim's ability to include such provisions in its contracts, including with Settlement Class members, part of the relief guaranteed by the Settlement is that Pilgrim's will forego its right to enforce those provisions for five (5) years from the date of Final Judgment in this case.. You can view the Settlement Agreement, including the release of claims, at the Settlement Website at www.BroilerGrowersAntitrustSettlement.com.

A portion of the Settlement Fund, subject to approval by the Court, will be used to pay Settlement Class Counsel for their time in pursuing this lawsuit and to reimburse them for out-of-pocket costs they have incurred. Amounts remaining after deductions for attorneys' fees, litigation costs and other expenses (*see* Questions 3, 15) will be distributed to Settlement Class members who do not exclude themselves from the Settlement *pro rata*, based on their qualifying payments from Defendants and Alleged Co-Conspirators for the provision of Broiler Grow-Out Services (*see* Question 10).

Additional details about the Settlement are contained in the Settlement Agreement, which is available at www.BroilerGrowersAntitrustSettlement.com.

## 8. How will payments be calculated?

At this time, it cannot be known how much you will receive from the Settlement.

The amount remaining in the Settlement Fund after deductions for attorneys' fees and litigation expenses and costs for notice and Settlement administration, will be distributed *pro rata* to eligible Settlement Class members with valid claims

based on payments received from Defendants and Alleged Co-Conspirators for Broiler Grow-Out Services. That means your payment will be based on the total payments you received from Defendants and Alleged Co-Conspirators during the Class Period as a proportion of the total payments received by all eligible Class Members with valid claims.

As a simple example, if a Settlement Class member received payments totaling $100 dollars, and the total payments to all eligible Class Members with valid claims is $10,000, that class member would be entitled to 1% of the total amount to be distributed.

The amount you receive will depend on how much the Court allows in attorneys' fees and litigation expenses, costs for notice and Settlement administration, how many valid claims are submitted by eligible Settlement Class members, and the total amount of payments made for Broiler Grow-Out Services during the Class Period to eligible Settlement Class members with valid claims.

As described below (*see* Questions 21-23), the Court will conduct a Fairness Hearing and decide whether a) to finally approve the Settlement, b) to approve the proposed *pro rata* allocation plan; and c) to approve the Settlement Class Counsel's request for fees and reimbursement of costs.

For information on how to make a claim, *see* Question 9 and www.BroilerGrowersAntitrustSettlement.com.

## HOW TO GET A PAYMENT—MAKING A CLAIM

| 9. How can I get a payment? |
| --- |

If you are a member of the Settlement Class, there are two ways for you to receive a payment from the Settlement:

1. **Pre-Populated Claims Forms <u>with</u> Pre-Populated Payment Information:** If you received a Pre-Populated Claim Form that already contains pre-populated payment information and you have not excluded yourself from the Settlement, you do not need to do anything further to receive a payment. This payment information was provided by Defendants and Alleged Co-Conspirators from their payment records. Your *pro rata* share will be calculated based on the payment amounts in your Claim Form. If you agree with the pre-populated payment information or otherwise do not respond to the Pre-Populated Claim Form, your pro rata share will be determined based on the pre-populated amount.

   If you disagree with the pre-populated payment information in the Pre-Populated Claim Form *or* if you believe the information in the Pre-Populated Claim Form is incomplete (for example, it is missing payments you received during certain years), you have the right to submit a corrected Claim Form, which must be accompanied by supplemental documentation supporting your additions or clarifications (such as settlement sheets for Broiler flocks you raised or yearend statements from the Integrator with whom you contract or contracted) **postmarked by ==DEADLINE==**. If validated by the Settlement Administrator, your *pro rata* share will be based on this corrected or supplemental information. Please follow the instructions on the Pre-Populated Claim Form to submit a corrected and/or supplemental Claim Form.

2. **Unpopulated Claims Forms <u>without</u> Pre-Populated Payment Information:** If you have received a Claim Form that does not include any pre-populated payment information (or you did not receive a Claim Form at all) and you want to receive a payment, you **MUST** complete and submit a Claim Form, **postmarked by ==DEADLINE==**. If your Claim form does not have pre-populated payment information this means that the Settlement Administrator does not have information from Defendants or Alleged Co-Conspirators about the amount you were paid for Broiler Grow-Out Services during the Class Period. If you are or were a Grower for Wayne Farms, Fieldale Farms, Claxton Poultry, Case Farms, or Keystone Foods, it is more likely you received an Unpopulated Claim Form or no Claim Form at all and will have to complete and submit a Claim Form to receive a payment.

7

An Unpopulated Claim Form can be obtained at the Settlement Website www.BroilerGrowersAntitrustSettlement.com. You have two options for completing and submitting an Unpopulated Claim Form.

First, if you have information on your total payments for Broiler Grow-Out Services by year, provide that information with supporting documentation of those payments. If validated by the Settlement Administrator, your *pro rata* share will be based on the payment information you provide.

Second, if you do not have information or documentation regarding the total payments you received for Broiler Grow-Out Services, you must provide the years in which you provided Broiler Grow-Out Services, the name of the company (or companies) for which you provided Broiler Grow-Out Services in each year, the number of farms you operated (if more than one), and for any partial years you provided Broiler Grow-Out Services (for example, if you quit raising Broilers in the middle of a year covered by the Class Period) the number of flocks you grew during each partial year. If validated by the Settlement Administrator, your *pro rata* share will be based on that information along with available industry payment data.

Please follow the instructions on the Unpopulated Claim Form.

If you did not receive a Pre-Populated Claim Form and you do not complete and submit a valid Claim Form postmarked by the deadline, you will not receive a payment from the Settlement Fund, but you will still give up the right to sue Pilgrim's in a separate lawsuit related to the legal claims these Settlements resolve.

You should mail your corrected or supplemented Pre-Populated Claim Form or completed Unpopulated Claim Form to the address below, **postmarked no later than DEADLINE** or upload it to the Settlement Website at www.BroilerGrowersAntitrustSettlement.com using the instructions there. You can also request that a Claim Form be sent to you by calling the Settlement Administrator or by sending a written request to the Settlement Administrator by mail or by email:

In re Broiler Chicken Grower Antitrust Litigation (Pilgrim's)
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
1-833-907-3700
Info@BroilerGrowersAntitrustSettlement.com

If you have questions regarding your Claim Form or participating in the Settlement, contact the Settlement Administrator using the contact information set forth immediately above.

## 10. When will I get my payment?

Even if the Court finally approves the Settlement and approves the allocation and distribution plan, there still may be appeals of that decision. The Settlement Fund cannot be distributed until all appeals are resolved. It is hard to estimate how long that might take. Further, even if there are no appeals, it is difficult to predict how long the claims process will take.

Updates regarding the Settlement and when payments will be made will be posted on the Settlement website, www.BroilerGrowersAntitrustSettlement.com.

## 11. Will Pilgrim's, any of the other Defendants, or any of the Alleged Co-Conspirators know that I have submitted a claim or received an award from the Settlement?

8

No. All information you provide in connection with <u>receiving an automatic payment or submitting a claim form</u> in this action will be maintained as <u>strictly confidential</u> and will not be made available publicly or to any Defendant or Alleged Co-conspirator. Only Settlement Class Counsel, the Court, and the Settlement Administrator will have access to any information you provide, including Your identity, in connection with receiving an automatic payment or submitting a claim form in this action.

If, however, you exclude yourself from the Settlement or object to the Settlement, the filings of exclusions and objections with the Court will publicly reveal your identity.

### 12. What happens if I move or change my mailing address?

If you have moved since you received this Notice, you may update your address with the Settlement Administrator by completing the "Claimant Information" section of the Pre- or Un-Populated Claims Form and by mailing or emailing completed information to:

In re Broiler Chicken Grower Antitrust Litigation (Pilgrim's Settlement)
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
1-833-907-3700
Info@BroilerGrowersAntitrustSettlement.com

You may update your mailing address even if you are not disputing or supplementing any of the pre-populated payment information in the Pre-Populated Claims Form you received.

You may also update your address at *any time* during this litigation by contacting the Settlement Administrator at the above address to notify them of your new mailing address. Because there may be additional settlements reached with the other Defendants or there may be a judgment in Plaintiffs' favor, it is important that the Settlement Administrator have updated address information so they may send you notice of such settlements or judgments.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

Yes. The Court appointed the law firms of Hausfeld LLP and Berger Montague PC ("Settlement Class Counsel") to represent you and the other Settlement Class Members.

They can be contacted at:

| | | |
|---|---|---|
| Eric L. Cramer<br>BERGER MONTAGUE PC<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103 | Melinda R. Coolidge<br>HAUSFELD LLP<br>888 16th Street, NW, Suite 300<br>Washington, DC 20006 | Gary I. Smith, Jr.<br>HAUSFELD LLP<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111 |

9

You will not be charged for their services or for contacting them. If you want to be represented by your own lawyer, you may hire one at your own expense. See Question 14.

| 14. Should I get my own lawyer? |
| --- |

You do not need to hire your own lawyer because Settlement Class Counsel is working on your behalf at no out-of-pocket charge to you. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in Court for you if you want someone other than Settlement Class Counsel to speak for you. You may also appear for yourself at the Fairness Hearing without a lawyer. See Questions 21-23.

| 15. How will the lawyers be paid? |
| --- |

You do not have to pay Settlement Class Counsel. Settlement Class Counsel, who have not yet been paid for their services or reimbursed for their expenses, will seek approval from the Court for a) an award of attorneys' fees up to one third of the gross Settlement amount, and b) reimbursement for litigation costs they advanced in pursuing the Claims up to $XX million, also from the Settlement Fund. The fees will compensate Settlement Class Counsel for investigating the facts, litigating the case, and negotiating and administering the Settlement over the last five years. The Court will decide the amount of fees and/or expenses to award.

Settlement Class Counsel will file their motion for fees and reimbursement of litigation expenses at least 30 days before the deadline to object to the Settlement. The motion will be filed on the Settlement Website at www.BroilerGrowersAntitrustSettlement.com, where you will also be able to review it.

| 16. If I participate in the Settlement, can I sue Pilgrim's for the same thing later? |
| --- |

No. Unless you exclude yourself from the Pilgrim's Settlement (See Question 17 below), you will give up the right to sue Pilgrim's related to the legal claims the Pilgrim's Settlement resolves.

Details on the claims that you release unless you exclude yourself are detailed in the Pilgrim's Settlement Agreement, which is available at www.BroilerGrowersAntitrustSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

| 17. Can I get out of the Settlement Class? |
| --- |

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to sue Pilgrim's on your own about the legal issues in this Action, then you must exclude yourself from the Settlement Class for the Pilgrim's Settlement. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Pilgrim's Settlement is DEADLINE (postmarked).

To exclude yourself from the Settlement, you must submit a written request by mail. Your request for exclusion must include:

- The name of the class member wishing to opt out;
- Their current address;
- A statement that the opt out is a Settlement Class member and was compensated for Broiler Grow-Out Services

10

by a Defendant or Alleged Co-Conspirator, or by a division, subsidiary, predecessor, or affiliate of a Defendant or Alleged Co-Conspirator during the Class Period, along with documentation showing membership in the Settlement Class;

- an express statement that they wish to be excluded from the Pilgrim's Settlement in *In re Broiler Chicken Grower Antitrust Litigation (No. II)*, No. 6:20-md-02977-RJS-CMR; and

- The Class member's signature.

Your request for exclusion must be mailed to the Settlement Administrator with a postmarked date on or before by <mark>DEADLINE</mark>:

In re Broiler Chicken Grower Antitrust Litigation (Pilgrim's Settlement)
ATTN: Exclusion Request
PO Box 58220
Philadelphia, PA 19102

If you exclude yourself from the Pilgrim's Settlement, you are telling the Court you do not want to be part of the Settlement. You will not be eligible to receive any money from the Settlement; you will not be eligible to object to the Settlement, and; you will keep any rights you currently have to separately sue Pilgrim's related to the legal claims the Settlement resolves.

## OBJECTING TO THE SETTLEMENT

| 18. How do I tell the Court if I do not like the Settlement? |
| --- |

If you are a member of the Settlement Class and do not exclude yourself from the Pilgrim's Settlement, you may object to the Pilgrim's Settlement. If you are a member of the Settlement Class and do not exclude yourself from the Pilgrim's Settlement, you may also object to Settlement Class Counsel's request for attorney's fees, unreimbursed litigation costs and expenses, and the proposed plan of allocation.

You cannot ask the Court to modify the Settlement; the Court can only approve or deny the Settlement.

If you wish to object to the Pilgrim's Settlement, the proposed plan of allocation or distribution, or Settlement Class Counsel's request for attorney's fees, and unreimbursed litigations costs and expenses, you must do so in writing. To object, you must file a document with the Court by <mark>DEADLINE</mark> saying that you object to the Pilgrim's Settlement in *In re Broiler Chicken Grower Antitrust Litigation No. II*, No. 6:20-md-02977-RJS-CMR. You must include:

- The objector's full name, address, and telephone number;

- A statement saying that the objector objects to the Pilgrim's Settlement, the proposed plan of allocation, the request for fees and expenses, or another component in *In re Broiler Chicken Grower Antitrust Litigation (No. II)*, No. 6:20-md-02977-RJS-CMR;

- Whether the objector plans to appear at the Fairness Hearing;

- Proof of membership in the Settlement Class, including any documentation evidencing the objector was compensated for Broiler Grow-Out Services by a Defendant or Alleged Co-Conspirator, or by a division, subsidiary, predecessor, or affiliate of a Defendant or Alleged Co-Conspirator, during the Class Period;

- The specific reasons supporting the objection, along with any supporting materials or documents that you want

the Court to consider;

- The identity of the objector's legal counsel, if any; and
- The objector's signature.

You must mail the written objection by First Class U.S. Mail, **postmarked no later than <mark>DEADLINE</mark>** to the Court at the following address: United States District Court for the Eastern District of Oklahoma, 101 N. 5th St., Muskogee, OK 74401.

You must also mail your objection by First Class U.S. Mail to Settlement Class Counsel and Counsel for Pilgrim's at each of the following addresses by **<mark>DEADLINE</mark>:**

| Settlement Class Counsel | Settlement Class Counsel |
|---|---|
| Eric L. Cramer<br>BERGER MONTAGUE PC<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103 | Gary I. Smith, Jr.<br>HAUSFELD LLP<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111 |

| Counsel for Pilgrim's |
|---|
| <mark>David E. Ross<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY 10019</mark> |

If your objection is not postmarked by **<mark>DEADLINE</mark>** and does not include the information listed above, it may be rejected by the Court.

You may also appear at the Fairness Hearing, either in person or through your own attorney. See Questions 14, 21-23. If you wish to appear at the Fairness Hearing you must include a statement in your written objection that you intend to appear at the hearing and wish to be heard. If you appear through your own attorney, you are responsible for paying that attorney.

### 19. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you disagree with something about the Settlement while excluding yourself tells the Court that you do not wish to participate in the Settlement at all. You cannot object to the Pilgrim's Settlement if you exclude yourself from it. If you exclude yourself from the Pilgrim's Settlement, you cannot object to the Settlement because the Settlement no longer affects you.

### 20. Will anyone other than the Court and the lawyers know that I have objected or excluded myself?

QUESTIONS?  CALL 1-833-907-3700 TOLL FREE OR VISIT WWW.BROILERGROWERSANTITRUSTSETTLEMENT.COM

Yes. If you exclude yourself or object to the Pilgrim's Settlement, the filings of exclusions and objections with the Court will publicly reveal your identity.

# THE COURT'S FAIRNESS HEARING

| **21. When and where will the Court decide whether to approve the Settlement with Pilgrim's?** |
| --- |

The Court will hold a Fairness Hearing at TIME p.m. on DATE in the United States District Court for the Eastern District of Oklahoma, located at 101 N 5th St, Muskogee, OK 74401. If the Court determines that it is appropriate, the hearing may be conducted remotely by telephone or other electronic means. If the Court decides to hold the hearing remotely, Settlement Class Counsel will post that information on the website devoted to the litigation www.BroilerGrowersAntitrustSettlement.com and provide any Settlement Class member that has informed the Court that it intends to participate at the hearing with the information required to participate remotely.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice. Be sure to check the website, www.BroilerGrowersAntitrustSettlement.com, for news of any such changes.

At this hearing, the Court will consider whether the Pilgrim's Settlement is fair, reasonable, and adequate. The Court will also consider Settlement Class Counsel's request for attorney's fees of up to one third of the gross Settlement Fund, unreimbursed litigation costs and expenses not to exceed $XX million, and the proposed plan of allocation and distribution. If there are objections, the Court will consider them at the hearing. The Court may decide to permit those Settlement Class members who have previously notified the Court that they wished to appear to speak at the hearing.

At or after the Fairness Hearing, the Court will decide whether to finally approve the Settlement and the related matters raised by Settlement Class Counsel.

| **22. Do I have to come to the Fairness Hearing?** |
| --- |

No. Settlement Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish or pay your own lawyer to attend, but it is not necessary. If you send an objection, you do not have to come to Court to talk about it. So long as you mailed your written objection **postmarked by DEADLINE,** the Court will consider it.

| **23. May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your written objection (*see* Question 18) that you intend to appear at the hearing. Be sure to include your name, address, telephone number, and signature as well. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

If you do not object to the Pilgrim's Settlement but still wish to speak at the Fairness Hearing, you must send a letter or other written document that expressly states that the letter or document is your "Notice of Intention to Appear" in *In Re Broiler Chicken Grower Antitrust Litigation (No. II)*, No. 6:20-md-02977-RJS-CMR. Include your name, address, telephone number, and your signature. You must send your "Notice of Intention to Appear" to the addresses listed in Question 18, **postmarked no later than DEADLINE**.

The Court will decide whether you will be allowed to speak at the Fairness Hearing.

## IF I DO NOTHING

| 24. What happens if I do nothing at all? |
| --- |

If you do nothing, you will remain a member of the Settlement Class and will have released all your claims against Pilgrim's related to the claims in this Action.

If you received a Pre-Populated Claim Form that already has information about the total payments you received from any Defendant or Alleged Co-Conspirator on the Claim Form, and you do nothing, you will still receive a payment. But you may correct or supplement that information by returning the Claim Form if you wish. (see Question 9.1).

If you received an Unpopulated Claim Form that does not include any information about the total payments you received from any Defendant or Alleged Co-Conspirator, or you did not receive a Claim Form at all, and you do nothing, you will not have the right receive any portion of the Settlement Fund. You must complete and submit a Claim Form to the Settlement Administrator to receive a payment (*see* Question 9.2).

## GETTING MORE INFORMATION

| 25. Are more details about the Settlement available? |
| --- |

Yes. This notice summarizes the Settlement with Pilgrim's. You can review the complete Pilgrim's Settlement Agreement and get copies of case-related documents, and the lawyers' application to the Court for fees and cost reimbursement and their proposed plan of allocation when it becomes available, as well as other information about the Action at www.BroilerGrowersAntitrustSettlement.com.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS ACTION.

| 26. How do I get more information? |
| --- |

The website www.BroilerGrowersAntitrustSettlement.com has important Court documents and answers to questions about the Action. You can also call, email, or write to the Settlement Administrator at:

In re Broiler Chicken Grower Antitrust Litigation (Pilgrim's Settlement)
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
1-833-907-3700
Info@BroilerGrowersAntitrustSettlement.com

14

Exhibit C

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**If You Were Paid to Provide Broiler Grow-Out Services at Any Time Between January 27, 2013 and December 31, 2019, A Class Action Settlement Totaling $100,000,000.00 May Affect Your Legal Rights.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Pilgrim's Pride Corporation ("Pilgrim's") has agreed to settle a class action lawsuit brought against them by broiler chicken growers who allege that Pilgrim's and other companies unlawfully conspired to artificially reduce the amounts they paid to broiler chicken growers for Broiler Grow-Out Services. Pilgrim's denies that it did anything wrong and has asserted defenses to the claims against it.

Plaintiffs are broiler chicken growers who raised broilers for Tyson, Perdue, Pilgrim's, Koch, and/or Sanderson (together, "Defendants") and/or other integrators (referred to as an Alleged "Co-Conspirator" below). Plaintiffs represent a class of broiler chicken growers who have similar claims against Defendants and the Alleged Co-Conspirators.

**What does the Settlement provide?** Pilgrim's will pay $100,000,000.00 into a Settlement Fund, which will be used to pay Settlement Class members, attorneys' fees and litigation expenses, and costs for notice and Settlement administration. Pilgrim's has agreed to certain restrictions on its ability to enforce arbitration provisions against broiler chicken growers and on its ability to enforce provisions restricting collective or class actions brought by broiler chicken growers against Pilgrim's. Pilgrim's Settlement §9. Notwithstanding Pilgrim's ability to include such provisions in its contracts, including with Settlement Class members, part of the relief guaranteed by the Settlement is that Pilgrim's will forego its right to enforce those provisions, for five (5) years from the date of Final Judgment in this case. Pilgrim's denies any wrongdoing.

**Am I eligible to receive a payment from the Settlement?** You may be eligible to receive a payment if you reside in the U.S. or its territories and were paid by **any** Defendant **or any** Alleged Co-Conspirator to provide Broiler Grow-Out Services **at any time** between January 27, 2013 and December 31, 2019. To learn who the Defendants and Alleged Co-Conspirators are, visit www.BroilerGrowersAntitrustSettlement.com.

**How do I get a payment from the Settlement?** If you received a Pre-Populated Claim Form and the information contained therein is correct, you do not need to do anything further to receive a payment. If you disagree with the information contained in the Pre-Populated Claim Form you received, you may submit the Claim Form with corrected information and documentation. If you received an Unpopulated Claim Form, you must complete and submit that Claim Form by **DEADLINE,** to receive a payment from the Settlement Fund. You may access a Claim Form from the website and submit it online or download and mail it to the address on the Claim Form. Claim Forms are also available by calling 1-833-907-3700 or emailing Info@BroilerGrowersAntitrustSettlement.com.

**What are my rights?** If you are a Class member and do nothing, you will be bound by the Settlement and will give up any right to sue Pilgrim's in separate lawsuits related to the legal claims in this lawsuit. If you want to keep your right to separately sue Pilgrim's, you must exclude yourself from the Settlement by **DEADLINE**. If you do not exclude yourself, you may object to the Settlement and/or ask for permission to appear and speak at the Fairness Hearing but only if you do so by **DEADLINE**. Complete information is available at www.BroilerGrowersAntitrustSettlement.com.

**The Court's hearing**. The Court will hold a hearing at **TIME p.m. on DATE** to decide whether to approve the Settlement, grant the requested attorneys' fees of up to one-third of the gross Settlement amount, and litigation expenses not to exceed $XX million. You or your own lawyer may appear and speak at the hearing at your own expense, but there is no requirement that you or your own lawyer do so. The hearing may occur remotely, over a Zoom platform, or it may occur in person, at the United States District Court for the District of Oklahoma, located at 101 N. 5th St., Muskogee, OK 74401. Please check www.BroilerGrowersAntitrustSettlement.com for updates as to the location of the hearing.

**This notice is only a summary.**
**For more information, including the full Notice and Settlement Agreement, visit**
**www.BroilerGrowersAntitrustSettlement.com, email Info@BroilerGrowersAntitrustSettlement.com, or call**
**1-833-907-3700.**

Exhibit D

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

<<NAME>>
<<C/O>>
<<ADDRESS 1>>
<<ADDRESS2>>
<<CITY>>, <<STATE>> <<ZIP>>
<<COUNTRY>>

[BARCODE]

YOUR CLAIM NUMBER: _____   CONFIRMATION CODE: _____

| BROILER CHICKEN GROWER PRE-POPULATED CLAIM FORM |
|---|

Compensation records maintained by the Defendants and Alleged Co-Conspirators indicate that you are a member of the Settlement Class in this action, and are therefore eligible to receive payment from the Settlement with Pilgrim's Pride Corporation ("Pilgrim's").

The Settlement Class includes: "All individuals and entities in the United States and its territories that were compensated for Broiler[1] Grow-Out Services[2] by a Defendant or Co-Conspirator, or by a division, subsidiary, predecessor, or affiliate of a Defendant or Co-Conspirator, at any time during the period of January 27, 2013, through December 31, 2019 (the "Class Period"). Of note, you do not need to have provided Broiler Grow-Out Services for Pilgrim's to receive a payment from the Pilgrim's Settlement Fund, you need only have provided Broiler Grow-Out Services for **any** Defendant **or** Alleged Co-Conspirator.

Defendants and Alleged Co-Conspirators have provided to Settlement Class Counsel the total compensation that you were paid by one or more of them for Broiler Grow-Out Services between January 27, 2013 and December 31, 2019. Your payment from the Pilgrim's Settlement Fund will be based on that information unless you dispute it.

**Please follow the steps on the following pages below to review and submit this Claim Form. If you do not submit corrected or supplemental information, you will still be eligible for and receive a payment from the Settlement based on the information contained on this Claim Form, but you will waive the right to contest any information contained on this Form. If you exclude yourself from the Settlement, you will not be able to receive a payment from the Settlement, regardless of whether you submit this form.**

**Note, all information contained on this form and that you provide for this form will be maintained confidentially and will not be made available publicly or to any Defendant or Co-Conspirator. Only Settlement Class Counsel, the Court, and the**

---

[1] "Broilers" excludes specialty chicken that is grown, processed, and sold according to halal, kosher, free range, pasture-raised, or organic standards. Specialty chicken does not include chicken raised without antibiotics, such as No Antibiotics Ever ("NAE") or Antibiotic Free ("ABF") standards. "Broilers" as used herein includes NAE and ABF chicken. *See* Settlement Agreements § 1.d.

[2] "Broiler Grow-Out Services" means Broiler chicken growing services.

[BARCODE]

**Settlement Administrator will have access to any information you provide, including Your identity, unless you object to or exclude yourself from the Settlement, in which case your identity will be publicly available.**

| STEP 1: REVIEW YOUR PAYMENT INFORMATION |
|:---:|

Records provided by Defendants and Alleged Co-Conspirators indicate that your total compensation for Broiler Grow-Out Services from January 27, 2013, through December 31, 2019, is $<<Compensation Amount>>.

The details concerning the amount of your qualifying compensation are set forth below. For purposes of determining a Settlement payment, the amount you were compensated includes all monetary remuneration provided to you for the provision of Broiler Grow-Out Services, inclusive of all surcharges, allowances, and incentive payments, and any other components of Grower compensation.

| Integrator | 2013 Comp.* (*beginning January 27) | 2014 Comp. | 2015 Comp. | 2016 Comp. | 2017 Comp. | 2018 Comp. | 2019 Comp. |
|---|---|---|---|---|---|---|---|
| <<Integrator1> | <<2013 Integr | <<2014 Integra | <<2015 Integra | <<2016 Integr | <<2017 Integr | <<2018 Integr | <<2019 Integr |

Once you have reviewed the above qualifying compensation information, if you agree with the compensation information listed above, you only need to complete IRS Form W9 to receive a payment from the Pilgrim's Settlement. Your *pro rata* payment from the Pilgrim's Settlement Fund will be based on the compensation information above.

> **Have you moved?** If you have moved since you received this Claim Form, please go to Step 4 and complete the Claimant Information Section with your corrected address and return the Claim Form to the Settlement Administrator as indicated in Step 6. Or update your address and submit your IRS Form W-9 by going to www.BroilerGrowersAntitrustSettlement.com. This will ensure that your payment from the Settlement is mailed to the correct address.

If you <u>do not agree</u> with the qualifying compensation information above or the information is incomplete and you wish to provide corrected or supplemental information, <u>proceed to Step 2.</u>

[BARCODE]

## STEP 2: CORRECT YOUR PAYMENT INFORMATION

If you <u>do not agree</u> with the qualifying compensation information listed in Step 1 or the prepopulated information is incomplete or incorrect, please indicate so here and complete the information requested below.

☐  **I disagree with the qualifying compensation information above and wish to correct or supplement my compensation information.**

You may correct your qualifying compensation information, upload documentation, submit your corrected or supplemental information, and complete an IRS Form W-9 online at www.BroilerGrowersAntitrustSettlement.com. You will need your claim number and confirmation code to do so. Alternatively, you can mail this form, your supporting documentation and your IRS Form W-9 to:

In re Broiler Chicken Grower Antitrust Litigation (Pilgrim's)
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia PA 19103

If you disagree with the qualifying compensation information above, please fill in the chart below when you submit this Claim Form. For purposes of filling in the chart below, the amount you were compensated includes all monetary remuneration provided to you for the provision of Broiler Grow-Out Services, inclusive of all surcharges, allowances, and incentive payments, and any other components of Grower compensation.

**CLAIM NUMBER:** _____     **CONFIRMATION CODE:** _____

| Integrator | 2013 Comp.* (*beginning January 27) | 2014 Comp. | 2015 Comp. | 2016 Comp. | 2017 Comp. | 2018 Comp. | 2019 Comp. |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

[BARCODE]

The Settlement Administrator will review your corrected qualifying compensation information. If validated by the Settlement Administrator, your *pro-rata* payment from the Pilgrim's Settlement will be based on the corrected total compensation information you provide.

**Proceed to Step 3.**

| **STEP 3: PROVIDE SUPPORTING DOCUMENTATION** |
|:---:|

Attach copies of any records that support your corrected or supplemental qualifying compensation information and attach them to this Claim Form when you return it or upload electronic copies to the website following the instructions above.

These records may include, for example, settlement sheets for the Broiler flocks you raised or year-end accounting statements provided to you by your Integrator.

Please be sure to keep your original documents for your own records.

**Proceed to Step 4.**

| **STEP 4: COMPLETE YOUR CLAIMANT INFORMATION AND ATTESTATION** |
|:---:|

Check the applicable box below, complete the Claimant Information section, and sign the attestation:

☐   I disagree with the compensation information and have provided corrected or supplemental information.

☐   I agree with the compensation information provided in Step 1, and only need to update my address and submit my IRS Form W9.

| CLAIMANT INFORMATION | | |
|:---|:---|:---|
| **CONTACT NAME:** | First | M.I. | Last |
| **COMPANY NAME (IF APPLICABLE):** | Company Name | | |
| **CURRENT MAILING ADDRESS:** | Address 1 | | |
| | Address 2 | | |
| | City | | |
| | State/Province | | |
| | Postal Code | Country | |
| **CONTACT TELEPHONE:** | \|  \|  \|  \| - \|  \|  \|  \| - \|  \|  \|  \|  \| | | |
| **CONTACT EMAIL ADDRESS (IF ANY):** | | | |

[BARCODE]

By signing below, I certify that (1) the above and foregoing information is true and correct; (2) I warrant that I am the Broiler chicken grower entity Settlement Class member(s) or am an owner, officer or director employed by the Broiler chicken grower entity Settlement Class member(s); (3) I agree to submit additional information, if requested, in order for the Settlement Administrator to process my claim.

Signature: _____  Date: _____

Printed Full Name (First, Middle, and Last): _____

**Proceed to Step 5.**

## STEP 5: COMPLETE YOUR IRS FORM W-9

This settlement payment is considered income and may be reportable to you and the IRS on Form 1099-NEC. Prior to issuing you this payment, we need you to complete the enclosed IRS Form W9. In order to properly complete this form, you must provide your full legal name, mailing address, social security number or tax identification number and signature. Prior to issuing your payment we will verify with the IRS that your full legal name matches the social security number in their records. If the Grower is a business entity, the W-9 should be completed in the name of that entity and include that entity's tax identification number. If the Grower is an individual, the W-9 should be completed in the individual's name and include the individual's social security number. **A W9 Form is included with this notice mailing. Please complete the required W9 form and return it by mail with your claim number. Alternatively, you can complete a W9 form at www.BroilerGrowersAntitrustSettlement.com. If you agree with the qualified compensation information, you can simply return the completed W9 Form with your claim number notated.**

If you received a Claim Form in the name of an entity that no longer exists, please provide dissolution paperwork and complete the W-9 in the name of the individual/entity that is eligible to receive any assets of the dissolved business. If you have a sole proprietorship or if the name printed on your Claim Form is the DBA name, please provide documentation that reflects your affiliation with the entity and complete the W-9 in the name of the individual/entity that the income is taxable to. If the Class Member is deceased, you can submit a copy of the death certificate and beneficiary documentation (e.g., a will) and complete the W-9 in the name of the estate, trust, or beneficiary that the income will be taxable to.

## STEP 6: SUBMIT YOUR CLAIM FORM

Mail this completed Claim Form, IRS Form W-9, and accompanying documentation to the address below, **postmarked by DEADLINE** or upload it to the Settlement website using the instructions on the website at www.BroilerGrowersAntitrustSettlement.com **by DEADLINE**:

In re Broiler Chicken Grower Antitrust Litigation (Pilgrim's)
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia PA 19103

If you already completed and submitted your Claim Form online and received confirmation of successful submission, or you agree with the information provided in this form and do not need to update your address, you do not need to also mail this Claim Form. If you only need to submit your IRS Form W-9, please print your Claim Number at the top of the form before mailing to the address listed above.

QUESTIONS?  CALL 1-833-907-3700 TOLL FREE OR VISIT WWW.BROILERGROWERSANTITRUSTSETTLEMENT.COM

Exhibit E

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

## BROILER CHICKEN GROWER UNPOPULATED CLAIM FORM

Unless you received a Pre-Populated Claim Form, you must fill out, complete, and submit this Claim Form if you believe you are a member of the Settlement Class in this action and want to be eligible to share the Settlement with Pilgrim's Pride Corporation ("Pilgrim's"). The Settlement Class includes: "All individuals and entities in the United States and its territories that were compensated for Broiler[1] Grow-Out Services[2] by a Defendant or Co-Conspirator, or by a division, subsidiary, predecessor, or affiliate of a Defendant or Co-Conspirator, at any time during the period of January 27, 2013, through December 31, 2019 (the "Class Period"). Of note, you do not need to have provided Broiler Grow-Out Services for Pilgrim's to receive a payment from the Pilgrim's Settlement Fund, you need only have provided Broiler Grow-Out Services for any Defendant or Alleged Co-Conspirator.

**Unless you received a Pre-Populated Claim Form, you must complete this Claim Form and mail it to the address listed at the top of this form (postmarked by DEADLINE) or submit it through the settlement website www.BroilerGrowersAntitrustSettlement.com by DEADLINE to be eligible to receive a payment from the Pilgrim's Settlement Fund. If you exclude yourself from the Pilgrim's Settlement, you will not be able to receive a payment from the Settlement, regardless of whether you submit this Claim Form.**

**Note, all information contained on this form and that you provide for this form will be maintained confidentially and will not be made available publicly or to any Defendant or Alleged Co-Conspirator. Only Settlement Class Counsel, the Court, and the Settlement Administrator will have access to any information you provide, including your identity, unless you object to or exclude yourself from the Settlement, in which case your identity will be publicly available.**

---

[1] "Broilers" excludes specialty chicken that is grown, processed, and sold according to halal, kosher, free range, pasture-raised, or organic standards. Specialty chicken does not include chicken raised without antibiotics, such as No Antibiotics Ever ("NAE") or Antibiotic Free ("ABF") standards. "Broilers" as used herein includes NAE and ABF chicken. *See* Settlement Agreements § 1.d.

[2] "Broiler Grow-Out Services" means Broiler chicken growing services.

**COMPLETE YOUR CLAIMANT INFORMATION**

| COMPLETE YOUR CLAIMANT INFORMATION | | | |
|---|---|---|---|
| CONTACT NAME: | First | M.I. | Last |
| COMPANY NAME (IF APPLICABLE): | Company Name | | |
| CURRENT MAILING ADDRESS: | Address 1 | | |
| | Address 2 | | |
| | City | | |
| | State/Province | | |
| | Postal Code | Country | |
| CONTACT TELEPHONE: | \|__\|__\|__\|__\| - \|__\|__\|__\| - \|__\|__\|__\|__\| | | |
| CONTACT EMAIL ADDRESS (IF ANY): | | | |

The total *pro rata* payment amount you receive will be calculated based on qualifying compensation you received from any Defendant or Alleged Co-Conspirator for Broiler Grow-Out Services between January 27, 2013 and December 31, 2019. You have two options available to you to substantiate your qualifying payments.

**OPTION ONE: COMPLETE YOUR CLAIMANT INFORMATION AND PROVIDE SUPPORTING DOCUMENTATION**

Option One: You can provide the total amounts you were paid by any Defendant or Co-Conspirator for the provision of Broiler Grow-Out Services in the following chart and you must provide supporting documentation of those amounts, such as settlement sheets for the Broiler flocks you raised or yearend accounting statements provided to you by your Integrator. Defendants and Alleged Co-Conspirators include:

- Amick Farms, Inc.
- Case Foods
- Claxton Poultry Farms
- Fieldale Farms Corp.
- Foster Farms
- George's, Inc.
- Harrison Poultry, Inc.
- House of Raeford Farms
- Keystone Foods
- Koch Foods, Inc.
- Mar-Jac Poultry, Inc.
- Marshall Durbin Companies
- Mountaire Farms
- Norman W. Fries, Inc.
- O.K. Industries
- Peco Foods, Inc.
- Perdue Foods, LLC
- Pilgrim's Pride Corporation
- Sanderson Farms, Inc.
- Simmons Foods
- Tyson Foods, Inc.
- Wayne Farms

For purposes of determining a Settlement payment, the amount you were compensated includes all monetary remuneration provided to you for the provision of Broiler Grow-Out Services, inclusive of all surcharges, allowances, and incentive payments, and any other components of Grower compensation.

| Year | Total Compensation for Broiler Grow-Out Services |
|------|--------------------------------------------------|
| 2013*<br>(*beginning January 27) | $ |
| 2014 | $ |
| 2015 | $ |
| 2016 | $ |
| 2017 | $ |
| 2018 | $ |
| 2019 | $ |

The Settlement Administrator will review the compensation information you have provided. If validated by the Settlement Administrator, your *pro rata* award from the Settlement fund will be calculated based on the total compensation information you provide.

## OPTION TWO: PROVIDE INFORMATION FOR THE SETTLEMENT ADMINISTRATOR TO ESTIMATE YOUR PAYMENTS OVER THE CLASS PERIOD

Option Two: If you do not know what the total amount you were paid is and/or you do not have supporting documentation of those amounts such as settlement sheets for the Broiler flocks you raised, the Settlement Administrator can generate an estimate of your claim amount based on available data.

If you provide (1) the name of the Defendant(s) or Alleged Co-Conspirator(s) for which you grew broilers, (2) the years in which you provided those services, (3) the number of farms you operated, and (4) the number of flocks you grew in a given year *if* you performed Broiler Grow-Out Services for a partial year (e.g., half a year), then if your claim is validated by the Settlement Administrator, your *pro rata* payment will calculated based on available industry data.

| Year | Defendant or Co-Conspirator to which you provided Broiler Grow-out Services | Number of Farms You Operated[3] | Number of Flocks[4] |
|------|----------------------------------------------------------------------------|--------------------------------|---------------------|
| 2013*<br>(*beginning on January 27) | | | |
| 2014 | | | |
| 2015 | | | |
| 2016 | | | |
| 2017 | | | |
| 2018 | | | |
| 2019 | | | |
| Total | | | |

---

[3] Note, the Number of Farms you Operated column is *not* asking for the number of chicken houses on your farms, but instead whether you operated separate and distinct farming operations at distinct locations, and if so, how many. If you only operated one farm, simply answer "1."

[4] You *only* need to populate the Number of Flocks Column if you performed Broiler Grow Out Services for a partial year, for example, if you started with your Integrator or stopped with your Integrator mid-year.

## COMPLETE YOUR ATTESTATION

By signing below, I/we certify that (1) the above and foregoing information is true and correct; (2) I warrant that I am the Broiler chicken grower entity Settlement Class member(s) or am an owner, officer or director employed by the Broiler chicken grower entity Settlement Class member(s); (3) I agree to submit additional information, if requested, in order for the Settlement Administrator to process my claim.

Signature: _____ Date: _____

Printed Full Name (First, Middle, and Last): _____

Title: _____

## COMPLETE YOUR IRS FORM W-9

This settlement payment is considered income and may be reportable to you and the IRS on Form 1099-NEC. Prior to issuing you this payment, we need you to complete an IRS Form W9. You may download a W9 from the settlement website www.BroilerGrowersAntitrustSettlement.com. In order to properly complete this form, you must provide your full legal name, mailing address, social security number or tax identification number and signature. Prior to issuing your payment we will verify with the IRS that your full legal name matches the social security number in their records. If the Grower is a business entity, the W-9 should be completed in the name of that entity and include that entity's tax identification number. If the Grower is an individual, the W-9 should be completed in the individual's name and include the individual's social security number. **A W9 Form is included with this claim form. Please complete the required W9 form and return it by mail with your claim form. Alternatively, you can complete a W9 form when submitting your claim form online at www.BroilerGrowersAntitrustSettlement.com.**

## SUBMIT YOUR CLAIM FORM

Mail this completed Claim Form, IRS Form W-9, and accompanying documentation to the address below, **postmarked by DEADLINE** or upload it to the Settlement website using the instructions on the website at www.BroilerGrowersAntitrustSettlement.com by **DEADLINE**:

In re Broiler Chicken Grower Antitrust Litigation (Pilgrim's)
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia PA 19103