IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO. II)** | MDL No. 6:20-2977-RJS-CMR<br><br>Hon. Chief Judge Robert J. Shelby<br><br>Hon. Cecilia M. Romero |

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF THE SANDERSON SETTLEMENT FUND AND FOR A SECOND DISTRIBUTION OF THE TYSON AND PERDUE SETTLEMENT FUNDS**

## I. INTRODUCTION

Plaintiffs,[1] on their own behalf and on behalf of the certified settlement class for the settlement with Sanderson[2] ("Sanderson Settlement" and "Sanderson Settlement Class") and the certified settlement classes for the settlements with Tyson[3] and Perdue[4] ("Tyson and Perdue Settlements" and "Tyson and Perdue Settlement Classes"), hereby move for (i) an Order authorizing the distribution of the Sanderson settlement fund net of attorneys' fees and costs

---

[1] The court appointed Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, and Mitchell Mason as representatives for the Tyson and Perdue Settlement Classes. ECF No. 144 ¶ 9; ECF No. 145 ¶ 9. Melissa Weaver's claims have since been dismissed. ECF No. 395. The court appointed Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, Melissa Weaver, Marc McEntire, Karen McEntire, and Mitchell Mason as representatives for the Sanderson Settlement Class. ECF No. 482 ¶ 9. Unless otherwise specified, all docket citations are to the MDL docket: No. 6:20-md-2977 (E.D. Okla.).

[2] Sanderson means, collectively, Sanderson Farms, Inc., Sanderson Farms, Inc. (Food Division), Sanderson Farms, Inc. (Processing Division), Sanderson Farms, Inc. (Production Division), and any and all past, present, and future parents, owners, subsidiaries, divisions, and/or departments, including but not limited to Sanderson Farms, LLC, Sanderson Farms, LLC (Food Division), Sanderson Farms, LLC (Processing Division), Sanderson Farms, LLC (Production Division), and Wayne Farms, LLC.

[3] Tyson means, collectively, Tyson Foods Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc, and all of their predecessors, successors, assigns, affiliates (including without limitation any affiliates who are alleged co-conspirators), and any and all past, present, and future parents, owners, subsidiaries, divisions, and/or departments.

[4] Perdue means Perdue Foods, LLC, and all of its predecessors, successors, assigns, affiliates (including without limitation any affiliates who are alleged co-conspirators), and any and all past, present, and future parents, owners, subsidiaries, divisions, and/or departments.

("Sanderson Net Settlement Fund") to the members of the Sanderson Settlement Class (ii) an Order authorizing disbursement of additional funds of up to $225,000 for notice and administration costs of the Sanderson Settlement, and (iii) an Order authorizing a second distribution of the remaining Tyson and Perdue settlement funds ("Tyson and Perdue Second Distribution Net Settlement Funds") to the respective members of the Tyson and Perdue Settlement Classes that cashed their payments from the initial distribution.[5]

## II.   FACTUAL BACKGROUND AND ARGUMENT

Certain Plaintiffs filed the original action in this MDL on January 27, 2017. ECF No. 402-1 ¶ 7. Following centralization of various related actions by the Judicial Panel on Multidistrict Litigation, Plaintiffs filed their Consolidated Amended Class Action Complaint alleging Defendants and seventeen Co-Conspirators—the largest vertically integrated Broiler processors ("Integrators") among them—conspired to suppress compensation paid to Broiler farmers ("Growers") in violation of Section 1 of the Sherman Act and Section 202 of the Packers and Stockyards Act. *See, e.g.*, *id.* ¶¶ 8-12; *see also* Consol. Class Action Compl. ¶¶ 166-179 (ECF No. 59).

### A.   SANDERSON DISTRIBUTION

Over approximately six years, Plaintiffs vigorously prosecuted their claims, ECF No. 517-1 ¶¶ 13-30, 36-60, 133-134, culminating in a $17.75 million settlement with Sanderson on February 28, 2023, ECF No. 435-1 ¶¶ 20-21. On April 17, 2023, the Sanderson Settlement was preliminarily approved, and the Sanderson Settlement Class was certified. ECF No. 482. On November 1, 2023, the Sanderson Settlement was finally approved, including the proposed *pro rata* method of allocating the Sanderson Net Settlement Fund, and final judgment pursuant to Rule 54(b) was granted. ECF No. 565. The claims process followed.

The deadline to submit claim forms was December 13, 2023. ECF No. 483 ¶ 5. Pursuant to the claims program, class members that received a pre-populated claim form (some 99% of the

---

[5] Plaintiffs are not currently moving for a second distribution of the remaining Koch settlement fund because, due to additional work required to verify the TIN numbers of the class members who will receive initial payments from the settlement fund, check payments are currently still being issued as part of the initial distribution. Only after those checks have either been cashed or their expiration period has run, can Plaintiffs determine which class members cashed their initial payments and are therefore eligible for a second distribution. Plaintiffs expect to be moving for a second distribution of the remaining Koch settlement fund in November or December this year.

Settlement Class) did not need to take any action, unless they wanted to supplement or correct information on their form. Class members for which Plaintiffs did not possess sufficient data at the time of notice to pre-populate a claim form had to submit a populated claim form. ECF No. 435-1 ¶ 22.

Angeion Group ("Angeion"), the Court-appointed claims administrator, received, reviewed, and processed 2,160 submissions seeking to supplement or correct information on their pre-populated claim form, and 570,533 submissions pertaining to claimants that did not receive a pre-populated claim form. Declaration of Denise Earle Regarding Claims Administration for Broiler Chicken Grower Koch Settlement ("Earle Decl.") ¶ 4, attached hereto at Exhibit 1. The vast majority of these submissions were found to be fraudulent by Angeion. *See id.* ¶ 10 (describing how "570,745 claims were removed from further review and processing"). Angeion reviewed all submissions "for completeness and validity" to identify submissions that were valid or "deficient due to a failure to provide required information," such as (for unpopulated claim forms or disputes concerning pre-populated claim forms) the failure to provide compensation information, or to support a claimed amount of compensation with documentation. *Id.* ¶ 6. When evaluating supporting documentation of Grower compensation amounts, Angeion used the higher of (a) the amount submitted by and documented by the claimant and (b) the amount attributable to the claimant in the structured data—put another way, if a claimant provided valid documentation only for a portion of their claimed amount, but the data justified a higher amount, Angeion used the higher amount reflected in the structured data productions. *Id.* ¶ 9.

After review, 570,745 submissions were ultimately rejected or no further action was necessary because (a) they did not supply documents to prove they were members of the Settlement Class; (b) they did not have qualifying transactions that could be located in Defendants' data and did not submit sufficient documentation to determine their claimed compensation amounts; (c) they were submitted after the claims deadline; (d) they were withdrawn; or (e) the provided documents directly related to a pre-populated Claim Form or another Claim record that contained the same (or higher) compensation amounts than their disputed compensation amount, such that the additional Claim Form submission was unnecessary and the class member's payment was calculated using the higher figure. Earle Decl. ¶ 10. In addition, two claims were identified as duplicative and were also removed. *Id.* Angeion

then further removed 14 submissions associated with the 11 entities that opted out of the Settlement Class. *Id.* ¶ 11. All told, following Angeion's review, there are 23,750 members of the Settlement Class that have valid, eligible claims. *Id.* ¶ 12.

After deducting fees and tax payments, there is presently $10,853,150.97 to be distributed to eligible members of the Settlement Class. Earle Decl. ¶¶ 14, 16. Those figures exclude a reduction for (i) Court-approved attorneys' fees and costs, (ii) claims administration costs (incurred and as expected to completion through initial distribution, *see* Section B below), (iii) tax payments, and (iv) a reserve for a secondary distribution in the amount of $50,000—but include interest earned in escrow. *Id.* ¶¶ 14-16.

These amounts will be distributed to the 23,750 eligible claimants *pro rata* based upon their eligible Grower compensation and pursuant to the Court-approved plan of allocation. Earle Decl. ¶¶ 12-13, Ex. A. The average amount of compensation across those 23,750 eligible claimants is $456.97. *Id.* ¶ 17. There are 4,460 claimants who will receive $100.00 or less; 10,667 who will receive between $100.01 - $500.00; 6,465 who will receive between $500.01 - $1,000.00; 1,921 who will receive between $1,000.01 - $2,000.00; 185 who will receive between $2,000.01 - $3,000.00; and 52 claimants who will receive an amount greater than $3,000.[6] *Id.*

The final distribution amounts calculated by Angeion are reflected in Exhibit A to the Earle Declaration, identifying the claimants publicly only by their unique claimant ID number rather than by name. Plaintiffs respectfully request that the Court order the distribution of the Sanderson Net Settlement Fund to eligible claimants as set forth in Exhibit A to the Earle Declaration submitted concurrently herewith.

### B.    SANDERSON CLAIMS ADMINISTRATION COSTS

The Court authorized Plaintiffs to pay up to $250,000 for notice and claims administration costs from the Sanderson settlement fund and ordered that "[i]f the actual costs of disseminating notice and administering the Settlement exceed $250,000, Plaintiffs shall file a

---

[6] The fact that some class members are receiving comparatively more or less in payments is driven by the length of time they were class members. For example, those receiving $100 or less have Final Compensation amounts indicating they likely raised approximately one flock of Broilers during the entire Class Period, and so were allegedly underpaid for comparatively fewer Broiler flocks and would have lower damages. Those receiving comparatively more have Final Compensation amounts indicating they likely raised more flocks during the Class Period, sometimes across multiple farming operations, and so were allegedly underpaid for comparatively more Broiler flocks and would have higher damages. Earle Decl. ¶ 17 n.2.

4

motion requesting Court approval for the disbursement of additional funds for notice and administration costs." ECF No. 483 ¶ 4.

Due to widespread fraudulent claim submissions, the costs of administering the Sanderson Settlement were much higher than anticipated. *See* Earle Decl. ¶ 15, n.2. Plaintiffs negotiated a favorable rate with Angeion to avoid burdening as much as possible the Sanderson Settlement Class with the costs resulting from the widespread fraud – saving the Sanderson Settlement Class over $400,000. *Id.* Despite the lower rate negotiated by Plaintiffs, the costs of administering the fraudulent claims have still pushed the notice and claims administration invoices beyond the $250,000 authorized by the Court. *See id.* ¶ 15 (describing incurred and expected costs through initial distribution). Plaintiffs therefore request that the Court authorize disbursement of additional funds of up to $225,000 for notice and administration costs of the Sanderson Settlement, which would be able to cover a second distribution as well. *See id.*

### C.  TYSON AND PERDUE SECOND DISTRIBUTION

Over five years, Plaintiffs have vigorously prosecuted their claims, ECF No. 214-1 ¶¶ 11-29, 35-59, 97-98, culminating in a $21 million settlement with Tyson on June 30, 2021, ECF No. 111-1 ¶¶ 13-14, and a $14.75 million settlement with Perdue on August 11, 2021, ECF No. 133-1 ¶¶ 12-15. The Tyson and Perdue Settlement Classes were each certified and preliminarily approved on October 23, 2021, ECF Nos. 144-145, they each were finally approved, including the proposed *pro rata* method of allocating the Net Settlement Funds, on February 18, 2022, ECF No. 285, and final judgment pursuant to Rule 54(b) was granted on April 1, 2022, ECF No. 308. After completion of the claims process, on November 16, 2022, the Court ordered the distribution of the Tyson and Perdue net settlement funds. ECF No. 422.

Accordingly, on November 21, 2022, Angeion mailed checks to the 23,124 eligible claimants, totaling $20,975,131.91. Earle Decl. ¶ 21. In addition, based on further research and class member correspondence, it was determined that four additional distribution payments needed to be issued, totaling $6,223.39. *Id.* ¶ 22. Of these 23,128 payments, 18,411 payments were cashed and 4,717 were not (yet) cashed. *Id.* ¶ 24. Of the uncashed payments, nine were recently issued and are expected to cash: five reissues of payments issued on November 21, 2022 and the four additional distribution payments. *Id.*

Class members are considered eligible for a second distribution when they cashed their initial distribution payments. Per the above, 18,411 payments were cashed. *Id.* ¶¶ 24–25. In

addition, because Angeion has been in recent contact with the payees of the recently issued nine payments and expects them to cash in the near future, those are considered cashed for these purposes as well. *Id.* Finally, during review for a second distribution, it was determined that one class member received a duplicative payment in the initial distribution (which was cashed), and this duplicative record will not be eligible for a second distribution. *Id.* ¶ 25. Accordingly, 18,419 class members are eligible for a second distribution. *Id.*

The remaining funds in the Tyson and Perdue distribution account total $3,172,741.62, of which $1,863,189.67 is related to the Tyson settlement and $1,309,551.95 to the Perdue settlement. *Id.* ¶¶ 26–28. These remaining funds consist of the respective uncashed checks, the respective shares of the undistributed rounding variance and reserve, minus the respective shares of the four additional distribution payments and unforeseen administrative expenses not taken into account in the initial calculation of the net settlement funds. *Id.*

Of these remaining funds, $1,827,849.16 is available from the Tyson settlement and $1,284,951.89 is available from the Perdue settlement to distribute second payment awards to the 18,419 eligible class members (for a total of $3,112,801.05) (the "Tyson and Perdue Second Distribution Net Settlement Funds"). *Id.* ¶¶ 29–30. These are calculated by taking the remaining funds and deducting (i) the relative shares of the estimated administrative fees and expenses necessary to facilitate a second distribution and (ii) the Tyson and Perdue payments made in the recently issued nine payments, which are expected to be cashed. *Id.*

These amounts will be distributed to the 18,419 eligible claimants *pro rata* based upon their eligible Grower compensation and pursuant to the Court-approved plan of allocation. Earle Decl. ¶¶ 25, 31, Ex. B. The average amount of compensation across those 18,419 eligible claimants is $169.00. *Id.* ¶ 32. There are 7,219 claimants who will receive $100.00 or less; 10,563 who will receive between $100.01 - $500.00; 580 who will receive between $500.01 - $1,000.00; 54 who will receive between $1,000.01 - $2,000.00; two who will receive between $2,000.01 - $3,000.00; and one claimant who will receive an amount greater than $3,000.[7] *Id.*

The final second distribution amounts calculated by Angeion are reflected in Exhibit B to the Earle Declaration, identifying the claimants publicly only by their unique claimant ID number rather than by name. Plaintiffs respectfully request that the Court order the distribution

---

[7] *See* n.6, above.

of the Tyson and Perdue Second Distribution Net Settlement Funds to eligible claimants as set forth in Exhibit B to the Earle Declaration submitted concurrently herewith.

For the Court's information, Exhibit C to the Earle Declaration includes the total amounts of compensation to be received from the settlements with Tyson, Perdue, Koch, and Sanderson by the 18,419 class members eligible for a second distribution of the Tyson and Perdue settlements—combining for those class members all (proposed) initial and second distributions thus far from these four settlements. Earle Decl. ¶¶ 35-36, Ex. C. The average amount of total compensation across those claimants is $2,030.83. *Id.* ¶ 36. In total, there are 913 claimants who will receive $100.00 or less; 2,510 who will receive between $100.01 - $500.00; 2,650 who will receive between $500.01 - $1,000.00; 4,766 who will receive between $1,000.01 - $2,000.00; 3,615 who will receive between $2,000.01 - $3,000.00; 2,855 claimants who will receive between $3,000.01 - $5,000.00; 1,002 who will receive between $5,000.001 - $10,000.00; and 108 claimants who will receive an amount greater than $10,000. *Id.*

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and (i) the Sanderson Net Settlement Fund should be distributed as set forth herein, (ii) Plaintiffs should be authorized to disburse additional funds of up to $225,000 for notice and administration costs of the Sanderson Settlement, and (iii) the Tyson and Perdue Second Distribution Net Settlement Funds should be distributed as set forth herein.

Dated: August 16, 2024

Respectfully submitted,

/s/ *Samantha S. Derksen*
Samantha S. Derksen*
Michael D. Hausfeld*
James J. Pizzirusso*
Melinda R. Coolidge*
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
sderksen@hausfeld.com
mhausfeld@hausfeld.com
jpizzirusso@hausfeld.com
mcoolidge@hausfeld.com

Gary I. Smith, Jr.*
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 633-4980
gsmith@hausfeld.com

Kyle G. Bates*
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
Telephone: (415) 744-1966
Facsimile: (212) 202-4322
kbates@hausfeld.com

Eric L. Cramer*
Ellen T. Noteware*
Patrick F. Madden*
Michaela L. Wallin*
David Langer*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
pmadden@bm.net
dlanger@bm.net
enoteware@bm.net
mwallin@bm.net

Daniel J. Walker*
**BERGER MONTAGUE PC**
1001 G Street, NW
Suite 400 East
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

M. David Riggs
Donald M. Bingham

8

Kristopher Koepsel
**RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS**
502 West Sixth Street
Tulsa, OK 74119
Telephone: (918) 699-8914
Facsimile: (918) 587-9708
driggs@riggsabney.com
don_bingham@riggsabney.com
kkoepsel@riggsabney.com

William A. Edmondson (OBA No. 2628)
**RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS**
528 N.W. 12th Street
Oklahoma City, OK 73103
Telephone: (405) 843-9909
Facsimile: (405) 842-2913
dedmondson@riggsabney.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

Larry D. Lahman (OBA No. 5166)
Roger L. Ediger (OBA 19449)
**MITCHELL DECLERK, PLLC**
202 West Broadway Avenue
Enid, OK 73701
Telephone: (580) 234-5144
Facsimile: (580) 234-8890
ldl@mdpllc.com
rle@mdpllc.com

Warren T. Burns*
**BURNS CHAREST, LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

Gregory L. Davis*
**DAVIS & TALIAFERRO, LLC**
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: (334) 832-9080
Facsimile: (334) 409-7001
gldavis@gregdavislaw.com

9

Charles D. Gabriel*
**CHALMERS & ADAMS LLC**
North Fulton Satellite Office
5755 North Point Parkway, Suite 251
Alpharetta, GA 30022
Telephone: (678) 735-5903
Facsimile: (678) 735-5905
cdgabriel@cpblawgroup.com

Larry S. McDevitt*
David M. Wilkerson*
**VAN WINKLE LAW FIRM**
11 North Market Street
Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 257-2767
lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com

Harlan Hentges (OBA No. 17911)
**HENTGES & ASSOCIATES, PLLC**
102 East Thatcher Street
Edmond, OK 73034
Telephone: (405) 340-6554
Facsimile: (405) 340-6562
harlan@organiclawyers.com

John C. Whitfield*
**WHITFIELD COLEMAN MONTOYA, PLLC (TN)**
518 Monroe Street
Nashville, TN 37208
Telephone: (615) 921-6500
Facsimile: (615) 921-6501
jwhitfield@wcbfirm.com

J. Dudley Butler*
**BUTLER FARM & RANCH LAW GROUP, PLLC**
499-A Breakwater Drive
Benton, MS 39039
Telephone: (662) 673-0091
Facsimile: (662) 673-0091
jdb@farmandranchlaw.com

Daniel M. Cohen*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave., NW Suite 200
Washington, DC 20016

10

Telephone: (202)789-3960
Facsimile: (202)789-1813
Danielc@cuneolaw.com

Leah M. Nicholls*
**PUBLIC JUSTICE, PC**
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5245
Facsimile: (202) 232-7203
lnicholls@publicjustice.net

Kellie Lerner*
Meegan F. Hollywood*
Benjamin Steinberg*
**ROBINS KAPLAN, LLP**
1325 Avenue of the Americas, Suite 2601
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
KLerner@RobinsKaplan.com
MHollywood@RobinsKaplan.com
BSteinberg@RobinsKaplan.com

M. Stephen Dampier*
**DAMPIER LAW FIRM**
55 North Section Street
P.O. Box 161
Fairhope, AL 36532
Telephone: (251) 929-0900
Facsimile: (251) 929-0800
stevedampier@dampierlaw.com

Michael L. Silverman*
**ROACH LANGSTON BRUNO LLP**
205 North Michigan Avenue, Suite 810
Chicago, IL 60601
Telephone: (773) 969-6160
msilverman@rlbfirm.com

Grant L. Davis*
Thomas C. Jones*
Timothy Gaarder*
Thomas E. Ruzicka, Jr.*
**DAVIS BETHUNE & JONES, LLC**
1100 Main Street, Suite 2930
Kansas City, MO 64105

11

Telephone: (816) 421-1600
gdavis@dbjlaw.net
tgaarder@dbjlaw.net
tjones@dbjlaw.net
truzicka@dbjlaw.net

Robert Bonsignore, Esq.*
**BONSIGNORE, TRIAL LAWYERS, PLLC**
23 Forest Street
Medford, MA 02155
Telephone: (781) 350-0000
rbonsignore@class-actions.us

*Additional Class Counsel for Plaintiffs and the Proposed Class*

* admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically transmitted a true and correct copy of the foregoing document to the Clerk of Court for filing using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Samantha S. Derksen*
Samantha S. Derksen
