# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)** | MDL No. 6:20-md-2977-RJS-CMR<br><br>Hon. Chief Judge Robert J. Shelby<br><br>Hon. Cecilia M. Romero |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT WITH PILGRIM'S, CERTIFYING THE SETTLEMENT CLASS FOR
PURPOSES OF SETTLEMENT, AND APPOINTING SETTLEMENT CLASS COUNSEL**

WHEREAS, Plaintiffs[1] and Pilgrim's[2] (together, the "Settling Parties") have entered into and executed a Settlement Agreement (the "Settlement") in this Action which, if finally approved by the Court, will result in the dismissal of all claims against Pilgrim's with prejudice;

WHEREAS, in full and final settlement of the claims asserted against it in this Action, Pilgrim's has agreed to pay an amount of $100 million (the "Settlement Amount") and not include or enforce provisions in its contracts with members of the Settlement Class that would either mandate arbitration or bar initiation or participation in a class action for five years;

WHEREAS, Plaintiffs, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement, which sets forth the terms and conditions of the settlement of the Action against Pilgrim's and for dismissal of the Action against Pilgrim's with prejudice upon the terms and conditions set forth in the Settlement;

WHEREAS, Plaintiffs have sought, and Pilgrim's has agreed not to object to, the certification of the Settlement Class (as defined below);

WHEREAS, the Settlement Class meets the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the predominance requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure, and therefore, solely for settlement purposes, the Settlement Class should be certified;

WHEREAS, Class Counsel[3] have requested that they be appointed as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

WHEREAS, Pilgrim's does not oppose entry of this Preliminary Approval Order (the "Order");

WHEREAS, Pilgrim's does not waive any rights, arguments, or defenses by not opposing the entry of this Order;

---

[1] Plaintiffs include Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles B. Weaver, Marc McEntire, Karen McEntire, Mitchell Mason, and Anna Mason.  Anna Mason is an individual plaintiff in a case that is part of this multi-district litigation and is not a proposed class representative.

[2] "Pilgrim's" means Pilgrim's Pride Corporation.

[3] "Class Counsel" are Hausfeld LLP and Berger Montague PC.

1

WHEREAS, Pilgrim's has denied and continues to deny all allegations of wrongdoing made in the Action;

WHEREAS, the Court has considered the Settlement and other documents submitted in connection with Plaintiffs' Motion and Memorandum of Law in Support of Motion for Preliminary Approval of Settlement with Pilgrim's and for Certification of the Settlement Class;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF THE SETTLEMENT

2. Upon review of the record, the Court finds that the Settlement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing. The Court finds that it has been provided with sufficient information to show that the Settlement and the Settlement Class satisfy the requirements of Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure so that an appropriate notice of the Settlement should be given.

3. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to comply with the terms of the Settlement. Pending final determination of whether the Settlement should be approved, each Plaintiff and each Settlement Class member, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim (as defined in the Settlement §§ 1(s), 13-16) against any of the PPC Released Parties (*see id.* § 1.q.), and agrees and covenants not to sue any of the PPC Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

## II. CERTIFICATION OF THE SETTLEMENT CLASS

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Court certifies, for purposes of effectuating the Settlement, the following "Settlement Class":

All individuals and entities in the United States and its territories that were compensated for Broiler Grow-Out Services by a Defendant or Co-Conspirator, or by a division, subsidiary, predecessor, or Affiliate of a Defendant or Co-Conspirator, at any time during the period of January 27, 2013 through December 31, 2019.

5. As defined in the Settlement, "Broiler Grow-Out Services" means Broiler chicken growing services. (*Id.* § 1.d.)

6. As defined in the Settlement, "Co-Conspirator" means Agri Stats, Inc., Foster Farms, Mountaire Farms, Wayne Farms, George's, Inc., Peco Foods, Inc., House of Raeford Farms, Simmons Foods, Keystone Foods, Inc., Fieldale Farms Corp., O.K. Industries, Case Foods, Marshall Durbin Companies, Amick Farms, Inc., Mar-Jac Poultry, Inc., Harrison Poultry, Inc., Claxton Poultry Farms, and Norman W. Fries, Inc., including each of their past, present, and future, direct and indirect, corporate parents (including holding companies), owners, subsidiaries, related entities, Affiliates, divisions, and/or departments, joint ventures, predecessors, and/or successors. (*Id.* § 1.g.)

7. The Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied.

8. All members of the Settlement Class who do not request to be excluded shall be bound by all determinations and judgments in the Action concerning the Settlement.

### III. CLASS COUNSEL AND CLASS REPRESENTATIVES

9. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Class Counsel Hausfeld LLP and Berger Montague PC are hereby designated as Settlement Class Counsel for the Settlement Class.

10. Plaintiffs will serve as class representatives on behalf of the Settlement Class.

### IV. ESCROW AGENT

11. The Court approves the designation of Huntington National Bank as the Escrow Agent. Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth in the Settlement.

12. The Court approves the establishment of an escrow account under the Settlement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B, 26 U.S.C. § 468B, and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

13. The funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement and further order(s) of the Court.

14. In the event that the Court does not approve the Settlement in all material respects or grant final approval, the Settlement Amount, plus any accrued interest, shall be returned in its entirety to Pilgrim's (including any accrued interest thereon), less any taxes due and expenditures made for notice and administrative costs permitted under the Settlement.

SO ORDERED this 20th day of August 2024.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge
