IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II) | MDL No. 6:20-md-2977-RJS-CMR<br><br>Hon. Chief Judge Robert J. Shelby<br><br>Hon. Cecilia M. Romero |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT PILGRIM'S PRIDE CORP.**

WHEREAS, an action is pending before this Court styled *In re: Broiler Chicken Grower Antitrust Litigation (No. II)*, MDL No. 6:20-md-02977-RJS-CMR (the "Action");[1]

WHEREAS Plaintiffs[2] have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order (a) granting final approval to the settlement with Defendant Pilgrim's[3] (the "Settlement"); (b) granting final approval to the plan of distribution; and (c) finding that the class notice program comports with Rule 23 and due process and was effectuated in accordance with the Court-approved notice plan.

WHEREAS, the Court has considered the Settlement and other documents submitted in connection with Plaintiffs' Motion and Memorandum of Law in Support of Motion for Final Approval of Settlement with Pilgrim's, and good cause appearing therefore, hereby finds that the motion should be GRANTED as to the Settlement;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Court has subject matter jurisdiction over this Action and personal jurisdiction over the parties to the Settlement, including all members of the Settlement Class and Pilgrim's.

2. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement or the Court's August 20, 2024 Order preliminarily approving the Pilgrim's Settlement (ECF No. 617), unless otherwise noted.

**I.     FINAL APPROVAL OF THE SETTLEMENT**

3. Upon review of the record, including the Order preliminarily approving the Settlement and the submissions in support of its preliminary and final approval, the Court finds that the Settlement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement on the basis that it is, in all respects, fair,

---

[1] Action includes the member cases *Haff Poultry, Inc., et al. v. Tyson Foods, Inc., et al.*, No. 6:17-cv-33 (E.D. Okla.); *In re Sanderson & Koch Broiler Chicken Grower Litig.*, No. 7:18-cv-31 (E.D.N.C.); *McEntire v. Tyson Foods, Inc., et al.*, No. 1:20-cv-2764 (D. Colo.); *Colvin v. Tyson Foods, Inc., et al.*, 2:20-cv-2464 (D. Kan.); and *Mason v. Tyson Foods, Inc., et al.*, 5:20-cv-07049 (N.D. Cal.).

[2] Plaintiffs include Haff Poultry, Inc., Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, Marc McEntire, Karen McEntire, Mitchell Mason, and Anna Mason. Anna Mason is an individual plaintiff in the cases compromising this multi-district litigation and is not a proposed class representative.

[3] "Pilgrim's" means Defendant Pilgrim's Pride Corporation.

reasonable, and adequate as to, and in the best interests of, all members of the Settlement Class, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23; the Court directs the Settlement's consummation according to its terms. In reaching this conclusion, the Court has considered the factors set forth in *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 997 F.3d 1077, 1087 (10th Cir. 2021) and Rule 23(e)(2)(C). Moreover, the Court concludes as follows:

  a.  Settlement Class Counsel[4] and the class representatives have adequately represented the Settlement Class;

  b.  The Settlement was negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations undertaken in good faith;

  c.  The relief obtained for the Settlement Class is adequate and the method for distributing the common fund to members of the Settlement Class is equitable;

  d.  No valid objection to the Settlement has been filed;

  e.  The Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the uncertain possibility of future relief after protracted and expensive litigation; and

  f.  Settlement Class Counsel's judgment that the Settlement is fair and reasonable, and the reaction to the Settlement by the members of the Settlement Class, are entitled to great weight.

## II. **FINAL APPROVAL OF THE PLAN OF DISTRIBUTION**

5. Upon review of the record, the Court finds that a *pro rata* distribution of the common fund, net of Court-approved attorneys' fees, litigation expenses, and service awards (the "Net Settlement Fund"), has a reasonable, rational basis and is fair and adequate. Therefore, the proposed *pro rata* distribution is hereby finally approved.

## III. **CERTIFICATION OF THE SETTLEMENT CLASS**

---

[4] "Settlement Class Counsel" refers to Hausfeld LLP and Berger Montague PC.

6. On August 20, 2024, the Court certified the Settlement Class under Federal Rule of Civil Procedure 23(b)(3). ECF No. 617.

### IV. APPOINTMENT OF SETTLEMENT CLASS COUNSEL AND CLASS REPRESENTATIVES

7. On August 20, 2024, the Court appointed Hausfeld LLP and Berger Montague PC as Settlement Class Counsel for the Settlement Class and Plaintiffs as class representatives on behalf of the Settlement Class. ECF No. 617.

### V. FINAL APPROVAL OF CLASS NOTICE

8. On August 20, 2024, the Court found the notice plan represented the "best notice that is practicable under the circumstances," was "reasonably calculated to reach the members of the [Settlement] Class," and met "the requirements of Federal Rule of Civil Procedure 23 and due process." ECF No. 618 ¶ 3 (*see also* ECF No. 621 (amending settlement schedule)).

9. Upon review of the record, the Court now finds that the class notice program of the Settlement was effectuated in accordance with the Court approved notice plan and thus constituted due, adequate, and sufficient notice of the Settlement and was the best notice practicable under the circumstances and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. Therefore, the form and manner of dissemination of the class notice are finally approved.

### VI. SETTLEMENT ADMINISTRATOR AND ESCROW AGENT

10. On August 20, 2024, the Court appointed Angeion Group LLC as the Settlement Administrator and Huntington National Bank as the Escrow Agent. ECF Nos. 617-18.

### VII. OTHER PROVISIONS

11. Pilgrim's has provided the appropriate notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA").

12. The Court approves and directs the implementation, performance, and consummation of all the terms of the Settlement.

13. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), as reflected in

Exhibit A hereto, Pilgrim's, as well as all members of the Settlement Class, is bound by this Final Judgment and Order and by the Settlement.

14. The Court dismisses the Action, as well as all the Released Claims, against any of the PPC Released Parties by the class representatives, members of the Settlement Class, or other Releasing Parties ("Releasing Parties"), with prejudice. The parties are to bear their own costs, except as otherwise provided in the Settlement, provided that such dismissal shall not affect, in any way, the right of Plaintiffs or members of the Settlement Class to pursue claims, if any, outside the scope of the Released Claims.

15. Opt-Outs that have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, are not bound by this Final Judgment and Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.[5]

16. As set forth in the Settlement, the Releasing Parties shall, by operation of law, be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the PPC Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; shall be forever enjoined from commencing, prosecuting, or continuing in any forum any Released Claim against any of the PPC Released Parties; and agrees and covenants not to sue any of the PPC Released Parties on the basis of any Released Claims or to assist any non-party in commencing or maintaining any suit against any PPC Released Party related in any way to any Released Claims.

17. The Settlement shall not be offered or be admissible in evidence against the PPC Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of the Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlement may be filed in an action to enforce or interpret the terms of the Settlement and any other documents executed in connection with the performance of the agreements embodied therein. The PPC Released Parties may file the Settlement and/or this Final Judgment and Order in

---

[5] Growers excluded from the Settlement include: Shady Oaks Farm, Hillside Farm 1, Dale F. Beery 1, Dale Beery 1, Paul & Lois Crawford, Maple Leaf Farms, Aaron D. Borntrager, Ray Hostetler, Nelson Shirk 1, and Jeffrey Pickerill.

        any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Any order entered regarding the motion for attorneys' fees, litigation expenses, and service awards in the Action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

19. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever.

20. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) consummation, administration, and implementation of the Settlement and any award or distribution of monies under the Settlement to members of the Settlement Class; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the Plaintiffs; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlement, including as set out in Paragraph 23 of the Settlement Agreement.

21. There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court finds that this Final Judgment and Order adjudicates the claims, rights, and liabilities of the parties to the Settlement (including the members of the Settlement Class) and is final and shall be immediately appealable.

SO ORDERED this 7th day of January 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge
